THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION as Trustee for GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F *et al.*,<br><br>Defendants. | CASE NO. C18-1456-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion to compel (Dkt. No. 22). Having considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and DENIES the motion for the reasons explained herein.

## I. BACKGROUND

In 2005, Plaintiff purchased his current residence after obtaining a $1,000,000 mortgage. (*See* Dkt. Nos. 1 at 4, 24 at 4.) Six years later, the residence was damaged in a landslide. (*See* Dkt. No. 1 at 4.) Plaintiff thereafter sought to lower his monthly mortgage payment on the residence. (*See id.*) To that end, Plaintiff contacted Defendant Nationstar Mortgage LLC, his loan service provider, in 2015. (*See id.*) According to Plaintiff, Nationstar told him that he would have to default before it could assist him with modifying his loan. (*See id.*) Plaintiff subsequently

ORDER
C18-1456-JCC
PAGE - 1

defaulted around January 2016, and Nationwide initiated foreclosure. (*See id.*) Plaintiff alleges that during foreclosure mediations, Nationwide acted in bad faith and did not accurately assess Plaintiff for a loan modification. (*See id* at 4–8.) Plaintiff therefore brings claims under the Washington Consumer Protection Act, Wash. Rev. Code § 19.86, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, the Equal Credit Opportunity Act, 15 U.S.C. § 1691, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, against Nationstar; Xome, Inc., a subsidiary of Nationstar; and U.S. Bank National Association, the beneficiary of Plaintiff's mortgage and principal of Nationstar. (*See id.* at 1–3, 5–18.)

Part of Plaintiff's allegations revolves around the appraisals on which Nationwide relied during the foreclosure mediations. (*See id.* at 4–5.) Given the importance of these appraisals, Plaintiff requested that Defendants produce (1) communications between Defendants and the appraisers who performed relevant valuations of Plaintiff's property and (2) the appraisers' "work files." (*See* Dkt. No. 22 at 7.) Plaintiff now moves for an order compelling Defendants to produce those communications and files. (*See id.* at 1.)

## II. DISCUSSION

Discovery motions are strongly disfavored. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). If the parties are unable to resolve their discovery issues, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1). Any such motion must contain a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." W.D. Wash. Local Civ. R. 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." *Id*.

In his motion to compel, Plaintiff "certifies, through counsel, that in good faith he conferred or attempted to confer with [Defendants]." (Dkt. No. 22 at 7.) Plaintiff describes his

attempts to confer with Defendants as follows: Defendants provided their initial discovery response on July 3, 2019. (*See* Dkt. No. 23 at 2.) "Due to the holiday and hectic pre-trial schedules on other cases," Plaintiff did not review Defendant's response until mid-July. (*See id.*) Then, on July 30, Plaintiff emailed a letter to Defendants alerting them that he had not received the requested communications between Defendants and Defendants' appraisers. (*See* Dkt. No. 22 at 6.) One week later, on August 7, Plaintiff sent another letter alerting Defendants that he had not received the appraisers' work files. (*See id.*) Following Defendants' receipt of the second letter, the parties conferred by phone on August 7 and exchanged letters on August 14 about the two discovery issues. (*See id.*) Yet, despite these good-faith communications, Plaintiff asserts that "Defendants . . . refused to produce . . . [the] work files and any of their communications ordering those valuation reports or the responses thereto." (*See id.* at 7.)

Defendants tell a different story. While Defendants agree that they were first notified of Plaintiff's concerns on July 30, (*see* Dkt. No. 25 at 2), they disagree that they have "refused to produce" the work files and communications, (*see* Dkt. No. 24 at 7–9). According to Defendants, when the parties conferred on August 7, Plaintiff set an arbitrary deadline of August 14 for Defendants to supplement their discovery responses, at which time Plaintiff would file an already-drafted motion to compel. (*See* Dkt. No. 25 at 3.) Defendants informed Plaintiff that they had been unable to locate responsive materials but would continue to look. (*See id.*) However, Defendants could not locate the materials by August 14. Defendants therefore sent a letter to Plaintiff stating, "*At this time*, my clients have not located documents named or referenced as 'appraisal work files' for possible production." (*See* Dkt. No. 25-4 at 1) (emphasis added). The letter asked Plaintiff to hold off on filing the proposed motion to compel so that Defendants could have more time to look for the requested materials. (*See id.* at 1–2.)

Defendants retelling of events, which is confirmed by Defendants' August 14 letter, shows that Plaintiff did not satisfy Local Rule 37(a)(1)'s meet-and-confer requirement. When Plaintiff first alerted Defendants of the missing materials, Plaintiff also sent Defendants a draft of

the present motion to compel. (*See* Dkt. Nos. 22–9 at 2, 24 at 6.) Then, when Defendants could not find the materials within the short time that Plaintiff had allotted, Plaintiff filed the motion without altering it to inform the Court that Defendants were still looking for the requested materials. (*See* Dkt. No. 22 at 7.) Plaintiff's actions do not demonstrate a good-faith attempt to resolve the discovery dispute without the Court intervening; they instead evince Plaintiff's willingness to get the Court involved before the parties had reached an impasse in their discussions. *See Advanced Hair Restoration, LLC v. Hair Restoration Cntrs., LLC*, 2018 WL 828213, slip op. at 2 (W.D. Wash. 2018) (denying motion to compel because "[t]here is no evidence that the parties reached an impasse"). Until there is evidence that Defendants are unwilling to produce the requested materials—beyond the unfounded speculation in Plaintiff's reply that Defendants might be hiding documents, (*see* Dkt. No. 26 at 1–2)—a motion to compel Defendants to produce those materials is premature.[1]

## III. CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion to compel (Dkt. No. 22).

DATED this 25th day of October 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiff also filed a supplement to his motion in an attempt to show that Defendants possess and are withholding the requested materials. (*See* Dkt. No. 27 at 2.) But Plaintiff's supplemental evidence merely shows that Defendants are continuing to investigate whether they possess those materials. (*See id.*) Moreover, the evidence cannot cure Plaintiff's failure to meet with Defendants, confer in good faith, and file a motion to compel only after the parties had reached an impasse. And contrary to Plaintiff's suggestion, (*see* Dkt. No. 29 at 2), there are benefits to enforcing Local Rule 37(a)(1)'s requirement even after new evidence comes to light: the requirement ensures that the Court gets involved in discovery disputes if—and only if—the parties are at an impasse. *See Advanced Hair Restoration, LLC*, 2018 WL 828213, slip op. at 2.