Christopher G. Varallo, WSBA No. 29410
Steven J. Dixson, WSBA No. 38101
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Phone:  (509) 624-5265
Fax:   (509) 458-2728
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com

*Attorneys for Defendants U.S. Bank National Association as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Passthrough Certificate Series 2006-4F; Nationstar Mortgage LLC, d/b/a "Mr. Cooper" and Xome Inc.*

**Hon. John C. Coughenour**

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident,<br><br>                    Plaintiff,<br><br>        v.<br><br>U.S. BANK NATIONAL ASSOCIATION as Trustee for GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE L.L.C. d/b/a "MR. COOPER", a foreign company; XOME INC., a foreign company; and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON solely as a nominal party and Trustee under RCW 61.24.130 et seq.,<br><br>                    Defendants. | No.  2:18-cv-01456-JCC<br><br>DEFENDANTS U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER; AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>**NOTE ON MOTION CALENDAR: December 13, 2019** |

        COME NOW, Defendants U.S. Bank National Association as Trustee for GSR

Mortgage Loan Trust 2006-4F Mortgage Pass-through Certificate Series 2006-4F

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 1
Case No. 2:18-cv-01456-JCC
S1936904.DOC

**WK** WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100          Phone: 509.624.5265
Spokane, Washington 99201-0300               Fax: 509.458.2728

("U.S. Bank"); Nationstar Mortgage LLC, d/b/a Mr. Cooper ("Nationstar"), and Xome Inc. ("Xome") (collectively, "Defendants"), by and through their undersigned counsel, and hereby file their Motion for Judgment on the Pleadings (the "Motion"), and assert as follows:

## I. INTRODUCTION

Over 8 years ago, borrower Guirguis El-Shawary ("Plaintiff") suffered damage to his home, including substantial costs in repair, which he now seeks to pass on to Defendants without any legal basis.  Due to the costs associated with repairs to the home, Plaintiff sought a loan modification from his loan servicer, Nationstar.  However, the parties were unable to reach an agreement on terms for a loan modification, and in 2017 the parties mediated unsuccessfully in a Foreclose Fairness Act ("FFA") mediation.  Now, arising from the failed 2017 FFA mediation sessions, Plaintiff seeks a windfall recovery against Defendants due to his misfortune with the property and Nationstar's alleged refusal to grant him what he deemed he was entitled to.

His erroneous claims and legal theories fail to state viable claims for six of his claims, including the following defective claims:

- for violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.A. § 2605(e)(2)A)-(C) (for using an affiliated company, Xome, Inc., to perform an alleged over-inflated valuation of the Property);

- for violation of the RESPA, 12 U.S.A. § 2605(e)(2)A)-(C) (for allegedly failing to respond to a qualified written request ("QWR");

- for violation of the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691e(a)-(d) (for allegedly failing to "promptly" provide Plaintiff with valuations so Plaintiff could

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 2
Case No. 2:18-cv-01456-JCC
S1936904.DOC

**WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

determine what caused Nationstar to deny his requests for a loan modification and ignore the severity of the damage to the Property);

- for violation of the Fair Debt Collection Practices Act ("FDCPA") (for allegedly withholding valuations reports indicating the Property was too damaged to be appraised); and

- for professional negligence against Xome (for allegedly inflating the value of the Property without taking into account damage from landslides).

As is evident from a review of the FAC, this lawsuit is wholly grounded on Plaintiff's mistaken belief that his loan's investor owed him something for which he simply did not qualify. This theory is completely unsupported and his presumption that he is somehow entitled to obtain a windfall at the investor's expense is not only without merit, but also fails any reasonable balancing of the equities involved. The deficiencies herein require that Defendants be awarded judgment on the pleadings. Plaintiff's causes of action are legally defective and cannot be cured by amending. It is respectfully requested that this Motion be granted, and the referenced claims be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(c).

## II.   FACTUAL BACKGROUND

**A.    Plaintiff Obtained the Loan.**

In 2005, Plaintiff obtained a purchase money mortgage to purchase the subject property (the "Property") and secured the $1,000,000 debt with a deed of trust (the "DOT"). First Amended Complaint ("FAC"), ¶ 15. Defendant Nationstar is servicer of Plaintiff's mortgage loan, Defendant U.S. Bank is the mortgage beneficiary, and Nationstar has acted as agent for U.S. Bank. FAC, ¶¶ 5, 6, 8.

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 3
Case No. 2:18-cv-01456-JCC
S1936904.DOC

**WK  WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300        Fax: 509.458.2728

B.      **Plaintiff Defaulted On the Loan In 2015.**

According to the Amended Complaint, the Property sustained damage in March 2011 by flooding and a landslide. FAC, ¶¶ 16-18. Due to the mounting expenses related to refurbishing the Property, Plaintiff contacted Nationstar in 2015 to ask if he could lower his monthly mortgage payments. *Id.*, ¶ 18. Plaintiff was told that in order to qualify for a loan modification he would have to be in default.[1] *Id*. Plaintiff thereafter stopped making his loan payments and defaulted on the loan in or around January 2016. *Id.*, ¶ 19.

C.      **The FFA Mediation Efforts**

Following the undisputed default, the parties engaged in foreclosure mediation over seven months in 2017 (the "Mediation"). FAC, ¶¶ 21, 25. Plaintiff contends no agreement was reached due to errors committed by Nationstar during the Mediation in incorrectly calculating his income, using an incorrect appraisal, and failing to obtain an appraisal that took into account the damaged condition of the Property. FAC, ¶¶ 22-24. As part of the Mediation review, Nationstar referred the request for appraisals to Defendant Xome, an affiliate of Nationstar. FAC, ¶ 57. An interior appraisal of the Property was not completed prior to the conclusion of the Mediation. FAC, ¶ 28.3. Despite Defendants' Mediation efforts spanning most of the year, in October 2017, the mediator found that Nationstar had not met its burden to mediate in good faith and failed to share relevant information. FAC, ¶¶ 25, 48, 49.

D.      **Plaintiff Files the Present Action**

Plaintiff filed this action in on October 3, 2018 against Defendants. ECF 1. Plaintiff filed his FAC on March 3, 2019. ECF 16 (FAC). Plaintiff brings eight claims against

---

[1] This is a common allegation made by plaintiff/borrowers who, whether intentionally or not, confuse being informed that investor guidelines require that the loan must be in default or in foreseeable default to be considered for a loan modification with an "instruction" to default. This allegation is denied by Defendants but it is accepted as fact for the purposes of this Motion.

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 4
Case No. 2:18-cv-01456-JCC
S1936904.DOC

**WK WITHERSPOON·KELLEY**
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100       Phone: 509.624.5265
Spokane, Washington 99201-0300            Fax: 509.458.2728

Defendants arising from the failure to reach an agreement in the Mediation. *Id*., *generally*. On or about April 1, 2019, Nationstar timely filed its answer and affirmative defenses. ECF 17.

### III.  EVIDENCE RELIED UPON

This Motion relies upon the allegations in Plaintiff's Complaint, and the documents referred to by Plaintiff's Complaint and/or attached thereto.

### IV.  LEGAL STANDARD

After pleadings are closed, a party may file a motion for judgment on the pleadings. Fed. R. Civ. P. 12(c). Under Federal Rule of Civil Procedure 12(c), a defendant may move for judgment on the pleadings under the standard articulated for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Accordingly, the standard articulated in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), applies to a motion for a judgment on the pleadings. *Lowden v. T-Mobile USA Inc.*, 378 Fed.App'x. 693, 694 (9th Cir. 2010) ("To survive a Federal Rule of Civil Procedure motion, a plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'") quoting *Twombly*, 550 U.S. at 570). The Court should assume that the allegations in the complaint are true and construe them in the light most favorable to the plaintiff. *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). A judgment on the pleadings motion is appropriate when, accepting the allegations in the complaint as true, the moving party is entitled to judgment as a matter of law. *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005).

Dismissal with prejudice is appropriate when amendment would be futile. *Eminence Capital*, *LLC v. Aspeon, Inc.,* 316 F.3d 1048 at 1051-52 (9th Cir. 2003) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (additional citations omitted).

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 5
Case No. 2:18-cv-01456-JCC
S1936904.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

## V. ARGUMENT

**A.     The FDCPA Claim Fails Because Nationstar Is Not a Debt Collector.**

Plaintiff's sixth claim alleges a violation of the FDCPA due to Nationstar (i) making false, deceptive and misleading representations in the collection of a debt; (ii) withholding a Pooling and Servicing Agreement ("PSA") which Nationstar is alleged to have relied on in denying Plaintiff a loan modification; and (iii) withholding valuation reports indicating the property was too damaged to be appraised while relying on exterior valuations only. FAC ¶¶ 70, 74-74.2. However, the FDCPA is inapplicable here.

For purposes of the FDCPA, a "debt collector" is one "who engages in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due to another." 15 U.S.C. § 1692a(6). This definition of "debt collector" specifically excludes persons who acquire a debt before default. *Henson v. Santander Consumer USA, Inc.*, 137 S. Ct. 1718, 1724 (2017).

Here, Plaintiff concedes that Nationstar acquired servicing of the loan before he defaulted on the mortgage loan in 2016. FAC, ¶¶ 18, 19. Since Plaintiff didn't default until after Nationstar acquired servicing of the loan, Nationstar does not fall within the definition of a debt collector under the FDCPA. 15 U.S.C. 1692a(6)(F)(iii). As such, the sixth claim alleging a violation of the FDCPA fails as a matter of law and should be dismissed with prejudice.

**B.     The RESPA Claims Against Xome and Nationstar For Failing to Disclose Affiliated Business Relations Fails Because the No Settlement Services Were at Issue.**

Plaintiff asserts multiple claims based on an alleged failure of Nationstar and Xome to disclose an affiliated business relationship. In his third claim, count III against Nationstar,

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 6
Case No. 2:18-cv-01456-JCC
S1936904.DOC

WK WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300             Fax: 509.458.2728

Plaintiff alleges Nationstar failed to disclose it was affiliated with Xome "whom Nationstar referred Plaintiff to for valuation" in violation of RESPA, 12 C.F.R. § 1024.15. FAC, ¶ 57. Additionally, Plaintiff's fourth claim alleges Xome violated is duty to Plaintiff under the same statute, 12 C.F.R. § 1024.15, in failing to disclose its affiliation with Nationstar when providing appraisals during the Mediation. FAC, ¶¶ 57, 60-61. However, the claims fail because providing appraisal services post-closing are not settlement services covered by 12 C.F.R. § 1024.15.

RESPA provides for protection against "kick backs" arising from affiliated business relationships when a business refers a consumer to an affiliated business while providing settlement services. 12 C.F.R. § 1024.15. Settlement services are defined by RESPA by a list of services and do not cover fees incurred or assessed after closing. 12 U.S.C. § 2602(3). Courts have interpreted RESPA's list of settlement services as "a limitation to costs and services payable at or before settlement" as compared to services assessed at a later time. *Lane v. Wells Fargo Bank N.A*. 2013 U.S. Dist. LEXIS 9874, *44 (N.D. Cal. 2013) (citing *Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996)(RESPA "does not focus on post-settlement fees paid by mortgagors after they have purchased their houses'); *See also, Molosky v. Wash. Mut., Inc.*, 664 F.3d 109, 112, 2011 U.S. App. LEXIS 25436, *1, 2011 FED App. 0322N (6th Cir.), 2 (limiting the settlement services to those assessed before or at the property transfer").

Here, Plaintiff makes no allegations that date back to or before closing of the mortgage loan in 2005. Rather, all of his allegations focus only on valuations sought during the Mediation in 2017, twelve years after the Property was transferred to him. The valuations sought or obtained in 2017 do not qualify as a "settlement service" under 12 U.S.C.S. § 2602(3) and fail as a matter of law to support a claim for violation of 12 C.F.R. § 1024.15. As such,

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 7
Case No. 2:18-cv-01456-JCC
S1936904.DOC



WITHERSPOON·KELLEY
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100         Phone: 509.624.5265
Spokane, Washington 99201-0300              Fax: 509.458.2728

both Plaintiff's third claim, count III, and his fourth claim for RESPA violations fail and should be dismissed with prejudice.

**C.    The RESPA Claim Against Nationstar For Failing to Respond to a QWR Fails Because the FFA Mediation Is Not an Equivalent to a QWR.**

In his third claim, count I, Plaintiff contends Nationstar violated RESPA, 12 U.S.C. § 2605(e)(2)(A)-(C ), in failing to respond to Plaintiff's inquires under during the Mediation in 2017.  FAC, ¶¶ 46-49.  However, the claim fails because foreclosure mediation does not qualify a QWR under RESPA and no other QWR is attached to the FAC to support the claim.

A QWR is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—(i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.  12 U.S.C. § 2605(e)(1)(B).  A servicer is required to respond to a QWR from a borrower only to the extent that the QWR seeks information relating to the servicing of the loan. 12 U.S.C. § 2605(e)(1)(A).  "Servicing" is defined as "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan[,] and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).  Further, to plead a claim under 12 U.S.C. § 2605(e), a plaintiff must attach the letter or "so the court may determine if the letter qualifies as a QWR or notice of error. *Tanasi v. CitiMortgage, Inc*., 257 F. Supp. 3d 232, 242, 2017 U.S. Dist. LEXIS 102684 (D.C.T July 30, 2017), *1.

Here, Plaintiff does not attach a QWR or a notice of error to the FAC, rendering the FAC insufficiently pled.  The pleading deficiency alone is sufficient for the Court to dismiss

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 8
Case No. 2:18-cv-01456-JCC
S1936904.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100        Phone: 509.624.5265
Spokane, Washington 99201-0300             Fax: 509.458.2728

the claim. Further, Plaintiff appears to allege that the Mediation itself and/or the mediation certificate issued at the close of the Mediation, qualifies as a request for information under 12 U.S.C. § 2605(e). However, this Court has already found that mediation disclosures under Washington's FFA do not support a claim under 12 U.S.C. § 2605(e). *U.S. Bank N.A. v. Tait*, 2016 U.S. Dist. LEXIS 129046 (WD of WA Sept. 21, 2016), *12-13, 2016 WL 5141990 (WD of WA Sept. 21, 2016).

The *Tait* case is particularly illuminating to this discussion in that it was brought by Plaintiff's counsel herein, involving similar issues, and also decided by the Honorable District Judge Coughenour. The *Tait* plaintiffs, as is the case with Plaintiff herein, did not allege any facts that they made a QWR, rather the *Tait* plaintiffs alleged, as Plaintiff appears to do herein, that the FFA is the "functional equivalent to a QWR. *Id*. The *Tait* plaintiffs argued that violation of the FFA is a violation of the requirements under RESPA in responding to a QWR. *Id*. However, the *Tait* plaintiffs cited no authority to support such a contention and Judge Coughenour found "a plain language reading of the statues does not provide such a connection." *Id*. Judge Coughenour found that "FFA disclosures are for the **purpose of the loan modification, not loan servicing like RESPA**" and denied the claim for failure to respond to a QWR under RESPA. *Id*. (emphasis added).

Plaintiff's third claim, count I,[2] is on all fours with the RESPA claim in *Tait* that this Court has found to be deficient to state a claim under RESPA. Here, Plaintiff contends that Nationstar's failures in the Mediation to respond to inquiries and provide critical information as part of the Mediation constitute a violation of 12 U.S.C. §2605(e)(2)(A)-(C ). FAC, ¶¶ 46-49.

---

[2] Plaintiff alleges three counts within his Third Claim.

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 9
Case No. 2:18-cv-01456-JCC
S1936904.DOC



422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

However, as this Court ruled in *Tait* nearly three years before Plaintiff's counsel filed this FAC mirroring the claim in *Tait*, the FFA mediation does not amount to loan servicing as to trigger any violation for failure to respond to QWR. Since Plaintiff offers no other alleged QWR attached to his FAC, the claim fails based on binding precedent from this Court. As such, the Court should affirm its decision in *Tait* and dismiss Plaintiff's third claim, count I.

**D.     Plaintiff's EOA Claim Fails to Sufficiently Plead a Claim.**

Plaintiff's fifth claim alleges Nationstar violated ECOA, 15 U.S.C. § 1691e(a)-(d), as a result of withholding valuations and that he is entitled to resulting damages. FAC, ¶¶ 67-68. However, Plaintiff's ECOA claim is insufficiently plead and should be dismissed.

ECOA was enacted to protect credit applicants from discrimination on the basis of race, color, religion, national origin, sex, or age. *U.S. Bank N.A. v. Tait*, 2016 U.S. Dist. LEXIS *14. To assert a claim under ECOA, a plaintiff must allege that: (1) they are members of a protected class; (2) they applied for credit with defendants; (3) they qualified for credit; and (4) they were denied credit, despite being qualified. *Mashburn v. Wells Fargo Bank, NA*, Case No. C11-0179-JCC, 2011 U.S. Dist. LEXIS 78287 (W.D. Wash. July 19, 2011), *15, 2011 WL 2940363 (W.D. Wash. July 19, 2011)(citing *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp. 2d 1039, 1045 (N.D. Cal. 2009) (citing decisions of the Third, Fifth, and Tenth Circuits). If an applicant is denied credit, ECOA requires that the creditor provide a statement of reasons for its "adverse action."" 15 U.S.C. § 1691(d)(2). Moreover, by its plain terms, section 1691(e) applies only to creditors. *Wiltshire v. Dhanraj*, 421 F. Supp. 2d 544, 557 (2005).

Here, Plaintiff's claim fails for multiple reasons. First, Plaintiff has failed to plead that he is member of a protected class. Second, Plaintiff makes no allegation that Nationstar's alleged failure to share a valuation was the result of any discrimination which is required to

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 10
Case No. 2:18-cv-01456-JCC
S1936904.DOC

**WITHERSPOON · KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728

support an ECOA claim. *Wiltshire,* 421 F. Supp. 2d at 557. (finding ECOA claim defective when plaintiff failed to allege the failure to furnish appraisal was the result of discrimination). Third, Nationstar is the loan servicer only and not the creditor of the mortgage loan to come within the scope of 1691(e). *Id.*; *see also Wenglicki v. Tribeca Lending Corp.*, Civil Action No. 07-4522, 2009 U.S. Dist. LEXIS 63738 (E.D.P.A July 22, 2009), *15. (finding loan servicer is not creditor, as pled by plaintiff, against which a ECOA claim can be made). Plaintiff makes no allegation that Nationstar is the creditor, and indicates it is only the servicer. FAC, ¶ 5.

Based on the forgoing, there are no factual allegations in the FAC to support a claim that Nationstar violated ECOA and the ECOA claim should be dismissed.

### E.   The Professional Negligence Claim Based on the Restatement Fails Because Plaintiff Did not Rely on the Valuation.

In his eighth claim, for professional negligence against Xome, Plaintiff contends Xome violated a duty of care owed to him under the Restatement (Second) of Torts § 552. FAC, ¶ 86. He contends the appraisals provided by Xome contained numerous misrepresentations, which were material to Nationstar's decision regarding loss mitigation. FAC, ¶¶ 98-90. However, the claim fails because, even if a duty was owed to Plaintiff, which is denied, he did not rely on the representations of Xome.

A third party in Washington may be able to state a claim for negligent representation against an appraiser pursuant to Restatement (Second) of Torts § 552.[3] *Schaaf v. Highfield*, 127 Wn.2d 17, 27, 896 P.2d 665, 670 (1995). However, each element of section 552 must be

---

[3] Plaintiff's claim is for professional negligence; however, he cites to the Restatement for his authority. As such, this argument is addressed to his cited authority, rather than authority that he could have offered in support of a professional negligence claim. To the extent a professional negligence claim may be deemed to have been pled aside from the Restatement, Xome was not in contractual privity with Plaintiff for any duty to Plaintiff to flow from, nor does Plaintiff allege any such relationship. Therefore, any such claim fails as a matter of law.

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 11
Case No. 2:18-cv-01456-JCC
S1936904.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100   Phone: 509.624.5265
Spokane, Washington 99201-0300   Fax: 509.458.2728

satisfied and there must be justifiable reliance upon the negligent misrepresentation. *Havens v. C&D Plastics, Inc.*, 124 Wn.2d 158, 181, 876 P.2d 435, 447 (1994).

Here, the legal theory does not fit the facts alleged. Fatal to the claim, Plaintiff does not allege that **he** relied on the negligent misrepresentation. Rather, he concedes he disputed the valuation at all times when offered by Nationstar. FAC, ¶¶ 25, 28, 31. Plaintiff never accepted the valuation and relied on the alleged misrepresentation to any detriment. Instead, he seems to allege Nationstar relied on the representation of Xome to satisfy the requirement of justifiable reliance. FAC, ¶ 89 ("The representations were material to Nationstar's decision regarding plaintiff's loan modification application."). However, this reliance by Nationstar, a co-defendant, and not Plaintiff, does not satisfy the standard of 552 that Plaintiff himself justifiably relied on the representation. *Havens*, 124 Wn.2d at 181, 876 P.2d at 447.

Plaintiff's defective claim, in which he clearly did not rely on the alleged misrepresentations, is in stark contrast to the plaintiff in *Schaaf,* in which the Washington Supreme Court found that a duty could possibly lie to third parties not in privity with the appraiser. In *Schaarf*, the plaintiff alleged the appraisal completed prior to his purchase of the home was defective in failing to note a defective roof, which he relied upon in purchasing the home. *Schaaf*, 127 Wn.2d at 20, 896 P.2d at 667. Here, there simply is no similar reliance by Plaintiff to support the claim. Since Plaintiff did not detrimentally rely on alleged misrepresentation, the eighth claim for professional negligence fails as a matter of law.

### IV. **CONCLUSION**

For all these reasons herein, Defendants respectfully request that the Court dismiss Plaintiff's claims discussed herein, with prejudice.

U.S. BANK, NATIONSTAR MORTGAGE LLC AND
XOME INC.'S MOTION FOR JUDGMENT ON THE
PLEADINGS - 12
Case No. 2:18-cv-01456-JCC
S1936904.DOC

**WITHERSPOON·KELLEY**
Attorneys & Counselors

422 W. Riverside Avenue, Suite 1100      Phone: 509.624.5265
Spokane, Washington 99201-0300           Fax: 509.458.2728

Respectfully submitted this 20th day of November, 2019.

WITHERSPOON · KELLEY

By: *s/ Christopher G. Varallo*
    Christopher G. Varallo, WSBA #29410
    Steven J. Dixson, WSBA #38101
    cgv@witherspoonkelley.com
    sjd@witherspoonkelley.com
    422 W. Riverside Avenue, Suite 1100
    Spokane, WA  99201-0300
    Phone:  (509) 624-5265
    Fax:   (509) 458-2728
    *Attorneys for Defendants U.S. Bank National Association as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Passthrough Certificate Series 2006-4F; Nationstar Mortgage LLC, d/b/a "Mr. Cooper" and Xome Inc.*

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 13
Case No. 2:18-cv-01456-JCC
S1936904.DOC

WK  WITHERSPOON · KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100    Phone: 509.624.5265
Spokane, Washington 99201-0300         Fax: 509.458.2728

# CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of November, 2019,

1. I caused to be electronically filed the foregoing DEFENDANTS U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE LLC, D/B/A MR. COOPER; AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

**Arthur E. Ortiz**
arthur@aeolegal.com

2. I hereby certify that I have caused to be mailed by United States Postal Service the foregoing document to the following non-CM/ECF participants at the addresses listed below:  **None.**

3. I hereby certify that I have mailed by United States Postal Service the foregoing document to the following CM/ECF participants at the address listed below:  **None.**

4. I hereby certify that I have hand-delivered the foregoing document to the following participants at the addresses listed below:  **None.**

*s/ Christopher G. Varallo*
Christopher G. Varallo, WSBA No. 29410

U.S. BANK, NATIONSTAR MORTGAGE LLC AND XOME INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS - 14
Case No. 2:18-cv-01456-JCC
S1936904.DOC

WITHERSPOON·KELLEY
Attorneys & Counselors
422 W. Riverside Avenue, Suite 1100
Spokane, Washington 99201-0300
Phone: 509.624.5265
Fax: 509.458.2728