The Honorable John C. Coughenour

Arthur E. Ortiz, WSBA No. 26676
The Law Office of Arthur E. Ortiz
6015 California Ave. S.W., No. 203
Seattle, WA 98136
tel.: (206) 898-5704
e-mail: arthur@aeolegal.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident,

    Plaintiff,

vs.

U.S. BANK NATIONAL ASSOCIATION as Trustee for GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE L.L.C., d/b/a "MR. COOPER", a foreign company; XOME INC., a foreign company, and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON solely as a nominal party and Trustee under RCW 61.24.130 *et seq*.

    Defendants.

No. 2:18-cv-01456-JCC

PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT FOR DAMAGES

NOTE FOR MOTION CALENDAR:

February 21, 2020

## I. INTRODUCTION

Plaintiff, Mr. George El-Shawary, seeks to amend his first amended complaint with additional recently obtained facts, new case law[1], and an additional party. Mr. El-Shawary's first amended complaint includes claims under Washington's Consumer Protection Act ("CPA") against all

---

[1] In particular *Obduskey v. McCarthy & Holthus*, 586 U.S. __, 139, 17-1307, S.Ct. 1029, (2019) with regard to the Fair Debt Collection Practices Act ("FDCPA") claims, and *Smith v. Malcolm & Cisneros et al*, 2:19-cv-0538-JCC, pg. 9 (U.S.D.C. W.D. WA, July 9, 2019) with regard to claims against McCarthy & Holthus ("M&H"). Plaintiff's First Amended Complaint ("FAC") was filed prior to both decisions.

**PLTFF.'S MOT. FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT**
Motion Noted February 21, 2020
Page - 1

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

defendants, the Real Estate Settlement Procedures Act ("RESPA") against defendants Nationstar and Xome, the Equal Credit Opportunity Act ("ECOA") against Nationstar, the Fair Debt Collection Practices Act ("FDCPA") against Nationstar, Negligent Misrepresentation against defendant U.S. Bank N.A. ("USBNA"), and a professional negligence claim against defendant Xome. The proposed second amended complaint updates pertinent facts with recent party disclosures, updates the law to reflect holdings in a recent U.S. Supreme Court case and a recent decision from this court affecting FDCPA claims. The amendment also adds defendant, McCarthy & Holthus L.L.P. ("M&H") for claims under the CPA, FDCPA, and Negligent Misrepresentation.

## II. FACTS

Plaintiff, filed his first amended complaint ("FAC') on June 28, 2018. Since then, records and additional facts received from Nationstar and independent investigation appear to clarify and corroborate allegations. For example records produced in January 6, 2020, confirm Mr. El-Shawary told Nationstar he did not want to adversely impact his credit rating by defaulting. Exhibit A, pg. NSM 000346, *per* 10/30/15, 16:09. Remarkably, Nationstar's first response to Mr. El-Shawary's request for temporary forbearance was to attempt to sell him a Warranty Deed. Ex. A, pg. NSM 000345, *per* 10/30/15, 15:45. At one point a Nationstar representative informed Mr. El-Shawary that Nationstar did not own the loan. Ex. A, pg. NSM 000439, *per* 7/10/17, 5:55. The newly obtained records show that numerous valuation reports were ordered and an investigation confirmed that those orders would involve e-mails from Nationstar or Xome to vendor appraisers, and yet Nationstar and Xome have not produced copies of those e-mail communications. The records now show McCarthy & Holthus' role in more detail.

In light of these facts and the guidance gleaned from *Obduskey v. McCarthy Holthus*, 586 U.S. __, 139, 17-1307, S.Ct. 1029, (2019) and *Smith v. Malcolm & Cisneros et al*, 2:19-cv-0538-JCC, pg. 9 (U.S.D.C. W.D. WA, July 9, 2019) Mr. El-Shawary submits amendment to his FAC is justified.

**PLTFF.'S MOT. FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
**Motion Noted February 21, 2020**
Page - 2

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

## III. AUTHORITY

Federal Rule of Civil Procedure ("FRCP") 15 governs amended pleadings. FRCP 15 is designed to facilitate decision on the merits, rather than on the pleadings or technicalities. *Chudacoff v. Univ. Med. Ctr. Of S. Nevada*, 649 F.3d 1143, 1152 (9th Cir. 2011) *citing U.S.* v. *Webb,* 655 F.2d 977, 979 (9th Cir.1981) and *DCD Programs, Ltd.* v. *Leighton,* 833 F.2d 183, 186 (9th Cir.1987). Leave to amend should be freely given in the absence of prejudice to the opposing party. *Waits v. Weller*, 653 F.2d 1288, 1290 (9th Cir. 1981) *citing Wyshak v. City National Bank*, 607 F.2d 824, 826 (9th Cir. 1979). FRCP 15(a) also provides that, "[T]he court should freely give leave [to amend pleadings] when justice so requires." FRCP 15(a)(2). The factors governing the propriety of a motion to amend include: (1) undue delay, (2) bad faith, (3) prejudice to the opponent, and (4) futility of amendment. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 765 (9th Cir. 1986).

## IV. ARGUMENT

1. No undue delay.

Trial is not scheduled for another five months. If the court deems this amendment causes delay, it is not an undue delay as Mr. El-Shawary's SAC brings to light more pertinent facts by which to secure a just determination, and a more accurate assessment of risk. Defendants have only themselves to blame for any delay. Defendants refused to produce copies of e-mail communication therefore time and money were devoted to an independent investigation to confirm the existence of e-mail communications that defendants informed plaintiff and the court did not exist. This consumed additional time but produced facts pertinent to the case.

2. No Bad Faith.

This amendment clarifies claims in accordance with recent decisions. The amendment is simply meant to update the complaint to accurately reflect fact corroboration, current law, and not for

**PLTFF.'S MOT. FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
**Motion Noted February 21, 2020**
Page - 3

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

any reason in bad faith. For example the holding in *Obduskey v. McCarthy Holthus*, 586 U.S. __, 139, 17-1307, S.Ct. 1029, (2019) clarified what constituted an FDCPA violation under circumstances nearly identical here. The proposed SAC amends Mr. El-Shawary's FDCPA claim to conform with Justice Breyer's analysis in *Obduskey*. Mr. El-Shawary's amendments to his FDCPA claim is an effort to conform to this court's deci*sion in Smith v. Malcolm & Cisneros et al,* 2:19-cv-0538-JCC, pg. 9 (U.S.D.C. W.D. WA, July 9, 2019)(the court found the law firm of Malcolm Cisneros acted as a debt collector under the FDCPA.)

3. No Prejudice to Defendants

Defendants suffer no surprise as the new facts are derived from their own records, and the amendments update and clarify. Factors which may be considered in determining whether permitting amendment would cause prejudice include undue delay, unfair surprise, and jury confusion. None of these issues arise here. Undue delay is addressed above. Defendants donot suffer any unfair surprise because the facts comprising the amendments are derived from defendants' own records provided in discovery and defendants have been given notice of, and apprised of, the independent investigation of the appraiser vendors.

The proposed amendments will not confuse a jury. To the contrary, the proposed amendments add facts and clarify law, thereby facilitating the fact finder's dispassionate determination.

4. Amendment Would Not Be Futile.

An amendment is futile only when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."*Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 655-56 (9th Cir. 2017) (quoting*Miller v. RykoffSexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)). Plaintiff's proposed amendments easily overcome this standard. The proposed amendments corroborate allegations made and amplify claims made with additional factual support. For example, the SAC reflects factual clarification provided by recently obtained Nationstar records like proof of when Mr. El-Shawary did contact Nationstar to explain the circumstances around the

**PLTFF.'S MOT. FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
**Motion Noted February 21, 2020**
Page - 4

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

property damage and request help. *See* Ex. A, pg. NSM 000345, *per* 10/30/15, 15:45. These recently obtained records revealed for the first time that Nationstar's only response to Mr. El-Shawary's request for help was to transfer him to the sales department to sell him a warranty deed. *See* Ex. A, pg. NSM 000345, *per* 10/30/15, 15:45. Nationstar's records also corroborate Mr. El-Shawary's reaction when Nationstar told him default was a condition to approval for a loan modification stating; "borr refuse to do a mod if it will affect his credit…." *See* Exhibit A, pg. NSM 000346, *per* 10/30/15, 16:09. Nationstar itself confirmed that Mr. El-Shawary was current on the mortgage loan when Nationstar advised him to default. *See* Ex. A, pg. NSM 000347, *per* 11/02/15, 17:44.

There are also facts supporting allegations of defendants' deceptive and misleading conduct;

4.1. Nationstar advised Mr. El-Shawary to apply for a Home Affordable Modification Program ("HAMP") loan modification. Ex. A, pg. NSM 000346, *per* 10/30/15, 16:05. HAMP modifications were never available to Mr. El-Shawary as his was a non-GSE jumbo loan exceeding HAMP's qualifying parameters, and just not being the kind of loan HAMP was meant to serve.

4.2 Despite his not being a HAMP eligible loan, Nationstar based and excused delay and denials of Mr. El-Shawary's loan modification application processing on missing HAMP documents; "REMEDY HAMP MISSING DOCUMENT LETTER SENT," *See* Ex. A, pg. NSM 000401, *per* 11/18/16, 3:13. On December 23, 2016, Nationstar, "[A]dvised [Mr. El-Shawary] of hamp sunset," as if it applied to Mr. El-Shawary's loan. *See* Ex. A, pg. NSM 000408, *per* 12/23/16, 11:30.

4.3. After Mr. El-Shawary explained to Nationstar the property damage resulting from the landslide and Nationstar noted the landslide damage in its records, Nationstar subsequently misrepresented in its records that Mr. El-Shawary sought "beautification of the house". Ex. A, pg. NSM 000349, *per* 1/25/16, 15:09.

4.4. Nationstar completed its bait-and-switch shortly after Mr. El-Shawary's default. Nationstar informed Mr. El-Shawary that there were no [non-foreclosure] options because "there is no physical home to work with." Ex. A, pg. NSM 000367, *per* 4/22/16, 12:23.

**PLTFF.'S MOT. FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT
Motion Noted February 21, 2020**
Page - 5

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

4.5     Nationstar misrepresented Mr. El-Shawary's monthly net income as "$1" in its calculation to determine an affordable loan modification Ex. A, pg. NSM 000423, *per* 3/9/17, 11:53, 17:46, NSM 000437, *per* 6/19/16, 13:00, 13:01.

4.6.    In response to disputed claims of land use code violations, Nationstar represented that it, "CANNOT REMEDIATE THE VIOLATIONS AS NATIONSTAR DOES NOT OWN THE PROPERTY NOR IS IT EXERCISING ANY CONTROL OF THE PROPERTY AT THIS TIME." Ex. A, pg. NSM 000439, *per* 7/10/17, 5:55. This is in conflict with the applicable deed of trust which in pertinent part states that, "[I]n the event of loss, ... any insurance proceeds, … shall be applied to restoration or repair of the Property, …." Exhibit B, Deed of Trust, signed September 2, 2005. The deed of trust expects that the, "[L]ender's security is not lessened[.]" and it does not distinguish between a lender or someone who merely refrains from exercising control over the property. Nationstar purportedly stands in the shoes of the Lender with an interest in the property subject of the loss claim.

4.7.    Nationstar knew Mr. El-Shawary's property was damaged in a landslide because it is in it own records the numerous time Mr. El-Shawary was made to explain the circumstances to Nationstar. Nevertheless, Nationstar consistently ordered "exterior only" valuation inspections, effectively concealing the property damage from valuation considerations.

All these facts and more are pertinent to the deceptive conduct establishing Mr. El-Shawary's CPA, FDCPA, RESPA, and negligent misrepresentation claims. Mr. El-Shawary's amendments under the FDCPA can now state his claim with the focus provided by the court in the *Obduskey* and *Smith* opinions. *See* fn. 1.

The additional claims, allegations, and parties, create no jurisdictional issues. The allegations raised by the amendments are logically related to plaintiff's current claims, and McCarthy Holthus' principal place of business is San Diego, California.

**PLTFF.'S MOT. FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
**Motion Noted February 21, 2020**
Page - 6

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

## V. CONCLUSION.

### A. The Court Can Freely Grant Leave to Amend.

Mr. El-Shawary has met the standard for granting leave to amend his complaint under FRCP 15. As defendants will not experience any undue prejudice by doing so, plaintiff respectfully requests that the Court grant his motion for leave to amend his complaint. Plaintiff attaches to this Motion a marked copy of the proposed second amended complaint and requests the court grant Mr. El-Shawary leave to amend his complaint and file a summons for issuance to comply with FRCP 4(m) with regard to new defendant, McCarthy Holthus.

Dated this 6th day of February, 2020.

*[signature]*

Arthur E. Ortiz, WSBA No. 26676
Attorney for Plaintiff

**PLTFF.'S MOT. FOR LEAVE TO FILE A
SECOND AMENDED COMPLAINT
Motion Noted February 21, 2020**
Page - 7

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

# CERTIFICATE OF SERVICE

I hereby certify that on the 6th day of February, 2020, I caused to be electronically filed the foregoing PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, EXHIBITS A and B, AND PROPOSED SECOND AMENDED COMPLAINT with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| | |
|---|---|
| Christopher G. Varallo, WSBA #29410<br>Steven J. Dixson, WSBA #38101<br>Witherspoon ♦ Kelley<br>422 W. Riverside Avenue, Suite 1100<br>Spokane, WA 99201-0300<br>cgv@witherspoonkelley.com<br>sjd@witherspoonkelley.com<br>Phone: (509) 624-5265<br>*Attorneys for Defendants U.S. Bank National Association as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Passthrough Certificate Series 2006-4F; Nationstar Mortgage LLC, d/b/a "Mr. Cooper" and Xome Inc.* | Arthur Ortiz, WSBA #26676<br>The Law Office of Arthur Ortiz<br>3015 California Ave. S.W., No. 203<br>Seattle, WA 98136<br>arthur@aeolegal.com<br>Phone: (206) 898-5704<br>*Attorney for Plaintiff, Mr. George El-Shawary* |

I declare the foregoing is true and correct.

DATED this 6th day of February, 2020 in Seattle, King County, Washington.

_____
Arthur E. Ortiz, WSBA No. 26676

**PLTFF.'S MOT. FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
**Motion Noted February 21, 2020**
Page - 8

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com