The Honorable John C. Coughenour

Arthur E. Ortiz, WSBA No. 26676
The Law Office of Arthur E. Ortiz
6015 California Ave. S.W., No. 203
Seattle, WA 98136
tel.:     (206) 898-5704
e-mail: arthur@aeolegal.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | | |
|---|---|---|
| GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident, | | No.     2:18-cv-1456-JCC |
| Plaintiff, | | |
| vs. | | |
| U.S. BANK NATIONAL ASSOCIATION as Trustee for GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE L.L.C., d/b/a "MR. COOPER", a foreign company; XOME INC., a foreign company, and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON solely as a nominal party and Trustee under RCW 61.24.130 *et seq.* | | PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXTEND DISPOSITIVE MOTIONS DEADLINE |
| | | Noted for Motion Calendar: |
| | | May 1, 2020 |
| Defendants. | | |

I.      INTRODUCTION

Defendants conflate the good cause supporting the need to postpone the trial scheduled for June 22, 2020, with reasons for adding 90 days to the time for filing dispositive motions. The applicable Federal Rule of Civil Procedure ("FRCP") 16(b) primarily considers the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir.

PLTFF.'S RESP. TO DEFS.' MOT. TO EXTEND
DISPOSITIVE MOTS. DEADLINE
2:18-cv-01456-JCC
Page - 1

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

1992). Plaintiff, George El-Shawary, by and through his undersigned counsel, hereby files his response in opposition to defendants' Rule 16 motion to extend the dispositive motions deadline, and asserts as follows:

II.   <u>FACTS</u>

This case was filed on October 3, 2018. The deadline for dispositive motions was extended twice, first to March 21, 2020 (Dkt. No. 32), then to April 23, 2020 (Dkt. No. 40). Defendants have failed to disclose any witnesses or experts as required under FRCP 26, and propounded discovery. Defendants' discovery responses have been a morass of shifting misapplied and baseless objections, and a refusal to produce relevant documents, that investigation reveal, do exist. Defendants have justified their indolence with continuing representations that they would "continue to look," and "at this time, ...have not located documents…, " after numerous agreed extensions for discovery responses. *See* Dkt. No. 30 (Order on plaintiff's motion to compel.) The court then upheld the principle that the court get involved in discovery disputes "if–and only if-"  the parties are at an impasse.  Dkt. No. 30, pg. 4, fn. 1. Defendants here continued to abuse that rule by simply avoiding language suggesting impasse. Numerous emails asking to schedule further discovery conferences have gone unreplied, and any conference held results in representations in essence repeating the evasive mantra of "continue to look," and "at this time, ...have not located documents…."

This case has been open for eighteen (18) months. Defendants had months to file a motion for summary judgment. Defendants' motion to extend time for dispositive motions was not filed until it was the deadline, April 23[1]. Not once since the initiation of the case have defendants disclosed who they will present as witnesses or experts. FRCP 26. Defendants' specious refusal to produce relevant discovery responses failed to come with applicable objections or privilege logs.

---

[1]      Solicitation for stipulation came on the eve of the motion's filing.

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., No. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

III.    ARGUMENT

In the event the court denies plaintiff's motion for leave to amend the complaint, the parties should proceed to trial without additional extension. The question is whether an additional three month extension to the dispositive motions deadline should be granted. A schedule may be modified only for good cause and with the judge's consent. FRCP 16(b)(4). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the paty seeking the extension." FRCP 16 advisory committee's notes (1983 amendment). FRCP 6 states that when an act may or must be done within a specified time, the court may, for good cause, extend the time:...if a request is made, **before** the original time …. FRCP 6(b)(1)(A) *emph. added.* Here, the request for extension was not filed before the original time of April 23, 2020. FRCP 6 also provides that the court may extend the time if a motion is made after the time has expired if the party failed to act because of excusable neglect. Therefore, the court's primary consideration here remains the diligence of the party seeking the extension. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992.) Aurora cannot now argue that it cannot reasonably meet the deadline because it squandered the previous months failing to address discovery in preparation for dispositive motions and if it believes that there were any questions of fact resolved in its favor, Aurora failed to move on that basis before April 23, 2020.

To determine what constitutes excusable neglect, the Ninth Circuit applies the factors set forth by the United States Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380 (1993). *Id.* at 395; *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997). The factors include: (1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith. *Pioneer,* 507 U.S. at 395. The weighing of *Pioneer's* equitable factors is left to the discretion of the court. *Pincay v. Andrews,* 389 F.3d 853, 860 (9th Cir.2004).

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com

### 1.      Extension prejudices plaintiff.

The requested extension would prejudice plaintiff. Where willful noncompliance with discovery substantially prejudices the opponent's ability to prepare for trial, the exclusion of evidence is not an abuse of discretion. *Burnet v. Spokane Ambulance*, 131 Wn.2d 484, 511, 933 P.2d 1036, 1049 (Wash. 1997). Here, defendants failed to comply with FRCP 26(f) disclosures and never provided plaintiff with a witness list or a response to discovery requesting the same. Such a proposed extension prejudices Mr. El-Shawary significantly in that he was never provided a witness list from any defendant. As such, effective discovery regarding what defendants intended present at trial could not occur. For the same reasons, the court may exclude certain evidence because of discovery noncompliance, the court here should deny the requested extension.

### 2.      A three month delay is excessive and impacts judicial proceedings.

Defendants' extension request undermines the court's ability to control the docket and rewards defendants for their indolence and cavalier attitude toward the discovery rules. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992). Granting the extension would re-ignite discovery causing plaintiff to again incur the cost of pursuing the discovery already requested, and pack it all in three additional months preceding trial. It also wastes the court's time because defendants did not engage in the kind of discovery that would focus or eliminate questions of fact. In light of the potential back-up of cases caused by the limits set in General Order No. 07-20 and previous orders, the court may not have the three months to spare for these defendants who failed to meet or address the dispositive motions deadline pursuant to the agreed scheduling order of January 21, 2020. Dkt. No. 40.

Defendants also state that the requested extension, will allow the parties additional time to attempt to consummate a settlement before incurring dispositive-motion-related costs. In principle that is always true, but never in this case have defendants substantively honored anything represented about resolving anything, whether a discovery or settlement issue. The parties have

**PLTFF.'S RESP. TO DEFS.' MOT. TO EXTEND
DISPOSITIVE MOTS. DEADLINE**
2:18-cv-01456-JCC
Page - 4

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

convened five mediation sessions between their private efforts and those scheduled in Washington foreclosure mediation program totaling approximately twenty (20) additional hours, and resolution remains elusive. Defendants desire for an additional three month extension of the dispositive motions deadline belies their real motive to avoid consummating a settlement and force plaintiff to incur more dispositive-motion-related costs (otherwise, what is the point of requesting the extention?)Even if plaintiff's motion to amend the complaint is granted, current defendants' discovery should be limited to only new claims.

### 3.    Defendants' reason for further delay, is misplaced.

Defendants' request relies heavily on General Order 07-20 to justify an additional three month extension of the dispositive motion deadline. However, the Order only continued trial dates, and together the General Orders related to the Western District's response to COVID-19 leave the court with the discretion to adjust its scheduling order on a case-by-case basis. *See* General Order No. 20-20, pg. 2. Defendants' request is devoid of reasons pertinent to justifying a three month extension of the deadline for dispositive motions in addition to the trial continuance. The reasons defendants give in their motion for the extension are reasons supporting the General Orders closing the courthouse, and those are not the same reasons that would establish excusable neglect or good cause for neglecting to file a dispositive motion by April 23, 2020.

### 4.    Defendants did not act in good faith.

Defendants seek to excuse months of delay and discovery obfuscation and request an additional three months. The deadline for dispositive motions was extended two times previously. Defendants have failed to disclose any witnesses or experts as required under FRCP 26, and propounded discovery. Defendants' discovery responses have been a morass of shifting misapplied and baseless objections, and a refusal to produce relevant documents, that investigation reveal, do exist. Defendants had months to file a motion for summary judgment. Defendants' motion to extend time for dispositive motions was not filed until it was the deadline, April 23². Not once since the

---

2       And solicitation for stipulation came on the eve of the motion's filing.

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

initiation of the case have defendants disclosed who they will present as witnesses or experts. It is clear defendants' only motive is delay. Defendants constantly represent that they are willing to produce requested discovery and then they don't. Defendants constantly represent that they are willing negotiate a settlement, then they don't. Defendants have treated the court's scheduling order like a frivolous document and now they request an additional three months.

## IV.    CONCLUSION

If the court grants plaintiff's motion for leave to amend the complaint, it should limit the discovery and dispositive motions Aurora is permitted to file. If the court denies plaintiff's motion for leave to amend his complaint, the court should reschedule the trial providing sufficient time for the parties to engage in pretrial proceedings and foregoing the addition three months for dispositive motions as requested.

Dated this 29th day of April, 2020.

Arthur E. Ortiz, WSBA No. 26676
Attorney for Plaintiff, George El-Shawary

// THIS SPACE LEFT BLANK //

PLTFF.'S RESP. TO DEFS.' MOT. TO EXTEND
DISPOSITIVE MOTS. DEADLINE
2:18-cv-01456-JCC
Page - 6

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of April 29, 2020, I caused to be electronically filed the foregoing PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO EXTEND DEISPOSITIVE MOTIONS DEADLINE with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Christopher G. Varallo, WSBA #29410
Steven J. Dixson, WSBA #38101
Witherspoon ♦ Kelley
422 W. Riverside Avenue, Suite 1100
Spokane, WA 99201-0300
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com
Phone: (509) 624-5265
*Attorneys for Defendants U.S. Bank National Association as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Passthrough Certificate Series 2006-4F; Nationstar Mortgage LLC, d/b/a "Mr. Cooper" and Xome Inc.*

Taylor T. Haywood (Admitted PHV)
Akerman LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Fax: (303) 260-7714
taylor.haywood@akerman. Com
*Attorney for Defendants U.S. Bank National Association as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Passthrough Certificate Series 2006-4F; Nationstar Mortgage LLC, d/b/a "Mr. Cooper" and Xome Inc.*

Arthur Ortiz, WSBA #26676
The Law Office of Arthur Ortiz
3015 California Ave. S.W., No. 203
Seattle, WA 98136
arthur@aeolegal.com
Phone: (206) 898-5704
*Attorney for Plaintiff, Mr. George El-Shawary*

I declare the foregoing is true and correct.

DATED this 29th day of April, 2020 in Seattle, King County, Washington.

_____
Arthur E. Ortiz, WSBA No. 26676

PLTFF.'S RESP. TO DEFS.' MOT. TO EXTEND
DISPOSITIVE MOTS. DEADLINE
2:18-cv-01456-JCC
Page - 7

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704   arthur@aeolegal.com