THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

10

11

12

13

14

15

16

| | |
|---|---|
| GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident, <br><br>                   Plaintiff, <br><br>      v. <br><br> U.S. BANK NATIONAL ASSOCIATION as Trustee for GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS THROUGH CERTIFICATE SERIES 2006-4F *et al.*, <br><br>                  Defendants. | CASE NO. C18-1456-JCC <br><br> ORDER |

17

18

19

20

21

22

23

      This matter comes before the Court on Plaintiff's motion for leave to file a second amended complaint (Dkt. No. 41). When deciding whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2), courts consider four factors: (1) undue delay, (2) bad faith, (3) prejudice to the opposing party, and (4) futility. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Those factors are weighed "with all inferences in favor of granting the motion" because Rule 15 instructs that "court[s] should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *Griggs*, 170 F.3d at 880.

24

25

26

      Defendants do not argue that these factors weigh against granting leave; indeed, Defendants have not filed any papers in opposition to Plaintiff's motion. The Court construes Defendants' decision to not file opposition papers "as an admission that the motion has merit."

ORDER
C18-1456-JCC
PAGE - 1

1    *See* W.D. Wash. Local Civ. R. 7(b)(2). The Court also independently finds that granting leave is

2    appropriate.[1] The Court therefore GRANTS Plaintiff's motion for leave to file a second amended

3    complaint (Dkt. No. 41). However, the Court ORDERS Plaintiff to file a revised amended

4    complaint that conforms with the Court's recent order granting in part Defendants' motion for

5    judgment on the pleadings. (*See* Dkt. No. 51 at 10) (dismissing Plaintiff's 12 U.S.C. § 2607

6    claims against Nationstar and Xome, Plaintiff's 12 U.S.C. § 2605(e) claim against Nationstar,

7    Plaintiff's FDCPA claims, and Plaintiff's negligent misrepresentation claim against Xome).

8    Plaintiff must file the revised amended complaint within 21 days of the date of this order.

9          DATED this 9th day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[1] Although the Court grants Plaintiff leave to amend his complaint to add McCarthy & Holthus L.L.P. ("M&H") as a defendant, the Court makes no finding as to whether Plaintiff's claims against M&H are meritorious. Once M&H has been served, M&H is free to seek dismissal of any or all of the claims against it.

ORDER
C18-1456-JCC
PAGE - 2