THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUIRGUIS, a.k.a., GEORGE, EL-SHAWARY, a Washington Resident,<br><br>                    Plaintiff,<br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION as Trustee for GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F *et al.*,<br><br>                    Defendants. | CASE NO. C18-1456-JCC<br><br>MINUTE ORDER |

The following minute order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on Defendant's motion to extend the dispositive motions deadline (Dkt. No. 44). The Court finds good cause to extend the deadline.[1] The Court ruled only recently on Defendants' motion for judgment on the pleadings and Plaintiff's motion

---

[1] Plaintiff argues that Defendants moved to extend the dispositive motions deadline after the deadline expired. (Dkt. No. 45 at 3.) Plaintiff is wrong. The Court set April 23, 2020, as the dispositive motions deadline. (Dkt. No. 39 at 1.) When the Court sets a deadline, the deadline for electronic filings expires at midnight on the last day of the deadline. Fed. R. Civ. P. 6(4)(A). Defendants electronically filed their motion before midnight on April 23, 2020. (Dkt. No. 44 at 5.) Therefore, Defendants filed their motion before the dispositive motions deadline expired.

MINUTE ORDER
C18-1456-JCC
PAGE - 1

for leave to amend. (Dkt. Nos. 51–52.) These rulings significantly changed the contours of this case, and the parties should have additional time to tailor their dispositive motions to reflect those changes. Furthermore, giving the parties additional time to file dispositive motions will not open the case to further discovery or delay the trial, which is has been continued due to the COVID-19 pandemic. Consequently, extending the dispositive motions deadline will not prejudice any party.[2]

      For the foregoing reasons, the Court GRANTS Defendants' motion and ORDERS the parties to any file dispositive motions within 60 days of the date this order is issued. If a party wishes to extend the dispositive motions deadline further, they must show good cause to do so.

      DATED this 8th day of July 2020.

William M. McCool  
Clerk of Court

s/Tomas Hernandez  
Deputy Clerk

---

[2] In Plaintiff's response, Plaintiff—without evidence—accuses Defendants of requesting an extension in a bad-faith attempt to avoid settlement. (Dkt. No. 45 at 5) ("Defendants desire for an additional three month extension of the dispositive motions deadline belies their real motive to avoid consummating a settlement and force plaintiff to incur more dispositive-motion-related costs (otherwise, what is the point of requesting the extention [sic]?)"). The Court strongly urges Plaintiff to avoid this type of *ad hominem* attack. Accusing an opposing party of litigating in bad faith is a serious charge. It is not a charge to be made lightly and without any support.

MINUTE ORDER  
C18-1456-JCC  
PAGE - 2