The Honorable John C. Coughenour

Arthur E. Ortiz, WSBA No. 26676
The Law Office of Arthur E. Ortiz
6015 California Ave. S.W., No. 203
Seattle, WA 98136
telephone:   (206) 898-5704
e-mail:  arthur@aeolegal.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident,<br><br>            Plaintiff,<br><br>      vs.<br><br>U.S. BANK NATIONAL ASSOCIATION as Trustee for GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE L.L.C., d/b/a "MR. COOPER", a foreign company; MCCARTHY & HOLTHUS LLP, a foreign company, and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON solely as a nominal party and Trustee under RCW 61.24.130 *et seq*.<br><br>            Defendants. | No.  2:18-cv-1456-JCC<br><br>PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF NO. 54]<br><br>Note for Motion Calendar: August 21, 2020 |

Plaintiff, George El-Shawary, by and through his undersigned counsel, hereby files his response in opposition to defendants' Rule 12(f) motion to strike, and asserts as follows:

## I. INTRODUCTION

Plaintiff, George El-Shawary, filed is second amended complaint ("SAC") on July 30, pursuant to the Court's orders at Dkt. No. 51 and Dkt. No. 52. Plaintiff updated the complaint to address events that occurred after filing the motion for leave to file a second amended complaint on February 6, 2020

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
    Page - 1

Arthur  E. Ortiz, Attorney
6015 California Ave. S.W., No. 203
Seattle, Washington 98136
Tel 206-898-5704    arthur@aeolegal.com

(*See* Dkt. No. 41) and before the Court's deadline for plaintiff's filing of the second amended complaint, July 30, 2020 (*See* Dkt. No. 52, pg. 2). *See infra,* VI. CONCLUSION, pgs.9-10.

## II.  FACTS

At no time from February 6 to July 30 did Nationstar object to the Second Amended Complaint. Since February 6, 2020 and through July 30, 2020 Nationstar and its representatives attended five foreclosure mediation sessions held on, July 2, 2019, March 20, 2020, April 3, 2020, June 12, 2020, and finally on July 17, 2020. At the March 20th foreclosure mediation session, Nationstar made a modification offer that plaintiff countered upon finding elements of the modification which violated Washington's Foreclosure Fairness Act, also known as RCW 61.24.163 (*and hereinafter* "FFA".)  Nationstar's response was tantamount to "take it, or leave it," because the offer had been pre-approved and there was no way to change it. Upon further discussion, it was agreed between the parties to continue the foreclosure mediation to another session while the lawyers discuss the offered modification.

By the April 3rd foreclosure mediation session, the parties had reached a tentative mortgage loan modification agreement that included the changes plaintiff countered with at the March mediation session. The first payment on the modified loan was initially due on May 1, 2020, however by then, plaintiff's tenants were unable to meet their obligations to plaintiff due to the pandemic responsive lockdown, and plaintiff found his income severely reduced. At the April 3rd foreclosure mediation session plaintiff asked Nationstar if it could adjust the first payment be due either June or July to accommodate the effects of the COVID-19 pandemic response, and Nationstar refused to consider adjusting the start date stating the offer had been pre-approved and there was no way to change it. Nationstar attempted to persuade plaintiff to apply for a special COVID-19 forbearance representing that such a forbearance did not require approval, however when plaintiff checked the pertinent page of Nationstar's website, it was clear a COVID related forbearance did require an approved

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 2

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

application. Plaintiff also alerted, (had been alerting) Nationstar and the foreclosure mediator that plaintiff had not yet received a break-down of the capitalized expenses. Nationstar had provided some cryptic data, at one point even admitting it had capitalized up to $2,800 of mediation fees, as prohibited by RCW 61.24.163(17). Nationstar stated it did not have the break-down at hand and could not obtain the break-down of capitalized corporate expenses for the mediation session. Upon further discussion, it was agreed between the parties to continue the foreclosure mediation to another session, while Nationstar's lawyers sought a clear break-down of capitalized corporate expenses, and adjusting the start date to the then tentatively agreed upon loan modification. From April to May 15th the parties continued to discuss adjusting certain paragraphs as well as the start date. Plaintiff signed the loan modification on May 15, 2020.

Then, Nationstar's July 2nd escrow review statement informed plaintiff of a $7,150.04 escrow shortage less than two months after full execution of the mortgage modification. At no point during the foreclosure mediation sessions did Nationstar bring up the fact that escrow review was imminent and there was a shortage. Plaintiff's expert's review identified evidence in Nationstar's pay histories showing that Nationstar's total escrow lay-out and shortage was satisfied by charges against plaintiff and then capitalized into plaintiff's outstanding principal. Nationstar was unable to explain adequately how the July 2 escrow shortage was not, in actuality, collecting monies in excess of what was required to fund escrow for the remainder of 2020.

By the July 17th foreclosure mediation session, plaintiff discovered Nationstar prohibited his online access to his account to make instant monthly mortgage payments. Nationstar stated at the mediation session that it would not permit plaintiff's access to his mortgage account online because of the pending litigation. By July 17th, Nationstar was reporting that it had not received plaintiff's mailed payment for July. Plaintiff had mailed his first payment, around July 2nd, and then followed up with 2-day delivery of a duplicate payment when Nationstar informed him it had not received the first payment. During the first week of August, plaintiff received Nationstar's monthly mortgage statement

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 3

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

dated July 20, stating he was two payments behind. Nationstar reported to plaintiff that both his payment were applied July 23, 2020.

On July 24, 2020, the foreclosure mediator emailed the parties her findings contained in her foreclosure mediation certification. Dkt. No. 54-1. The foreclosure mediator overlooked Nationstar's numerous acts violating their duty of good faith under RCW 61.24.163, but did state a concern that,

> Foreclosure mediator is concerned regarding borrower's payment and communications options for his present modified loan. Due to pending litigation, beneficiary is blocking Mr. Elsharawy from making electronic and automatic payments on the loan and from access and communication regarding his account, except for his monthly statements.

Dkt. No. 54-1, pg. 2. The foreclosure mediator's certification also memorialized Nationstar's personal attendance via employees with titles such as "Default Case Analyst" and "Litigation Ambassador Principal," as well as Nationstar's legal representation.

### III.   ISSUE

Whether Rule12(f) authorizes granting defendants' motion to strike.

### IV.  AUTHORITY

A court may strike any "redundant, immaterial, impertinent or scandalous matter," from a pleading. FRCP 12(f).  "Redundant" allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Gilbert v. Eli Lilly Co., Inc.,* 56 F.R.D. 116, 121, n. 4 (D.P.R.1972). "Immaterial" means that the matter has no bearing on the controversy before the court. *Fantasy, Inc. v. Fogerty,* 984 F.2d 1524, 1527 (9th Cir. 1993)(*citing* 5A Charles A. Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d, §1382, pp. 706-07, 711 (1990)), rev'd. on other grounds by *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 114 S.Ct. 1023, 127 L.Ed.2d 455 (1994). An "Impertinent" matter consists of statements that do not pertain, and are not necessary, to the issues in question. *Johnson v. U.S. Bancorp,* No. C11-02010 RAJ, Dkt. No. 58, pg.s 13-15 (U.S.D.C., W.D.

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 4

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704       arthur@aeolegal.com

Wash., Dec. 18, 2012) *citing Campagnolo S.R.L. v. Full Speed Ahead, Inc.,* 258 F.R.D. 663, 665 (W.D. Wash. 2009). "Scandalous" includes allegations that cast a cruelly derogatory light on a party or other person. *In re 2TheMart.com, Inc., Sec. Lit.*, 114 F.Supp.2d 955, 965 (C.D. Cal., 2000).

A motion to strike is, "looked on with disfavor because of the tendency for such motions to be asserted for dilatory purposes." *Loops LLC v. Amercare Products, Inc.*, 636 F.Supp.2d 1128, 1138 (W.D. Wash., 2008) *citing* S C Wright & Miller, Federal Practice & Procedure, Civil § 13 80 at 783 (1969). Motions to strike should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more parties. *Johnson v. U.S. Bancorp,* No. C11-02010 RAJ, Dkt. No. 58, pg. 14, (U.S.D.C., W.D. Wash., Dec. 18, 2012) *citing In re UTStarcom, Inc. Sec. Litig.,* 617 F.Supp.2d 964, 969 (N.D. Cal. 2009).

## V.  ARGUMENT

Referring to certain paragraphs in the second amended complaint ("SAC"), filed on July 30, 2020 (Dkt. No. 54), defendants take issue with the following additional pleadings not included in the proposed SAC as filed on February 6, 2020 (Dkt. No. 41);

- ¶¶36-53, allegations related to the most recent foreclosure mediation and a recent loan modification, ECF No. 54 at 6-9;
- ¶¶82-98, adding a new CPA "count III" against U.S. Bank, Nationstar and McCarthy, *id.* at 16-21; and
- ¶117, adding new allegations supporting the FDCPA claim against Nationstar and McCarthy, *id.* at 26-27.[1]

The above listed pleadings will be referred throughout as "plaintiff's additional pleadings."

Plaintiff's additional pleadings do not fit Rule 12(f)'s categories of redundant, immaterial, impertinent or scandalous matters, nor do the pleadings lack a logical connection to the controversy

---

[1] The adjustments made to the Fair Debt Collections Practices Act ("FDCPA") claim comforms with the Court's order wherein it dismissed the claim *without prejudice.*

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 5

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

at issue, and the additional pleadings prejudice no party. *Bund v. Safeguard Properties LLC*, No, C16-920MJP, Dkt. No. 204, pg.s 18-20, (U.S.D.C. W.D. Wash., Jan. 12, 2018)

### A. The Additional Pleadings Are Not Redundant.

None of the additional pleading are redundant because they do not repeat facts occurring prior to February of 2020 when the proposed second amended complaint was filed with the motion for leave to amend. Dkt. No. 41-3. The added claims specifically report Nationstar's conduct in foreclosure mediation after the proposed second amended complaint was filed with the motion for leave to amend. Therefore the additional pleadings sought to be stricken update the allegations of Nationstar's loan default mitigation evasion as opposed to needlessly repeating the same allegations.

Also, plaintiff's additional pleadings are not repetitive because the FFA is specific about what mediator certification refers to what Notice of Default, and they are separate. The FFA states that, "[T]he mediator's certification that the beneficiary failed to act in good faith in mediation constitutes a defense to the nonjudicial foreclosure action *that was the basis for initiating the mediation*. Emph. added, RCW 61.24.163(14)(a).

### B. The Additional Pleadings Are Not Immaterial.

Motions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation. *Colaprico v. Sun Microsystem, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991). The additional pleadings sought to be stricken have a significant bearing on the controversy before the court. Because the second foreclosure mediator overlooked Nationstar's violation of the duty of good faith under RCW 61.24.163, and did not certify Nationstar's lack of good faith on plaintiff's second effort in foreclosure mediation, plaintiff must now plead facts that permit the inference to be drawn that Nationstar's actions were unfair and deceptive acts in trade or commerce, in addition to impacting the public, being injurious, and causing the alleged injury. *See Hangman Ridge Training Stables v. Safeco title Insurance Co.,* 105 Wn.2d 778, 784-785, 719 P.2d 532, 535 (Wash. 1986).

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 6

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

The foreclosure mediator's certification of July 24 denied plaintiff the benefit of RCW 61.24.135(2) which would have established the first two elements of plaintiff's Consumer Protection Act claim by conferring *per se* status on those elements of his claim, namely, unfair and deceptive acts in trade or commerce. RCW 61.24.135(2). Plaintiff must now, and did, plead facts sufficient to show Nationstar's unfair and deceptive acts in trade or commerce. Therefore the additional pleadings with regard to specific violations of the FFA are significantly material to plaintiff's claim that despite the foreclosure mediator's oversight and failing to acknowledge Nationstar's lack of good faith, plaintiff still meets every element of his Consumer Protection Act claim regarding the foreclosure mediation effort ending with the mediator's certification of July 24, 2020.

Moreover, without the SCA's additional count, the additional facts may seem immaterial and impertinent to the claims regarding the first foreclosure mediation certification of October 4, 2017, but they are material and pertinent to plaintiff's claims, as of July 24, that despite the foreclosure mediator's certification of July 24, 2020, defendants' participation lacked the statutorily required good faith under RCW 61.24.163.

**C.     The Additional Pleadings Are Not Impertinent.**

The additional pleadings defendants seek to strike consist of allegations that pertain, and are necessary, to determining whether Nationstar and McCarthy Holthus lacked good faith in their participation in foreclosure mediation on plaintiff's second referral into the foreclosure mediation program.  There is currently no way to appeal, or request the administrative review of a foreclosure mediator's certification. Without an accurate and non-dissonant certification of Nationstar's participation, the additional allegations plaintiff made in his second amended complaint are necessary to understanding what actually occurred in foreclosure mediation, which in turn, is pertinent to establishing plaintiff's the additional CPA claim.

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 7

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704     arthur@aeolegal.com

### D. The Additional Pleadings Are Not Scandalous.

Plaintiff's additional pleadings are not casting a cruelly derogatory light on Nationstar, but are rather illuminating Nationstar's cruel derogation of its duty to mediate in good faith under RCW 61.24.163. The additional pleadings are merely fact applied to law. The facts included and allegations made are not scandalous but simply explain how Nationstar prolonged plaintiff's mortgage loan default mitigation again, for over a year.

### E. The Additional Pleadings Are Logically Connected To The Controversy at Issue and Will Not Prejudice One or More Parties.

Motions to strike are generally disfavored, and "should be denied unless the matter has no logical connection to the controversy at issue and may prejudice one or more parties. *In re UTStarcom, Inc. Sec. Litig.,* 617 F.Supp.2d 964, 969 (N.D. Cal. 2009).

#### 1. Plaintiff's additional pleadings are logically connected to the controversy at issue

The additional pleadings update Nationstar's continued efforts to undermine plaintiff's default mitigation process. The additional pleadings evince a logical continuation of Nationstar's stance of mitigation evasion and process subversion identified in the first foreclosure mediation certification which acknowledged Nationstar's lack of good faith under RCW 61.24.163. The additional pleadings logically connect plaintiff's ongoing effort to mitigate his default in the face of Nationstar's defiantly unfair and deceptive default mitigation evasion.

#### 2. Plaintiff's additional pleadings will not prejudice anyone.

Courts often require a showing of prejudice by the moving party before granting a motion to strike, and ultimately, whether to grant a motion to strike lies within the sound discretion of the district court. *Cal. Dept. of Toxic Substances Control v. Alco Pacific, Inc*, 217 F.Supp.2d 1028, 1033 (C.D.Cal.2002) (*citing* Fantasy, Inc.v. Fogerty, 984 F.2d 1524, 1528 (9th Cir.1993**)**

Plaintiff did not plead how such amendments would be futile or prejudice any defendant.*See Johnson v. U.S. Bancorp,* No. C11-02010 RAJ, Dkt. No. 58, pg. 14, (U.S.D.C., W.D. Wash., Dec. 18, 2012)(the court denied the motion to strike portions of an amended complaint because the defendant

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 8

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

in that case failed to demonstrate how allowing additional pleading containing background facts to remain would result in a significant discovery burden.) Moreover, plaintiff's additional pleadings are also within the ambit of Nationstar's personal knowledge. Nationstar was in attendance either in person or by phone, and present, during the events alleged in plaintiff's additional pleadings. Most, if not all, the facts alleged in plaintiff's additional pleadings cannot be reasonably denied.

Defendants' citation to *Bykov v. Rosen,* No. C15-0713-JCC, 2017 WL 5756593, at *1 (W. D. Wash. Nov. 28, 2017) does not change the outcome here. Collateral estoppel was the reason the court granted the motion to strike in *Bykov*, which is not remotely similar or supportive of the instant motion, and citation to *U.F. C. W Local 45 Health and Welfare Fund v. JD. 's Market,* 240 F.R. D. 149, 154 (D.N.J. 2007) ignores the fact that defendants may still challenge the filed SAC either for its sufficiency or for summary judgment.

## VI.    CONCLUSION

A motion to strike "may be proper if it will make the trial less complicated or if allegations being challenged are so unrelated to plaintiffs claims as to be unworthy of any consideration." *Thornton v. Solutionone Cleaning Concepts, Inc.,* No. CIV F 06- 455 AWi SMS, 2007 WL 210586, at *1 (E.D. Cal. Jan. 26, 2007). The motion to strike here offers no such benefit, and granting the motion would prejudice plaintiff because it limits his claims to exclude events occurring during his second effort to mediate his mortgage default under the FFA. Defendants protest plaintiff's additional pleadings, but provide no authority or analysis showing how defendants are prejudiced or that plaintiff's additional pleadings are futile in substance or so unrelated to plaintiffs claims as to be unworthy of any consideration.

The court's order at Dkt. No. 51, on July 1, 2020, dismissed plaintiff's FDCPA claim without prejudice specifically pointing out the allegations in the response to defendants' motion for judgment

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 9

ARTHUR  E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

that were missing from the proposed second amended complaint and indicated Rule 15. But then on July 9, 2020, the court stated the following,

> The Court construes Defendants' decision to not file opposition papers "as an admission that the motion has merit." See W.D. Wash. Local Civ. R. 7(b)(2). The Court also independently finds that granting leave is appropriate. The Court therefore GRANTS Plaintiffs motion for leave to file a second amended complaint (Dkt. No. 41). However, the Court ORDERS Plaintiff to file a revised amended complaint that conforms with the Court's recent order granting in part Defendants' motion for judgment on the pleadings.

Dkt. No. 52, pg. 1-2. To the extent there was a misunderstanding causing the subsequent July 9 order to be construed as a directive to file the revised second amended complaint for lack of opposition, plaintiff now files concurrent with this response, a motion for leave to file the second amended complaint, as filed on July 30$^h$ at Dkt. No. 54. This is intended to hopefully save the court time by providing the court with choices. For non-exhaustive examples, the court in its discretion, may deny defendants' motion to strike and leave the second amended complaint filed as is, and dismiss the concurrently filed motion for leave. Or, the court may adjudicate plaintiff's motion for leave to amend the complaint presumably mooting the instant motion to strike.

DATED this 17th day of August, 2020

_____
Arthur Ortiz, Counsel for Plaintiff

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 10

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com

CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of August, 17, 2020, I caused to be electronically filed the foregoing PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

| Witherspoon ♦ Kelley | AKERMAN LLP |
|---|---|
| Christopher G. Varallo, WSBA #29410<br>Steven J. Dixson, WSBA #38101<br>422 W. Riverside Avenue, Suite 1100<br>Spokane, WA 99201-0300<br>cgv@witherspoonkelley.com<br>sjd@witherspoonkelley.com<br>Phone: (509) 624-5265<br>*Attorneys for Defendants U.S. Bank National Association as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Passthrough Certificate Series 2006-4F; Nationstar Mortgage LLC, d/b/a "Mr. Cooper" and Xome Inc.* | Taylor T. Haywood, *Admitted Pro Hac Vice*<br>1900 Sixteenth Street, Suite 1700<br>Denver, Colorado 80202<br>taylor.haywood@akerman.com<br>Phone: (303) 260-7712<br><br>*Attorney for Defendants U.S. Bank National Association as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Passthrough Certificate Series 2006-4F; Nationstar Mortgage LLC, d/b/a "Mr. Cooper" and Xome Inc.* |

I declare the foregoing is true and correct.

DATED this 17th day of August, 2020 in Seattle, King County, Washington.

_____
Arthur E. Ortiz, WSBA No. 26676

**PLTFF.'S RESP. IN OPP. TO DEF.S' RULE 12 (f) MOT. TO STRIKE**
**NOTED August 21, 2020**
Page - 11

ARTHUR E. ORTIZ, ATTORNEY
6015 CALIFORNIA AVE. S.W., NO. 203
SEATTLE, WASHINGTON 98136
TEL 206-898-5704    arthur@aeolegal.com