The Honorable John C. Coughenour

Christopher G. Varallo, WSBA No. 29410
Steven J. Dixson, WSBA No. 38101
WITHERSPOON · KELLEY
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Phone:  (509) 624-5265
Fax:  (509) 458-2728
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com

Taylor T. Haywood, *Admitted Pro Hac Vice*
Akerman LLP
1900 Sixteenth Street, Suite 1700
Denver, CO 80202
Phone:  (303) 640-2531
Fax:  (303) 260-7714
taylor.haywood@akerman.com

*Attorneys for defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Pass-Through Certificate Series 2006-4F and Nationstar Mortgage LLC d/b/a "Mr. Cooper"*

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION as TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE L.L.C d/b/a "MR. COOPER", a foreign company; and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON solely as a nominal party and Trustee under RCW 61.24.130 et seq.<br><br>Defendants. | Case No.  2:18-cv-01456-JCC<br><br>**REPLY SUPPORTING MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT [ECF NO. 62]** |

REPLY SUPPORTING MOTION TO STRIKE PORTIONS
OF SECOND AMENDED COMPLAINT - 1
Case No.  2:18-cv-01456-JCC

54260089;1

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

Defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F, Mortgage Pass-Through Certificates Series 2006-4F and Nationstar Mortgage LLC d/b/a Mr. Cooper reply supporting their motion to strike portions of plaintiff Guirguis a/k/a George El-Shawary's second amended complaint, ECF No. 62.

## I. INTRODUCTION

Mr. El-Shawary concedes he took liberties in filing his second amended complaint, adding "update[s]" to address events allegedly occurring after the court granted leave to amend. He asks this court to overlook this flagrant violation of Rule 15 because his new allegations are "not redundant," "not immaterial," "not impertinent" and "cannot reasonably be denied." The court should reject his arguments. The court allowed Mr. El-Shawary to file his proposed second amended complaint with updates to account for the order granting in part and denying in part U.S. Bank and Nationstar's motion for judgment on the pleadings. It did not grant leave to add any and all claims and allegations Mr. El-Shawary desired. The court should strike all allegations beyond the scope of leave to amend.

## II. ARGUMENT

Mr. El-Shawary asks this court to decline to strike his new allegations because they are "not redundant," "not immaterial," and "not impertinent." (ECF No. 63 at 6-8.) He protests these allegations are "not redundant" because they "do not repeat facts occurring prior to February of 2020 when the proposed second amended complaint was filed." (*Id.* at 6.) He claims they are "not immaterial" and "not impertinent" because they support his "additional CPA claim" and "his claim . . . defendants' participation [in the recent FFA mediation] lacked the statutorily required good faith[.]" (*See* id. at 7.) These arguments are red herrings. Mr. El-Shawary never obtained leave to add allegations post-dating the proposed second complaint. Nor did he obtain leave to file a new CPA claim, or assert any claims arising from the recent FFA mediation.

Mr. El-Shawary's prejudice argument is equally meritless. (ECF No. 63 at 8-9.) According to Mr. El-Shawary, the court should find his new allegations cannot cause prejudice because they "are . . . within the ambit of Nationstar's personal knowledge" and "cannot

REPLY SUPPORTING MOTION TO STRIKE PORTIONS
OF SECOND AMENDED COMPLAINT - 2
Case No. 2:18-cv-01456-JCC

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: 303-260-7712

54260089;1

1  reasonably be denied." (*Id.* at 8-9.)  This asks the court to disregard Rule 15's requirement
2  parties must seek leave to amend.  It also overlooks the fact discovery has closed, the
3  dispositive motions deadline is weeks away, and Nationstar and U.S. Bank have had zero
4  opportunity to investigate Mr. El-Shawary's new allegations, including, for instance, his
5  demand "for a total compensation of over $289,835.15" on his new CPA claim.  (ECF No. 62-1
6  at ¶98.)  Nationstar and U.S. Bank should not be subject to trial by ambush.  The federal rules
7  do not allow it.  *See e.g., Woods v. Int'l Harvester Co.*, 697 F.2d 635, 639 (5th Cir. 1983)
8  ("[T]rial by ambush is not contemplated by the Federal Rules of Civil Procedure.")

9       Mr. El-Shawary cites *Colaprico* for the proposition motions to strike "should not be
10 granted unless it is clear that the subject matter to be stricken could have no possible bearing on
11 the subject matter of the litigation." (ECF No. 63 at 6.)  *Colaprico* is inapposite.  There the
12 court did not address whether the plaintiff exceeded the scope of leave to amend.  *See*
13 *Colaprico v. Sun Microsys., Inc.*, 758 F. Supp. 1335, 1349 (N.D. Cal. 1991).

14      Mr. El-Shawary's argument *Bykov* "does not change the outcome here" because
15 "[c]ollateral estoppel was the reason the court granted the motion to strike" is incorrect as well.
16 (ECF No. 53 at 9.)  In *Bykov*, the court "constrained Plaintiff's leave to amend his pleadings to
17 assertions that do not contradict judicially noticed records," which included "rulings pertaining
18 to Plaintiff's probation hearings and appeals." *Bykov v. Rosen*, No. C15-0713-JCC, 2017 WL
19 5756593, at 1 (W.D. Wash. Nov. 28, 2017).  The court struck the portions of the second
20 amended complaint that were inconsistent with its order—*i.e.*, those the Ninth Circuit
21 previously found barred by collateral estoppel. *Id.* at *2.  It did not apply collateral estoppel to
22 strike certain allegations as Mr. El-Shawary claims.  (ECF No. 53 at 9.)  It instead struck the
23 "portions of the SAC that clearly and directly contradict [the court's] limitations as immaterial
24 and impertinent." *Bykov*, 2017 WL 5756593, at *2.
25 ///
26 ///
27 ///
28 ///

REPLY SUPPORTING MOTION TO STRIKE PORTIONS
OF SECOND AMENDED COMPLAINT - 3
Case No.  2:18-cv-01456-JCC

54260089;1

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

Finally, the court should strike the new allegations supporting Mr. El-Shawary's FDCPA claim (*i.e.*, paragraph 117 of the SAC) despite Mr. El-Shawary's argument "the adjustments made . . . conform[] with the Court's order[s]."[1]  (ECF No. 63 at 5 n.1.)  The court dismissed this claim without prejudice then stated, "If plaintiff wishes to amend his complaint, he may seek leave to amend[.]"  (ECF No. 51 at 7.)  Mr. El-Shawary did not seek leave to amend after the court entered its order, he just added new allegations supporting his claim.  (ECF No. 62-1 at ¶117.)

### III.  CONCLUSION

Mr. El-Shawary admittedly filed a pleading exceeding the scope of leave to amend. The court should strike the offending allegations, *i.e.*, paragraphs 36 to 53, 82 to 93 and 117 from the second amended complaint, ECF No. 54.

///

///

///

///

///

///

///

///

///

///

///

///

///

---

[1] U.S. Bank and Nationstar's motion incorrectly stated the SAC does not include the FDCPA claim resolved by the order granting in part and denying in part their motion for judgment on the pleadings.  (ECF No. 62 at 3:23-24.)  Mr. El-Shawary did re-file this claim.  (*See* ECF No. 62-1 at ¶¶115-31.)  Page 3, lines 23-24 of U.S. Bank and Nationstar's motion should instead read: "The pleading does not include the RESPA and professional negligence claims resolved by the motion for judgment on the pleadings . . . "

REPLY SUPPORTING MOTION TO STRIKE PORTIONS OF SECOND AMENDED COMPLAINT - 4
Case No.  2:18-cv-01456-JCC

**AKERMAN LLP**
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

54260089;1

1 | Respectfully submitted, this the 21st day of August, 2020.

**WITHERSPOON · KELLEY**

*/s/ Christopher G. Varallo*
Christopher G. Varallo, WSBA #29410
Steven J. Dixson, WSBA #38101
cgv@witherspoonkelley.com
sjd@witherspoonkelley.com
422 W. Riverside Avenue, Suite 1100
Spokane, WA  99201-0300
Phone:  (509) 624-5265
Fax:   (509) 458-2728

**AKERMAN LLP**

*/s/ Taylor T. Haywood*
Taylor T. Haywood, *Admitted Pro Hac Vice*
taylor.haywood@akerman.com
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Phone: (303) 260-7712
Facsimile: (303) 260-7714

*Attorneys for defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Pass-Through Certificates Series 2006-4 and Nationstar Mortgage LLC*

REPLY SUPPORTING MOTION TO STRIKE PORTIONS
OF SECOND AMENDED COMPLAINT - 5
Case No.  2:18-cv-01456-JCC

AKERMAN LLP
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:  303-260-7712

54260089;1