THE HONORABLE JOHN C. COUGHENOUR

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  GUIRGUIS EL-SHAWARY,                          CASE NO. C18-1456-JCC

10                          Plaintiff,            ORDER

11          v.

12  US BANK NATIONAL ASSOCIATION as
   Trustee for GSR MORTGAGE LOAN TRUST
13  2006-4F MORTGAGE PASS-THROUGH
   CERTIFICATE SERIES 2006-4F *et al.*,
14

15                          Defendant.

16

17          This matter comes before the Court on Defendants' motion to strike portions of

18  Plaintiff's Second Amended Complaint (Dkt. No. 62), Plaintiff's second motion for leave to file

19  a second amended complaint (Dkt. No. 64), Defendants' motion for partial summary judgment

20  (Dkt. No. 71), and Defendants' motion to reopen discovery and extend the dispositive motions

21  deadline (Dkt. No. 75). Having thoroughly considered the parties' briefing and the relevant

22  record, the Court finds oral argument unnecessary and hereby DENIES Defendants' motion to

23  strike, GRANTS Plaintiff's motion for leave to amend, GRANTS in part Defendants' motion to

24  reopen discovery and extend the dispositive motions deadline, and DENIES without prejudice

25  Defendants' motion for partial summary judgment.

26          //

# I.     BACKGROUND

Plaintiff filed the original complaint in this matter on October 3, 2018, and an amended complaint on March 11, 2019. (*See* Dkt. Nos. 1, 16.) Defendants moved for judgment on the pleadings on November 20, 2019. (*See* Dkt. No. 36.) While Defendants' motion was pending, Plaintiff moved for leave to file a second amended complaint, which was attached to the motion as an exhibit. (*See* Dkt. Nos. 41, 41-3.) Based on the proposed amended complaint, Defendants did not oppose. (*See* Dkt. No. 62 at 3.) The Court later granted in part and denied in part Defendants' motion for judgment on the pleadings. (*See* Dkt. No. 51.) That same day, the Court granted Plaintiff's motion for leave to amend but ordered Plaintiff to revise the amended complaint so that it "conform[ed] with the Court's recent order granting in part Defendants' motion for judgment on the pleadings." (Dkt. No. 52 at 2.)

A few weeks later, Plaintiff filed a second amended complaint that includes new allegations that were not included in Plaintiff's proposed amended complaint. (*See* Dkt. No. 54 at 1–2 (admitting that the amended complaint was "updated to reflect additional relevant facts occurring since the filing of plaintiff's motion [for leave to amend] on February 6, 2020"); *see also* Dkt. No. 62-1.)

Defendants promptly moved to strike the new allegations and Plaintiff moved for leave to maintain the second amended complaint as filed. (*See* Dkt. Nos. 62, 64.) On the date of the dispositive motions deadline, Defendants moved for partial summary judgment, but also moved to reopen discovery and extend the dispositive motions deadline should the Court allow Plaintiff to add the new allegations to the second amended complaint. (*See* Dkt. Nos. 71, 75.)

# II.    DISCUSSION

Plaintiff admits that the second amended complaint was "updated to reflect additional relevant facts occurring since the filing of plaintiff's motion [for leave to amend] on February 6, 2020," (Dkt. No. 54 at 1–2), but appears to suggest that the Court's order conditioning leave to amend on the new complaint "conform[ing] with the Court's . . . order granting in part

1    Defendants' motion for judgment on the pleadings" granted him leave to add these new

2    allegations. It did not, nor is that a reasonable interpretation of the order. First, the new

3    allegations were not presented to the Court in any form. They were not included in the proposed

4    amended complaint, nor were they described in the motion for leave to file it. (*See* Dkt. Nos. 41,

5    41-3.) Therefore, the Court could not have granted Plaintiff leave to add them. Next, the Court's

6    order conditioning leave to amend on the new complaint "conform[ing] with the Court's . . .

7    order granting in part Defendants' motion for judgment on the pleadings" required Plaintiff to

8    *narrow* his proposed amended complaint; it did not grant Plaintiff leave to broaden it. Therefore,

9    the new allegations clearly exceed the Court's leave.

10    **A.  Motion to Strike**

11    Plaintiff argues that the Court lacks the power to strike the new allegations under Federal

12    Rule of Civil Procedure 12(f) because they are not "redundant, immaterial, impertinent, or

13    scandalous." Fed. R. Civ. P. 12(f). The Court is skeptical of Plaintiff's argument but need not

14    examine the precise boundaries of the Court's power under Rule 12(f) because the Court has the

15    inherent power "to strike items from the docket as a sanction for litigation conduct." *Ready*

16    *Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). Here, Plaintiff improperly

17    filed a complaint without Defendants' consent and without the Court's leave. *See* Fed. R. Civ. P.

18    15(a)(2). It would be entirely appropriate for the Court to strike Plaintiffs' new allegations as a

19    sanction for this conduct. However, in light of the Court's disposition of Plaintiff's motion for

20    leave to amend, the Court declines to strike the new allegations and DENIES Defendants'

21    motion to strike.

22    **B.  Motion for Leave to Amend**

23    After Defendants moved to strike Plaintiff's new allegations, Plaintiff moved for leave to

24    amend. (*See* Dkt. No. 64.) Defendants do not argue that Plaintiff's new allegations related to the

25    parties' most recent foreclosure modification mediation and modification (Dkt. No. 54 at ¶¶ 36–

26    53, 82–98) are improper under Rule 15. (*See* Dkt. No. 68 at 3–4.) Instead, Defendants' only

1    objection to Plaintiff adding those allegations is that Plaintiff did not argue that there is good

2    cause to amend the complaint after the deadline in the scheduling order. (*See id.*) Defendants are

3    correct that when a party moves to amend a pleading after the deadline in the scheduling order,

4    the Court must first determine whether there is good cause to amend the scheduling order before

5    analyzing whether the proposed amendment is proper under Rule 15. *See Johnson v. Mammoth*

6    *Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992). Defendants are also correct that in light

7    of Plaintiff's failure to address Rule 16 in his motion for leave to amend, the Court could deny

8    the motion for leave to amend as untimely. *See id.* at 608–09. But the Court may also construe an

9    untimely motion for leave to amend as a motion to amend the scheduling order and does so here.

10   *See Akey v. Placer Cty.*, 2017 WL 1831944, slip. op. at 7 (E.D. Cal. 2017).

11        The Court may modify a scheduling order if a party demonstrates "good cause." Fed. R.

12   Civ. P. 16(b)(4). The good cause standard focuses primarily on "the diligence of the party

13   seeking the" modification. *Johnson*, 975 F.2d at 609. There is good cause to modify a deadline in

14   a scheduling order if "it cannot reasonably be met despite the diligence of the party seeking the

15   extension." *Id.* (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment).

16   Plaintiff moves for leave to add allegations about events that occurred primarily between March

17   and July 2020, (*see* Dkt. No. 54 at ¶¶ 36–53, 82–98), which is after the October 11, 2019

18   deadline for amending the pleadings in the scheduling order, (*see* Dkt. No. 21). Plaintiff moved

19   to amend the complaint shortly after the parties' most recent round of foreclosure mediation

20   concluded, (Dkt. No. 64), and Defendants do not argue that Plaintiff was not diligent, (*see* Dkt.

21   No. 68). Under these circumstances, the Court concludes that there is good cause to modify the

22   scheduling order, and GRANTS Plaintiff's motion with respect to paragraphs 36–53 and 82–98.

23        Defendants oppose Plaintiff's motion for leave to add paragraph 117 in support of his

24   FDCPA claim, arguing that Plaintiff's proposed amendment is futile because "Mr. El-Shawary

25   cannot prove Nationstar began servicing the loan after default." (Dkt. No. 68 at 4.) Defendants

26   support their assertion with a declaration from Nationstar's Vice President and business records

ORDER
C18-1456-JCC
PAGE - 4

1    from Nationstar. (*See* Dkt. No. 69.) Defendants misunderstand the standard courts apply when

2    evaluating whether a proposed amendment to a complaint is futile.

3            The confusion appears to stem, in part, from a misunderstanding of the Ninth Circuit's

4    oft-quoted statement that "a proposed amended complaint is futile only if no set of facts can be

5    proved under the amendment to the pleadings that would constitute a valid and sufficient claim

6    or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). As an initial matter,

7    this is no longer an accurate statement of the law. *Miller* held that the test courts use to determine

8    whether a proposed amendment to a complaint is futile "is identical to the one used when

9    considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Id.* Indeed, in *Baker v.*

10    *Pacific Far East Lines, Inc.*, the case *Miller* cited in support of its holding, the court held that a

11    proposed amended complaint is futile when it "is insufficient in law and would thus be a useless

12    act." 451 F. Supp. 84, 89 (N.D. Cal. 1978). Thus, an amended complaint is futile if it fails to

13    state a claim upon which relief could be granted.

14            In 1988, when *Miller* was decided, courts analyzing the sufficiency of a complaint

15    generally followed the rule from *Conley v. Gibson* that "a complaint should not be dismissed for

16    failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts

17    in support of his claim which would entitle him to relief." 355 U.S. 41, 45–46 (1957). Since then,

18    the Supreme Court has "retire[d]" the "no set of facts" language and replaced it with the modern

19    plausibility standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007). Therefore, courts

20    must now apply the plausibility standard to proposed amended complaints. *See, e.g., Cervantes*

21    *v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1043 (9th Cir. 2011) ("[L]eave to amend

22    would be futile because the plaintiffs cannot state a plausible basis for relief.").

23            Regardless of the standard applied—whether *Twombly's* plausibility standard or *Conley's*

24    "no set of facts" standard—the result is the same: the Court must accept the Plaintiff's factual

25    allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also*

26    *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Thus, the Court may not consider Defendants'

1  allegedly contradictory evidence at this stage of the proceedings. *See Lee v. City of L.A.*, 250

2  F.3d 668, 688 (9th Cir. 2001) ("[F]actual challenges to a plaintiff's complaint have no bearing on

3  the legal sufficiency of the allegations under Rule 12(b)(6).").

4         To show that Plaintiff's proposed amendment is futile, Defendants must show that even if

5  the amendment were permitted, Plaintiff's complaint would fail "to state a claim upon which

6  relief can be granted." Fed. R. Civ. P. 12(b)(6). Defendants do not offer any argument for why

7  Plaintiff's FDCPA allegations, as amended, fail as a matter of law and the Court declines to

8  undertake its own independent analysis of that issue. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977

9  (9th Cir. 1994) (courts need "not manufacture arguments for" litigants). Therefore, the Court

10  GRANTS Plaintiff's motion for leave to amend with respect to paragraph 117.

11        **C.  Motion to Reopen Discovery and Extend the Dispositive Motions Deadline**

12         Defendants argue that if the Court grants Plaintiff leave to amend, the Court should

13  reopen discovery so Defendants can "investigate the factual bases supporting [Plaintiff's] claim

14  [and] damages." (Dkt. No. 75 at 3–4.) Plaintiff opposes. (*See generally* Dkt. No. 77.) When

15  analyzing a motion to reopen discovery, the Court considers:

16
17        1) whether trial is imminent, 2) whether the request is opposed, 3) whether
      the non-moving party would be prejudiced, 4) whether the moving party
18        was diligent in obtaining discovery within the guidelines established by the
      court, 5) the foreseeability of the need for additional discovery in light of
19        the time allowed for discovery by the district court, and 6) the likelihood
      that the discovery will lead to relevant evidence.

20  *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (quoting *United*

21  *States ex rel. Schumer v. Hughes Aircraft Co.*, 63 F.3d 1512, 1526 (9th Cir. 1995)).

22         Although the motion is opposed, most of the factors clearly favor Defendants.

23  Plaintiff did not move for leave to add paragraphs 36–53, 82–98, and 117 to the complaint

24  until after the discovery period closed so Defendants have not had an opportunity to pursue

25  discovery related to these allegations. Therefore, there is no evidence that Defendants were

26  not diligent. Further, the Court struck the trial date as a result of the COVID-19 pandemic

1    so no trial is imminent. (*See* Dkt. No. 50.) Plaintiff's argument that the Court should not

2    reopen discovery because he will be prejudiced by incurring additional costs litigating this

3    matter is not well taken. Any prejudice Plaintiff would suffer is the result of his own

4    actions. Plaintiff chose to amend his complaint after the discovery period closed, thereby

5    opening the door to additional discovery. If Plaintiff wishes to avoid the expense of

6    litigating the new allegations he may withdraw them.

7        At the same time, Defendants' arguments for why additional discovery is likely to

8    lead to relevant evidence are conclusory and sparse. The only specific discovery

9    Defendants suggest they need is quite limited. (*See* Dkt. No. 75 at 4.) And while Plaintiff's

10    amendments to the complaint warrant discovery related to Plaintiff's new allegations, they

11    do not justify a wholesale reopening of discovery or an opportunity for Defendants to

12    conduct discovery they failed to diligently pursue during the discovery period.

13    Accordingly, the Court concludes that the discovery period shall be reopened for 75 days.

14    Defendants and Plaintiff may pursue discovery related to Plaintiff's new allegations only.

15    In addition, the Court finds good cause to extend the dispositive motions deadline until 30

16    days after discovery closes.

17        **D.  Motion for Partial Summary Judgment**

18        In light of the Court's disposition of Defendants' other motions, the Court DENIES

19    Defendants' motion for partial summary judgment (Dkt. No. 71) without prejudice.

20    Because Defendants filed their motion by the deadline in the scheduling order, Defendants

21    may renew these arguments in a comprehensive summary judgment motion that must be

22    filed by the new dispositive motions deadline. Because Plaintiff did not file a dispositive

23    motion by the date in the scheduling order, Plaintiff may file a dispositive motion related

24    to his new allegations by the new deadline but may not file a dispositive motion related to

25    the allegations that were already included in his complaint. Plaintiff may, of course,

26    respond to any of the arguments Defendants make in their summary judgment motion.

1

**III.    CONCLUSION**

2

3

For the foregoing reasons, the Court DENIES Defendants' motion to strike (Dkt. No. 62),

4

GRANTS Plaintiff's second motion for leave to amend (Dkt. No. 64), GRANTS in part

5

Defendants' motion to reopen discovery and extend the dispositive motions deadline (Dkt. No.

6

75), and DENIES without prejudice Defendants' motion for partial summary judgment (Dkt. No.

7

71). The reopened discovery period shall extend 75 days from the date of this order and shall be

8

limited to discovery related to Plaintiff's new allegations. The new dispositive motions deadline

9

shall be 105 days from the date of this order.

10

DATED this 26th day of October 2020.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

John C. Coughenour
UNITED STATES DISTRICT JUDGE