THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUIRGUIS, a.k.a., GEORGE, EL-SHAWARY, a Washington Resident,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION as Trustee for GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F *et al.*,<br><br>Defendants. | CASE NO. C18-1456-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff George El-Shawary's motion to strike Defendants U.S. Bank and Nationstar's affirmative defenses (Dkt. No. 90). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.  **BACKGROUND**

On July 30, 2020, Mr. El-Shawary filed a second-amended complaint alleging negligent misrepresentation and violations of the Equal Credit Opportunity Act, the Fair Debt Collection Practices Act ("FDCPA"), and Washington's Consumer Protection Act. (Dkt. No. 54.) U.S. Bank and Nationstar ("Defendants") filed a joint answer to the second-amended complaint, and

Mr. El-Shawary moved to strike their affirmative defenses. (Dkt. Nos. 84, 85.) In response, Defendants amended their answer, Mr. El-Shawary withdrew his original motion to strike, and Mr. El-Shawary filed a new motion to strike directed at the amended answer. (Dkt. Nos. 87, 89, 90.) The amended answer alleges eight affirmative defenses, (Dkt. No. 87 at 15–17), and Mr. El-Shawary moves to strike seven of them, (Dkt. No. 90.)[1]

## II. DISCUSSION

### A. Legal Standard

Motions to strike are disfavored "because of the limited importance of pleadings in federal practice and because they are often used solely to delay proceedings." *See Zep Solar Inc. v. Westinghouse Solar Inc.*, 2012 WL 1293873, slip op. at 1 (N.D. Cal. 2012). The Court encourages counsel considering filing motions to strike affirmative defenses to carefully consider whether their limited utility outweighs the cost to their clients. Mr. El-Shawary claims that he filed the instant Rule 12(f) motion "not [to] pursu[e] form over function" but rather to "minimize costs and fees by not having to conduct discovery on matters which should have been properly pled." (Dkt. No. 91-1 at 2, 2 n.1.) The Court agrees that one of the few salutary purposes of a Rule 12(f) motion is "to avoid the expenditure of time and money that must arise from litigating spurious issues," *Sidney–Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983), but the Court is skeptical of Mr. El-Shawary's explanation because discovery closed eight months before he filed his motion and he has not moved to reopen discovery related to Defendants' affirmative defenses.[2] In addition, Mr. El-Shawary spends several pages of his motion urging the Court to strike defenses that have no impact on the scope of discovery. Regardless, the Federal Rules allow motions to strike, and the Court will address Mr. El-Shawary's. Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any

---

[1] Mr. El-Shawary filed a corrected motion to strike on November 26, 2020. (Dkt. Nos. 91, 91-1.) The Court cites to this corrected motion throughout this Order.

[2] Discovery closed March 23, 2020. (Dkt. No. 40.) The Court reopened discovery related only to the new allegations in Mr. El-Shawary's second amended complaint. (Dkt. No. 83 at 6–7.)

redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. R. 12(f).

A defense is "insufficient" under Rule 12(f) if it fails to give the plaintiff fair notice of the defense. *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1023 (9th Cir. 2010) (quoting *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). Under Federal Rule of Civil Procedure 8(b), a party must "state in short and plain terms its defenses to each claim asserted against it." A party must support an affirmative defense with "at least some facts indicating the grounds on which the defense is based, but need not include facts sufficient to demonstrate plausible entitlement to relief." *Smith v. Bank of N.Y. Mellon*, 2019 WL 3428744, slip op. at 1 (W.D. Wash. 2019) (quoting *Rosen v. Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016)). Additionally, a party's mere reference to a legal doctrine or statutory provision without specifying the legal grounds and setting forth the elements of the defense does not provide sufficient notice. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004). Courts will not strike affirmative defenses that provide fair notice unless "there are no questions of fact, . . . any questions of law are clear and not in dispute, and . . . under no set of circumstances could the claim or defense succeed." *Sifferman v. Sterling Fin. Corp.*, 2014 WL 28854, slip op. at 1 (W.D. Wash. Jan. 2, 2014) (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F.Supp.2d 556, 561 (C.D. Cal. 2005)).

### 1. Nationstar is not a "debt collector"

Defendants' first affirmative defense states: "Mr. El-Sharawy's [sic] FDCPA claim fails because the loan was current when Nationstar began servicing, and therefore Nationstar is not a 'debt collector.'" (Dkt. No. 87 at 15.) Mr. El-Shawary argues that this affirmative defense should be stricken because it is a challenge to the sufficiency of his claim rather than an affirmative defense. (Dkt. No. 91-1 at 5.) The Court agrees: "A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Defendants' first affirmative defense merely alleges that Mr. El-Shawary cannot prove one of the elements of his FDCPA claim. *See Smith*, 2019 WL

3428744, slip op. at 5 (striking purported affirmative defense alleging defendant was not a debt collector under the FDCPA).

Defendants do not dispute that this defense just denies an element of Plaintiff's FDCPA claim but argue that the Court should decline to strike it because Mr. El-Shawary will not be prejudiced if it remains in the answer. (Dkt. No. 92 at 2–3.) Courts in this district have approached "denial" affirmative defenses differently. *Compare Grande v. U.S. Bank, Nat'l Ass'n*, 2020 WL 2063663, slip op. at 3 (W.D. Wash. 2020) (declining to strike denial affirmative defense), *with Firs Home Owners Ass'n v. City of SeaTac*, 2020 WL 1441123, slip op. at 1 (W.D. Wash. 2020) (striking denial affirmative defenses). Both approaches have merit. On one hand, "denial" affirmative defenses are clearly improper. On the other, whether they remain in the answer has no practical impact as improperly pled "denial" affirmative defenses do not affect the scope of discovery. This Court's current practice is to strike denials improperly pled as affirmative defenses. *See Smith*, 2019 WL 3428744, slip op. at 1–5. The Court therefore STRIKES Defendants' first affirmative defense without leave to amend. This ruling does not preclude Defendants from arguing that Nationstar is not a debt collector in a dispositive motion, such as a motion for judgment on the pleadings or a motion for summary judgment.

2. <u>Plaintiff's Own Breach</u>

Defendants' second affirmative defense is that "Mr. El-Sharawy's [sic] claims are barred, in whole or in part, due to his own breach of the note and deed of trust." (Dkt. No. 87 at 15.) Mr. El-Shawary argues that the Court should strike this affirmative defense because "it is devoid of any context or legal authority regarding how defaulting on his loan would have barred any of his claims." (Dkt. No. 91-1 at 5.)

The Court agrees that this allegation fails to provide Mr. El-Shawary with fair notice of the legal basis for Defendants' second affirmative defense. A mere reference to a legal doctrine or statutory provision does not suffice. *Qarbon.com*, 315 F. Supp. 2d at 1049 (striking affirmative defenses that did not specify the legal grounds for the defense or set forth its

elements); *Scott v. Fed. Bond and Collection Serv., Inc.*, 2011 WL 176846, slip op. at 5 (N.D. Cal. 2011) (striking affirmative defense that did not sufficiently identify a legal basis for the defense or the defense's connection to the particular claims in the case). Defendants fall short of even that standard here because they do not even reference a legal doctrine or statutory provision. (*See* Dkt. No. 87 at 15). Therefore, this allegation does not give Mr. El-Shawary fair notice of the defense.[3]

Mr. El-Shawary argues the Court should strike this affirmative defense without leave to amend because further discovery is not available. (Dkt. No. 93 at 3.) The Court declines to do so because Mr. El-Shawary has not established that he would be prejudiced. *See Wyshak*, 607 F.2d at 826 ("In the absence of prejudice to the opposing party, leave to amend should be freely given."). The facts related to this affirmative defense—Mr. El-Shawary's default—are already well known to Mr. El-Shawary. (Dkt. No. 54 at 5.) Mr. El-Shawary's objection focuses on the legal significance of his default. He does not explain why further discovery would be necessary for him to evaluate the legal basis for this defense if Defendants were to provide one. The Court therefore STRIKES Defendants' second affirmative defense with leave to amend.

### 3. Offset

The third affirmative defense alleges:

> U.S. Bank is entitled to an offset against any damages to be awarded to Mr. El-Sharawy [sic] for the amounts Mr. El-Sharawy [sic] owes on the loan secured by the deed of trust. In particular, the current amount required to pay off Mr. El-Sharawy's [sic] loan currently exceeds $1,000,000, and any damages awarded Mr. El-Sharawy [sic] should be offset by the then-current payoff amount.

(Dkt. No. 87 at 15–16.) Mr. El-Shawary argues that the Court should strike this affirmative defense because it does not "describe the legal theory that *entitles* [Defendants] to such

---

[3] Defendants argue in their opposition to Plaintiff's motion that Mr. El-Shawary demands equitable relief and that "the Ninth Circuit has long-held he who seeks equity must do equity." (Dkt. No. 92 at 3 (quoting *In re Paul Potts Builders, Inc.*, 608 F.2d 1279, 1283 (9th Cir. 1979).) But this purported legal basis for the defense is not in Defendants' answer, and, even if it were, it is too vague to put Mr. El-Shawary on notice of the legal basis for the defense.

recovery," does not "make sense to categorize set-off as a defense," is "tantamount to a counterclaim," and is "an equitable doctrine that cannot be asserted as an affirmative defense." (Dkt. No. 91-1 at 6–7.)

The Court disagrees. Offset "allows entities that owe each other money to apply their mutual debts against each other." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 18 (1995). "Under Washington law, 'an offset constitutes an avoidance, and is therefore an affirmative defense.'" *Lister v. Hyatt Corp.*, 2019 WL 5190893, slip. op. at 7 (W.D. Wash. 2019) (quoting *Pub. Util. Dist. No. 2 of Pac. Cnty. v. Comcast of Wash. IV, Inc.*, 438 P.3d 1212, 1229 (Wash. Ct. App. 2019)). U.S. Bank has provided fair notice of the factual basis of its offset defense by stating the approximate amount currently required to pay off Mr. El-Shawary's loan. *See Jacobson v. Persolve, LLC*, 2014 WL 4090809, slip op. at 9 (N.D. Cal. 2014) (defense of offset with amount specified in collection letter gave fair notice). The Court therefore DENIES Mr. El-Shawary's motion to strike Defendants' third affirmative defense.

### 4. Failure to Mitigate Damages

Defendants' fourth affirmative defense states:

> Mr. El-Sharawy [sic] failed to mitigate his damages including by failing to accept loan modification offers offered by U.S. Bank and Nationstar prior to the executing the loan modification agreement dated April 23, 2020 and recorded in the King County real property records on May 29, 2020, as Instrument No. 20200529001470.

(Dkt. No. 87 at 16.) Mr. El-Shawary argues that this defense is "frivolous" and that failure to mitigate damages is not an affirmative defense. (Dkt. No. 91-1 at 8.) Failure to mitigate is a typical affirmative defense, *see Blakeney v. Karr*, 2013 WL 2446279, slip op. at 1 (W.D. Wash. 2013), and Defendants provided fair notice of the factual grounds for the defense: failure to accept modification offers prior to the modification agreement. Mr. El-Shawary has not shown that there is no set of circumstances in which this defense could succeed. *See Sifferman*, 2014 WL 28854, slip op. at 1. The Court therefore DENIES Mr. El-Shawary's motion to strike Defendants' fourth affirmative defense.

### 5. Ordinary Debtor-Creditor Relationship

Defendants' fifth affirmative defense states: "Mr. El-Sharawy's [sic] negligent misrepresentation claim is barred because he only has an ordinary debtor-creditor relationship with U.S. Bank and Nationstar, and therefore cannot establish U.S. Bank or Nationstar breached a duty of care." (Dkt. No. 87 at 16.) Mr. El-Shawary argues that this allegation simply negates an element of his claim and is not an affirmative defense. (Dkt. No. 91-1 at 8.) The Court agrees. *See Zivkovic*, 302 F.3d at 1088. The Court therefore STRIKES Defendants' fifth affirmative defense without leave to amend. Once again, this ruling does not preclude Defendants from challenging Plaintiff's claims as pled or on the merits.

### 6. Statute of Limitations

Defendants also pled a statute of limitations affirmative defense. (Dkt. No. 87 at 16.) Mr. El-Shawary acknowledges that the statute of limitations is a proper affirmative defense but argues that Defendants incorrectly calculate the applicable statutes of limitations and fail to account for exceptions to the statutes of limitations. (Dkt. No. 91-1 at 9–10.) Defendants gave Mr. El-Shawary fair notice of their statute of limitations defense because they cite the statutes they allege apply and provide the facts on which the defense is based. *See Wyshak*, 607 F.2d at 827 (denying motion to strike statute of limitations defense where defendant specified the applicable statute of limitations); *Rosen*, 222 F. Supp. 3d at 802 (requiring affirmative defenses to be supported by some facts). Mr. El-Shawary's objection is based on disputed questions of fact and law. The Court therefore DENIES Mr. El-Shawary's motion to strike Defendants' sixth affirmative defense. *See Sifferman*, 2014 WL 28854, slip op. at 1.

### 7. Entitlement to Indemnity

For their seventh affirmative defense, Defendants allege: "If Mr. El-Sharawy [sic] suffered any loss, injury, damage, or detriment attributed to U.S. Bank or Nationstar, U.S. Bank and Nationstar are entitled to indemnity for any such liability caused by their counsel, McCarthy & Holthus, LLP." (Dkt. No. 87 at 16.) Defendants do not object to the Court striking this

defense. (Dkt. No. 92 at 6.) The Court therefore STRIKES Defendants' seventh affirmative defense without leave to amend.

### III.   CONCLUSION

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part Plaintiff's motion to strike Defendants' affirmative defenses as follows:

1. The Court STRIKES Defendants' second affirmative defense with leave to amend.
2. The Court STRIKES Defendants' first, fifth, and seventh affirmative defenses without leave to amend.
3. The Court DENIES Mr. El-Shawary's motion to strike Defendants' third, fourth, and sixth affirmative defenses.

If Defendants choose to file an amended answer, they must do so within 14 days of the date of this order.

DATED this 1st day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE