THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GUIRGUIS, a.k.a., GEORGE, EL-
SHAWARY, a Washington Resident,

               Plaintiff,

    v.

U.S. BANK NATIONAL ASSOCIATION as
Trustee for GSR MORTGAGE LOAN TRUST
2006-4F MORTGAGE PASS-THROUGH
CERTIFICATE SERIES 2006-4F, *et al.*,

               Defendants.

CASE NO. C18-1456-JCC

ORDER

       This matter comes before the Court on Defendant McCarthy & Holthus, LLP's ("M&H")
motion to dismiss (Dkt. No. 70). Having considered the parties' briefing and the relevant record,
and finding oral argument unnecessary, the Court hereby GRANTS in part and DENIES in part
the motion for the reasons explained herein.

## I.    BACKGROUND

       Plaintiff originally filed a complaint against U.S. Bank National Association, his home
mortgage holder, and Nationstar Mortgage LLC, his home mortgage servicer. (Dkt. No. 1.) In the
original complaint, Plaintiff alleged that after he notified Nationstar he sought to lower his
monthly mortgage payment, Nationstar enticed him to default on his mortgage, commenced a
nonjudicial foreclosure action, and then negotiated in bad faith during the resulting mortgage

modification process. (*Id.*) The Court has described the allegations against U.S. Bank and Nationstar in detail in prior orders and will not repeat them here. (*See* Dkt. Nos. 51, 96.)

Plaintiff added M&H as a defendant for the first time in the Second Amended Complaint, in which he alleges that M&H, Nationstar's representative and attorney during the nonjudicial foreclosure proceeding, is liable for Nationstar's alleged misconduct during this period and committed its own unlawful acts when acting as an unlicensed debt collector during the nonjudicial foreclosure action. (*See generally* Dkt. No. 54.) Plaintiff brings claims against M&H for violations of Washington's Consumer Protection Act ("CPA") and the Fair Debt Collection Practices Act ("FDCPA"), as well as a claim for negligent misrepresentation. (*Id.* at 10–21, 26–32.) M&H moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 70.)

## II.   DISCUSSION

### A.     Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B.     CPA Claims

Plaintiff alleges M&H violated the CPA while acting as Nationstar's representative during the resulting mortgage modification mediation sessions. (Dkt. No. 54 at 10–21.) Included with or referenced in Plaintiff's Second Amended Complaint are the foreclosure mediation reports and certifications covering mediation sessions occurring in 2017, 2019, and 2020.[1] (Dkt.

---

[1] The foreclosure mediation certifications for each session were either referenced in or attached to the Second Amended Complaint, (*see* Dkt. Nos. 54 at 5–6, 54-1), are central to Plaintiff's claims, and their authenticity has not been questioned by either party. Therefore, the

1    Nos. 4-4, 54-1.) The mediator found that Nationstar did not mediate in good faith in 2017. (*See*

2    Dkt. No. 4-4 at 1.) While the mediator made no similar finding for the 2019 and 2020 sessions,

3    Plaintiff alleges that Nationstar, nevertheless, similarly negotiated in bad faith throughout those

4    sessions. (Dkt. No. 54 at 16–21.) Plaintiff argues in the Second Amended Complaint that M&H,

5    as Nationstar's representative, was a party to those sessions or, alternatively, is jointly and

6    severally liable for Nationstar's bad faith. (Dkt. No. 54 at 11–14, 19–21.) Plaintiff also argues

7    that both are per se unfair or deceptive trade practices under the CPA. (Dkt. No. 79 at 7 (citing

8    Wash. Rev. Code § 61.24.135).)

9            As a threshold matter, the CPA does not apply to the practice of law. *Michael v.*

10   *Mosquera-Lacy*, 200 P.3d 695, 699 (Wash. 2009). It only applies to "entrepreneurial aspects of

11   legal practice—how the price of legal services is determined, billed, and collected and the way a

12   law firm obtains, retains, and dismisses clients." *Short v. Demopolis*, 691 P.2d 163, 168 (Wash.

13   1984). Plaintiff's allegations against M&H in the Second Amended Complaint do not appear to

14   extend beyond the performance of legal services, so the complaint likely fails to state a claim

15   upon which relief may be granted.[2] (*See generally* Dkt. No. 54.) But, even it did, Plaintiff still

16   fails to plead a CPA claim for the reasons described below.

17           To recover under the statute, a plaintiff must prove an "(1) unfair or deceptive act or

18   practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in

19   his or her business or property; [and] (5) causation." *Hangman Ridge Training Stables, Inc. v.*

20   *Safeco Title Ins. Co.*, 710 P.3d 531, 533 (Wash. 1986). The first two elements may be established

21   independently, or "by a showing that the alleged act constitutes a per se unfair trade practice." *Id.*

22   at 535. "A per se unfair trade practice exists when a statute which has been declared by the

23   Legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *Id.*

24
25   Court may consider the certifications without converting M&H's motion to dismiss into a motion
     for summary judgment. Fed. R. Evid. 201(b); *see Parrino v. FHP, Inc.*, 146 F.3d 699, 705–06
26   (9th Cir. 1998); *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

         [2] This issue was never briefed, so the Court will reserve ruling on this issue.

1   This includes "any person or entity['s]" violation "of the duty of good faith under RCW

2   § 61.24.163," a component of Washington's Foreclosure Fairness Act ("FFA")." Wash. Rev.

3   Code § 61.24.135(2). It also includes acting as a collection agency without the requisite license,

4   as provided by Washington's Collection Agency Act ("CAA"), Wash. Rev. Code § 19.16.440.

5         Plaintiff alleges that M&H, as Nationstar's representative, acted in bad faith during the

6   resulting mortgage modification mediation sessions and also acted as an unlicensed debt

7   collector, thereby violating both the FFA and CAA and committing per se unfair or deceptive

8   acts or practices occurring in trade or commerce. (*Id.* at 10–21.) In moving to dismiss, M&H

9   argues that (1) as Nationstar's representative, M&H was not a party to the mediation and,

10  correspondingly, cannot be liable for Nationstar's bad faith, and (2) M&H did not act as a

11  collection agency under Washington law. (Dkt. No. 70 at 2–4.)

12              1.    <u>M&H's Liability for Nationstar's Alleged Bad Faith</u>

13        Plaintiff points to two rulings within this District to support its argument and suggests

14  that a third conflicting ruling was wrongly decided. (*See* Dkt. No. 79 at 7 (citing *Smith v. Bank of*

15  *N.Y. Mellon, et al.*, 2019 WL 2994695, slip op. at 3 (W.D. Wash. 2019); *Minie v Selene Fin.*

16  *L.P., et al.*, 2019 WL 199948, slip op. at 7 (W.D. Wash. 2019); *Aurora Fin. Grp., Inc. v.*

17  *Tollefson*, 2020 WL 4816033, slip op. at 6 (W.D. Wash. 2020).) However, the two rulings that

18  support Plaintiff's argument, *Smith* and *Minie*, are distinguishable. Conversely, the facts—and

19  even some of the parties—in *Aurora Fin. Grp*. are *exactly* the same as in this case. *See generally*

20  2020 WL 4816033.

21        Plaintiff alleges here that M&H was "designated as a participant in the foreclosure

22  mediation by the foreclosure mediator." (Dkt. No. 54 at 11.) But, the mediator's reports identify

23  M&H as Nationstar's attorney and representative, *not a beneficiary* or "participant." (*See* Dkt.

24  Nos. 4-4 at 1, 54-1 at 2.) Judge Robart found a comparable allegation implausible in light of the

25  information contained in the mediator's report, *see Aurora Fin. Grp.*, 2020 WL 4816033, slip op.

26  at 6, and the Court finds the present allegation equally implausible here. Therefore, for the

1    reasons in *Aurora Financial Group*, the Court finds that an attorney representing a client in a

2    mortgage modification mediation associated with a nonjudicial foreclosure proceeding cannot be

3    liable for the bad faith of the beneficiary it represents. *See* 2020 WL 4816033, slip op. at 6.

4         Moreover, Plaintiff's reliance on the "any person or entity" language in Wash. Rev. Code

5    § 61.24.135(2) is misplaced. This provision applies only to a person or entity who has first

6    violated the duty of good faith provided by Wash. Rev. Code. § 61.24.163. But M&H, as

7    Nationstar's legal representative during the nonjudicial foreclosure proceeding, had no such duty

8    *to Plaintiff* throughout the nonjudicial foreclosure proceeding. *See Aurora Fin. Grp.*, 2020 WL

9    4816033, slip op. at 5–6. This duty was Nationstar's alone and, accordingly, any such violation is

10   solely attributable to Nationstar.[3]

11        Plaintiff's bad faith allegations against M&H fail to state a claim as a matter of law.

12              2.    Debt Collection Allegations

13        Plaintiff also alleges in its Second Amended Complaint that M&H acted as an unlicensed

14   debt collector when it represented Nationstar during the nonjudicial foreclosure action. (Dkt. No.

15   54 at 14–15 (citing Wash. Rev. Code. § 19.16.110).) If true, this would also constitute a per se

16   unfair act or practice under the CPA. *See* Wash. Rev. Code § 19.16.440. But the CAA

17   specifically excludes "[a]ny person whose collection activities . . . are confined and are directly

18   related to the operation of a business *other than that of a collection agency*, such as but not

19   limited to . . . lawyers." Wash. Rev. Code § 19.16.100(5)(c) (emphasis added). M&H could not

20   have been acting as a debt collector when representing Nationstar in the nonjudicial foreclosure

21   action because the activities described in the Second Amended Complaint are acts engaged in by

22   a lawyer serving a client—they are not independent debt collection activities. *See Mandelas v.*

23   *Gordon*, 785 F. Supp. 2d 951, 961 (W.D. Wash. 2011) (law firm not exempt from the CAA to

24   the extent that its "primary purpose is the collection of consumer debts"). Therefore, M&H need

25

26        [3] The Court expresses no opinion whether Nationstar did, in fact, violate this duty as it is
     not germane to the present motion.

1    not have been licensed pursuant to the CAA and, accordingly, Plaintiff's allegations fail to state

2    a claim as a matter of law.

3            For the reasons described above, the Court GRANTS M&H's motion to dismiss

4    Plaintiff's CPA claims against M&H.

5            **C.    FDCPA**

6            Congress enacted the FDCPA in response to "abundant evidence of the use of abusive,

7    deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692.

8    Congress defined a "debt collector" subject to the FDCPA's provisions as "any person who uses

9    any instrumentality of interstate commerce or the mails in any business the principal purpose of

10   which is the collection of any debts, or who regularly collects or attempts to collect, directly or

11   indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

12           Plaintiff alleges that M&H is a debt collector subject to the FDCPA and that M&H

13   violated the FDCPA in myriad ways while representing Nationstar throughout the nonjudicial

14   foreclosure proceeding. (Dkt. No. 54 at 26–30.) But Plaintiff's argument is foreclosed by the

15   Ninth Circuit's recent decision in *Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993 (2020). The

16   *Barnes* court held that a foreclosure proceeding is not an attempt to collect a debt. *Id.* at 999.

17   Rather, a foreclosure proceeding is the enforcement of a security interest. *Id.* Therefore, unless a

18   mortgage creditor holding a deed of trust seeks something beyond the return of the security

19   interest, such as a deficiency judgment, the mortgage creditor is not collecting a debt and cannot

20   be a debt collector as defined by the FDCPA. *Id.* Plaintiff makes no plausible allegation in his

21   Second Amended Complaint that M&H was assisting Nationstar in securing anything beyond the

22   return of a security interest through the nonjudicial foreclosure proceeding. (*See generally* Dkt.

23   No. 54.) Therefore, Plaintiff has not alleged that M&H was acting as a debt collector within the

24   meaning of the FDCPA.

25           In limited circumstances, the FDCPA treats a person who would not otherwise be a debt

26   collector as a debt collector. 15 U.S.C. § 1692f(6)(A)–(C). Specifically, a person is a debt

collector if that person threatens to take action to dispossess or disable property in an effort to collect a debt when "there is no present right to possession," "there is no present intention to take possession of the property," or " the property is exempt by law from such dispossession or disablement." 15 U.S.C. § 1692f(6)(A)–(C). While Plaintiff's Second Amended Complaint may contain potentially plausible allegations that *Nationstar* engaged in this activity,[4] the same cannot be said for M&H. (*See* Dkt. No. 54 at 27–28.) Instead, the Second Amended Complaint contains a host of legal conclusions directed at M&H that are not supported by sufficient plausible allegations. *See Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011) (legal conclusions contained in a complaint "are not entitled to the assumption of truth") (internal quotation marks and citations omitted). Nor could the Court conceive of facts that would cure this deficiency. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (leave to amend need not be granted when amendment would be futile).

Accordingly, the Court GRANTS M&H's motion to dismiss Plaintiff's FDCPA claim against M&H and does so without leave to amend.

### D.     Negligent Misrepresentation

A claim for negligent misrepresentation requires the following elements: (1) a defendant supplied false information for others' guidance, (2) the defendant knew or should have known the information was supplied to guide the recipient in his or her business transaction, (3) the defendant was negligent in obtaining or communicating the information, (4) the recipient relied on the information, (5) that reliance was justified, and (6) the false information proximately caused the plaintiff's damages. *ECSA v. KPMG Peat Marwick*, 959 P.2d 651, 654 (Wash. 1988). "Nothing in Washington case law supports the contention that attorneys are exempt from liability for negligent misrepresentation." *Lawyers Title Ins. Co. v. Baik*, 55 P.3d 619, 625 n.10 (Wash. 2002). Therefore, the Court concludes that, to the extent the Second Amended Complaint contains sufficient plausible allegations which, if true, would establish the elements for a

---

[4] The Court expresses no opinion on this issue as it is not germane to the present motion.

negligent misrepresentation claim against M&H, the claim should survive the motion to dismiss. While the Second Amended Complaint contains a variety of allegations that may support negligent misrepresentation claims against U.S. Bank and Nationstar,[5] it is devoid of such allegations for M&H. (*See* Dkt. No. 54 at 30–32.) Therefore, the Court GRANTS M&H's motion to dismiss the negligent misrepresentation claim, but does so without prejudice and with leave to amend this claim. *See Foman*, 371 U.S. at 182.

### E.   Sanctions

In reply, M&H asks the Court to impose sanctions pursuant to 15 U.S.C. 1692k(a)(3). (Dkt. No. 81 at 3–4.) First, it is inappropriate to raise the issue in reply. *See Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). Second, even if M&H's request were properly raised, the Court would deny it. M&H provides no evidence to support its contention that Plaintiff's claims were brought to harass M&H for representing beneficiaries in foreclosure mediations.

## III.   CONCLUSION

For the foregoing reasons, the Court GRANTS in part and DENIES in part M&H's motion to dismiss (Dkt. No. 70). The negligent misrepresentation claim against M&H is dismissed without prejudice and with leave to amend. Any such amendment must be made within fourteen (14) days of this order and be limited to allegations supporting Plaintiff's negligent misrepresentation claim against M&H. The remaining claims against M&H are dismissed with prejudice and without leave to amend.

DATED this 5th day of March 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[5] The Court expresses no opinion on this issue as it is not germane to the present motion.