Hon. John C. Coughenour

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION as TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE L.L.C d/b/a "MR. COOPER", a foreign company; and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON solely as a nominal party and Trustee under RCW 61.24.130 et seq.<br><br>Defendants. | Case No. 2:18-cv-01456-JCC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT [ECF NO. 100]** |

Defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F, Mortgage Pass-Through Certificates Series 2006-4F and Nationstar Mortgage LLC d/b/a Mr. Cooper answer plaintiff Guirguis a/k/a George El-Sharawy's third amended complaint (**TAC**), ECF No. 100:

## **INTRODUCTION**

U.S. Bank and Nationstar deny the allegations in the unnumbered paragraph entitled "Introduction."

///
ANSWER AND AFFIRMATIVE - 1
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1

## I. PARTIES

1. Admitted upon information and belief.

2. Denied.

3. Paragraph 3 states legal conclusions to which no responsive pleading is required. To the extent a response is required, admitted Nationstar services Mr. El-Sharawy's mortgage loan for U.S. Bank. Except as expressly admitted, denied.

4. Paragraph 4 states legal conclusions to which no responsive pleading is required. To the extent a response is required, admitted Nationstar services Mr. El-Sharawy's mortgage loan for U.S. Bank. Except as expressly admitted, denied.

5. Admitted.

6. Paragraph 6 states legal conclusions to which no responsive pleading is required.

7. Paragraph 7 states legal conclusions to which no responsive pleading is required.

8. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 8 and therefore deny the same.

9. Paragraph 9 states legal conclusions to which no responsive pleading is required. To the extent a response is required, U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 9 and therefore deny the same.

10. Paragraph 10 states legal conclusions to which no responsive pleading is required. To the extent a response is required, U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of the allegations in paragraph 10 and therefore deny the same.

11. Paragraph 11 states legal conclusions to which no responsive pleading is required.

12. Paragraph 12 states legal conclusions to which no responsive pleading is required.

ANSWER AND AFFIRMATIVE - 2
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

57307539;1

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

13. Paragraph 13 states legal conclusions to which no responsive pleading is required.

14. Paragraph 14 states legal conclusions to which no responsive pleading is required. To the extent a response is required, U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 14 and therefore deny the same.

15. Paragraph 15 states legal conclusions to which no responsive pleading is required. To the extent a response is required, U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 15 and therefore deny the same.

16. Paragraph 16 states a legal conclusion to which no responsive pleading is required.

## II. JURISDICTION AND VENUE

17. Paragraph 17 states legal conclusions to which no responsive pleading is required.

18. Paragraph 18 states legal conclusions to which no responsive pleading is required.

19. Paragraph 19 states legal conclusions to which no responsive pleading is required.

20. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 20 and therefore denies the same.

21. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 21 and therefore denies the same.

## III. THE FACTS

22. Admitted Mr. El-Sharawy executed a deed of trust dated September 1, 2005 and

ANSWER AND AFFIRMATIVE - 3
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1

recorded in the King County real property records on September 6, 2005, as Instrument No. 20050906001681. The deed of trust speaks for itself, and U.S. Bank and Nationstar deny any allegations inconsistent therewith. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 22 and therefore deny the same.

23. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 23 and therefore deny the same.

24. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24 and therefore deny the same.

25. Admitted Mr. El-Sharawy called Nationstar on October 30, 2015. Except as expressly admitted, denied.

26. Denied.

27. Admitted Quality Loan Service Corp. of Washington (**QLS**) recorded notices of trustee's sale in the King County real property records in 2016 and 2018. The notices of trustee's sale speak for themselves, and U.S. Bank and Nationstar deny any allegations inconsistent therewith. Except as expressly admitted, denied.

28. Admitted U.S. Bank initiated foreclosure. Except as expressly admitted, denied.

29. Admitted.

30. Admitted.

31. Denied.

32. Denied.

33. Admitted Nationstar regained an appraiser to appraise the property in or around August 2017, but was advised the appraiser could not arrive at a credible opinion of value due to the condition of the property. Except as expressly admitted, denied.

34. Admitted the foreclosure mediator issued a foreclosure mediation

ANSWER AND AFFIRMATIVE - 4
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1

1 | report/certification on October 4, 2017. The certification speaks for itself, and U.S. Bank and Nationstar deny any allegations inconsistent therewith. Except as expressly admitted, denied.

35. Admitted QLS served a notice of default on Mr. El-Sharawy on or about August 29, 2018 and recorded a notice of trustee's sale in the King County real property records on October 5, 2018. The notice of default and notice of trustee's sale speak for themselves, and U.S. Bank and Nationstar deny any allegations inconsistent therewith. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 35 and therefore deny the same.

36. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 36 and therefore deny the same.

37. Admitted foreclosure mediation sessions occurred on July 2, 2019, March 20, 202 and April 3, 2020, June 12, 2020 and July 17, 2020. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 37 and therefore deny the same.

38. Admitted Mr. El-Sharawy, U.S. Bank and Nationstar mediated with Judge Bruce Hilyer (Ret.) on January 7, 2020 and January 23, 2020. Except as expressly admitted, denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Admitted McCarthy & Holthus, LLP, as U.S. Bank and Nationstar's counsel, sent the foreclosure mediator a letter dated July 23, 2020. The letter speaks for itself and U.S.

ANSWER AND AFFIRMATIVE - 5
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

57307539;1

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

Bank and Nationstar deny any allegations inconsistent therewith. Except as expressly admitted, denied.

48. Admitted Mr. El-Sharawy executed a loan modification agreement on May 15, 2020. The loan modification agreement speaks for itself and U.S. Bank and Nationstar deny any allegations inconsistent therewith. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 49 and therefore deny the same.

49. Admitted Nationstar provided Mr. El-Sharawy an escrow review statement dated July 2, 2020. The escrow review statement speaks for itself and U.S. Bank and Nationstar deny any allegations inconsistent therewith. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 50 and therefore deny the same.

50. Denied.

51. Admitted the foreclosure mediator issued a foreclosure mediation report/certification on July 24, 2020. The certification speaks for itself, and U.S. Bank and Nationstar deny any allegations inconsistent therewith. Except as expressly admitted, denied.

52. Denied.

## IV. <u>CLAIMS</u>

### FIRST CLAIM

**AGAINST USBNA AND NATIONSTAR FOR DAMAGES ARISING FROM WASHINGTON CONSUMER PROTECTION ACT VIOLATIONS UNDER RCW 19.86 (CPA)**

### COUNT I

53. U.S. Bank and Nationstar re-allege their responses in paragraphs 1 through 52, above, as if fully set forth herein.

54. Paragraph 54 states legal conclusions to which no responsive pleading is required.

55. Denied.

ANSWER AND AFFIRMATIVE - 6
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1

56. U.S. Bank and Nationstar respond to the allegations in paragraph 56 as follows:

    56.1. Denied.

    56.2. Denied.

    56.3. Admitted Nationstar regained an appraiser to appraise the property in or around August 2017, but was advised the appraiser could not arrive at a credible opinion of value due to the condition of the property. Except as expressly admitted, denied.

    56.4. Paragraph 56.4 states legal conclusions to which no responsive pleading is required.

    56.5. Nationstar's annual reports speak for themselves, and U.S. Bank and Nationstar deny any allegations inconsistent therewith.

    56.6. Admitted the foreclosure mediator issued a foreclosure mediation report/certification on October 4, 2017. The certification speaks for itself, and U.S. Bank and Nationstar deny any allegations inconsistent therewith. Except as expressly admitted, denied.

    56.7. Paragraph 56.7 states legal conclusions to which no responsive pleading is required.

57. Paragraph 57 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 57 and therefore deny the same.

58. Paragraph 58 states a legal conclusion to which no responsive pleading is required. U.S. Bank and Nationstar respond to the allegations in paragraphs 58.1 through 58.7 as follows:

    58.1. The allegations in paragraph 58.1 state legal conclusions to which no responsive pleading is required.

    58.2. Denied.

    58.3. Denied.

    58.4. Denied.

ANSWER AND AFFIRMATIVE - 7
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1

|   |   |
|---|---|
| 1 | 58.5.   Denied. |
| 2 | 58.6.   Denied. |
| 3 | 58.7.   Denied. |

59. U.S. Bank and Nationstar deny all allegations in paragraph 59, including the allegations in paragraphs 59.1 through 59.4.

60. Paragraph 60 states a legal conclusion to which no responsive pleading is required.

61. Paragraph 61 states legal conclusions to which no responsive pleading is required. Further responding, the foreclosure mediator's October 4, 2017 mediation report/certification speaks for itself, and U.S. Bank and Nationstar deny any allegations inconsistent therewith.

62. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 62 and therefore deny the same.

63. Denied.

64. Denied.

65. Denied.

66. U.S. Bank and Nationstar deny Mr. El-Sharawy is entitled to the relief demanded.

## COUNT II

**AGAINST USBNA AND NATIONSTAR FOR DAMAGES ARISING FROM WASHINGTON CONSUMER PROTECTION ACT VIOLATIONS UNDER RCW 19.86 (CPA)**

67. U.S. Bank and Nationstar re-allege their responses in paragraphs 1 through 52, above, as if fully set forth herein.

68. Admitted the foreclosure mediator issued a foreclosure mediation report/certification on July 24, 2020 and did not find the beneficiary "not in good faith." Except as expressly admitted, denied.

69. Paragraph 69 states legal conclusions to which no responsive pleading is

ANSWER AND AFFIRMATIVE - 8
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1

1 required. To the extent a response is required, denied.

2     70. Denied.

3     71. Paragraph 71 states legal conclusions to which no responsive pleading is required.

5     72. Denied.

6     73. Paragraph 73 states legal conclusions to which no responsive pleading is required. U.S. Bank and Nationstar respond to the allegations in paragraphs 73.1 through 77.3 as follows:

        77.1. U.S. Bank and Nationstar deny the foreclosure mediator "applied prejudicial conditions limiting plaintiff's ability to convey the facts transparently." U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 77.1 and therefore deny the same.

        77.2. Denied.

        77.3. Denied.

    74. Paragraph 74 states legal conclusions to which no responsive pleading is required.

    75. U.S. Bank and Nationstar deny the allegations in paragraph 75. U.S. Bank and Nationstar respond to the allegations in paragraphs 75.1 through 75.5 as follows:

        75.1. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 75.1 and therefore deny the same.

        75.2. Denied.

        75.3. Denied.

        75.4. Denied.

        75.5. Denied.

    76. Paragraph 76 states a legal conclusion to which no responsive pleading is required.

ANSWER AND AFFIRMATIVE - 9
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1

77. Denied.

78. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 78 and therefore deny the same.

79. Paragraph 79 states legal conclusions to which no responsive pleading is required. To the extent a response is required, denied. U.S. Bank and Nationstar respond to the allegations in paragraphs 79.1 as follows:

    79.1. Nationstar's annual reports speak for themselves, and U.S. Bank and Nationstar deny any allegations inconsistent therewith.

80. U.S. Bank and Nationstar deny all allegations in paragraph 80, including the allegations in paragraphs 80.1 and 80.2.

81. Denied.

82. Denied.

83. U.S. Bank and Nationstar deny Mr. El-Sharawy is entitled to the relief demanded.

## SECOND CLAIM

### AGAINST USBNA FOR DAMAGES ARISING FROM WASHINGTON CONSUMER PROTECTION ACT VIOLATIONS UNDER RCW 19.86 (CPA)

84. U.S. Bank and Nationstar re-allege their responses in paragraphs 1 through 53, above, as if fully set forth herein.

85. Denied.

86. Paragraph 86 states legal conclusions to which no responsive pleading is required.

87. U.S. Bank and Nationstar respond to the allegations in paragraph 87 as follows:

    87.1. Paragraph 87.1 states legal conclusions to which no responsive pleading is required.

    87.2. Denied.

    87.3. Denied.

ANSWER AND AFFIRMATIVE - 10
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1

87.4. Denied.

87.5. Paragraph 87.5 states legal conclusions to which no responsive pleading is required.

87.6. Paragraph 87.6 states legal conclusions to which no responsive pleading is required.

88. Paragraph 88 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 88 and therefore deny the same

89. Denied, including the allegations in paragraph 89.1.

90. U.S. Bank and Nationstar deny all allegations in paragraph 90, including the allegations in paragraphs 90.1 through 90.3.

91. U.S. Bank and Nationstar deny all allegations in paragraph 91, including the allegations in paragraphs 91.1 through 91.4.

92. Denied.

93. U.S. Bank and Nationstar deny Mr. El-Sharawy is entitled to the relief demanded.

## THIRD CLAIM

### AGAINST NATIONSTAR FOR DAMAGES ARISING FROM VIOLATIONS OF THE EQUAL CREDIT OPPORTUNITY ACT (ECOA)

94. U.S. Bank and Nationstar re-allege their responses in paragraphs 1 through 53, above, as though fully set forth herein.

95. Denied.

96. U.S. Bank and Nationstar are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 96 and therefore deny the same.

97. Denied.

98. Denied.

ANSWER AND AFFIRMATIVE - 11
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

57307539;1

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

99. U.S. Bank and Nationstar deny Mr. El-Sharawy is entitled to the relief demanded.

### FOURTH CLAIM

### AGAINST NATIONSTAR FOR DAMAGES ARISING FROM VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

100. Nationstar re-alleges its responses in paragraphs 1 through 53, above, as though fully set forth herein. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

101. Paragraph 101 states legal conclusions to which no responsive pleading is required.

102. Nationstar denies the allegations in paragraph 102. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

103. Nationstar denies the allegations in paragraph 103. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

104. Nationstar denies the allegations in paragraph 104. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

105. Nationstar denies all allegations in paragraph 105, including the allegations in paragraphs 105.1 through 105.6. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

106. Nationstar admits Mr. El-Sharawy applied to Nationstar for a loan modification. Except as expressly admitted, Nationstar denies the allegations in paragraph 106. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

107. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 107 and therefore denies the same. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

108. Nationstar denies the allegations in paragraph 108. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

ANSWER AND AFFIRMATIVE - 12
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

57307539;1

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

109. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 109 and therefore denies the same. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

110. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 110 and therefore denies the same. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

111. Paragraph 111 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 111 and therefore denies the same. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

112. Paragraph 112 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 112 and therefore denies the same. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

113. Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 113 and therefore denies the same. No response from U.S. Bank is required. Mr. El-Sharawy does not plead his fourth claim against U.S. Bank.

114. Paragraph 114 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, Nationstar is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 114 and therefore denies the same. No response from U.S. Bank is required. Nationstar does not plead his fourth claim against U.S. Bank.

ANSWER AND AFFIRMATIVE - 13
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

57307539;1

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

115. Denied.

116. Denied.

## FIFTH CLAIM

**AGAINST USBNA, NATIONSTAR, AND MCCARTHY & HOLTHUS, JOINTLY & SEVERALLY, FOR DAMAGES ARISING FROM NEGLIGENT MISREPRESENTATION**

117. U.S. Bank and Nationstar re-allege their responses in paragraphs 1 to 52, above, as though fully set forth herein.

118. U.S. Bank and Nationstar deny all allegations in paragraph 118, including the allegations in paragraphs 118.1 through 118.11.

119. Paragraph 119 states a legal conclusion to which no responsive pleading is required. To the extent a response is required, denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. U.S. Bank and Nationstar deny Mr. El-Sharawy is entitled to the relief demanded.

126. U.S. Bank and Nationstar deny Mr. El-Sharawy is entitled to the relief demanded.

127. U.S. Bank and Nationstar deny all allegations not specifically admitted.

## **AFFIRMATIVE DEFENSES**

1. Mr. El-Shawary's demand for relief "as this Court deems just and equitable" is barred by his own breach of the note and deed of trust. The Ninth Circuit holds he who seeks equity must do equity. Mr. El-Shawary has not "done equity" because he defaulted on his note and deed of trust for years, then refused to accept Nationstar's loan modification offers. Any equitable relief granted to Mr. El-Shawary should take his own breach and failure to cure the

ANSWER AND AFFIRMATIVE - 14
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1

breach by accepting Nationstar's modification offers into account.

2. U.S. Bank is entitled to an offset against any damages to be awarded to Mr. El-Sharawy for the amounts Mr. El-Sharawy owes on the loan secured by the deed of trust. In particular, the current amount required to pay off Mr. El-Sharawy's loan currently exceeds $1,000,000, and any damages awarded Mr. El-Sharawy should be offset by the then-current payoff amount.

3. Mr. El-Sharawy failed to mitigate his damages including by failing to accept loan modification offers offered by U.S. Bank and Nationstar prior to the executing the loan modification agreement dated April 23, 2020 and recorded in the King County real property records on May 29, 2020, as Instrument No. 20200529001470.

4. Mr. El-Sharawy's claims are barred, in whole or in part, by the applicable statute of limitations. A one-year statute of limitations applies to FDCPA claims but Mr. El-Sharawy bases his claim on acts or omissions occurring on October 30, 2015, April 23, 2016, November 18, 2016 and December 23, 2016, and other events occurring prior more than one year before he filed this suit. A two-year statute of limitations applies to Mr. El-Sharawy's ECOA claim, but Mr. El-Sharawy bases his claim on the vague allegation "[t]here have been several valuations referred to by and through Nationstar of which did not provide [him] at the time the valuation reports were prepared." To the extent any such valuations were obtained more than two years before filing the complaint, his ECOA claim is time-barred. And a three-year statute of limitations applies to Mr. El-Sharawy's negligent misrepresentation claim but Mr. El-Shawary vaguely claims Nationstar "induced default" and "defaulted on April 1, 2016." To the extent he bases his claim on any alleged misrepresentations occurring more than three years before filing the complaint, his negligent misrepresentation claim is time-barred.

5. U.S. Bank and Nationstar have insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. U.S. Bank and Nationstar reserve the right to assert additional defenses in the even discovery indicates such defenses are appropriate.

ANSWER AND AFFIRMATIVE - 15
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

57307539;1

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

## **PRAYER FOR RELIEF**

WHEREFORE, U.S. Bank and Nationstar pray as follows:

1. Mr. El-Sharawy take nothing by way of the TAC, and this action be dismissed in its entirety;

2. For costs of suit and attorneys' fees; and

3. For such other and further relief as the court deems proper.

Respectfully submitted, this the 19th day of March, 2021.

**AKERMAN LLP**

*/s/ Justin D. Balser*
Justin D. Balser (WSBA No. 56577)
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714
Email: justin.balser@akerman.com

*Attorneys for defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Pass-Through Certificates Series 2006-4 and Nationstar Mortgage LLC*

ANSWER AND AFFIRMATIVE - 16
DEFENSES TO THIRD AMENDED COMPLAINT
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57307539;1