THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GURGUIS, a.k.a., GEORGE, EL-SHAWARY, a Washington Resident,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION as Trustee for GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F, *et al.*,<br><br>Defendants. | CASE NO. C18-1456-JCC<br><br>ORDER |

This matter comes before the Court on Defendant McCarthy & Holthus, LLP's ("M&H") motion to dismiss (Dkt. No. 103). Having considered the parties' briefing and the relevant record, and finding oral argument unnecessary, the Court hereby GRANTS the motion for the reasons explained herein.

I.  **BACKGROUND**

Plaintiff originally filed a complaint against U.S. Bank National Association, his home mortgage holder, and Nationstar Mortgage LLC, his home mortgage servicer, alleging that Nationstar enticed him to default on his mortgage, commenced a nonjudicial foreclosure action, and then negotiated in bad faith during the resulting mortgage modification process. (*See* Dkt. No. 1.) In Plaintiff's Second Amended Complaint, Plaintiff brought claims against M&H,

Nationstar's representative and attorney during the nonjudicial foreclosure proceeding, for negligent misrepresentation and violations of Washington's Consumer Protection Act ("CPA") and the Fair Debt Collection Practices Act ("FDCPA"). (*See* Dkt. No. 54.) The Court dismissed Plaintiff's CPA and FDCPA claims with prejudice, and dismissed the negligent misrepresentation claim without prejudice and with leave to amend because it failed to include sufficient facts regarding alleged acts specific to M&H. (*See* Dkt. No. 97). Plaintiff has filed a Third Amended Complaint bolstering its negligent misrepresentation claim against M&H by including such facts. (*Compare* Dkt. No. 54, *with* Dkt. No. 100). M&H again moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal with prejudice. (*See* Dkt. No. 70.)

## II. DISCUSSION

### A. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

### B. Negligent Misrepresentation Claims

A claim for negligent misrepresentation contains the following elements: (1) a defendant supplied false information for others' guidance, (2) the defendant knew or should have known the information was supplied to guide the recipient in his or her business transaction, (3) the defendant was negligent in obtaining or communicating the information, (4) the recipient relied on the information, (5) that reliance was justified, and (6) the false information proximately caused the plaintiff's damages. *ECSA v. KPMG Peat Marwick*, 959 P.2d 651, 654 (Wash. 1988).

ORDER
C18-1456-JCC
PAGE - 2

"Nothing in Washington case law supports the contention that attorneys are exempt from liability for negligent misrepresentation." *Lawyers Title Ins. Co. v. Baik*, 55 P.3d 619, 625 n.10 (Wash. 2002).

Plaintiff has plausibly alleged facts sufficient to satisfy only two of the elements: that M&H misrepresented information to him and that he relied on the misrepresentation when reaching an agreement with Nationstar. (Dkt. No. 100 at 29–30.) Plaintiff has not alleged adequate facts, specific to M&H, to establish the other elements, specifically whether: (2) M&H knew or should have known the information was supplied to guide Plaintiff in his business transaction, (3) M&H was negligent in obtaining or communicating the information, (5) Plaintiff's reliance on the information was justified, and (6) M&H's false information proximately caused Plaintiff's damages. (Dkt. No. 100 at 28–31.) Unless the allegations directed at M&H meet all six elements, they do not state a claim for negligent misrepresentation. *See ECSA,* 959 P.2d at 654.

## III. CONCLUSION

For the foregoing reasons, the Court GRANTS M&H's motion to dismiss (Dkt. No. 103). The negligent misrepresentation claim against M&H is dismissed with prejudice. It does not appear that future amendment could cure the deficiencies in Plaintiff's Third Amended Complaint. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

DATED this 30th day of April 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE