The Honorable John C. Coughenour

**AKERMAN LLP**
JUSTIN D. BALSER (WSBA No. 56577)
Email: justin.balser@akerman.com
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:　(303) 640-7712
Facsimile:　(303) 260-7714

*Attorneys for defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Pass-Through Certificate Series 2006-4F and Nationstar Mortgage LLC d/b/a "Mr. Cooper"*

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION as TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE L.L.C d/b/a "MR. COOPER", a foreign company; and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON solely as a nominal party and Trustee under RCW 61.24.130 et seq.<br><br>　　　　　Defendants. | Case No. 2:18-cv-01456-JCC<br><br>**MOTION FOR SUMMARY JUDGMENT**<br><br><u>Note on Motion Calendar</u>: July 2, 2021 |

　　　　Defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F, Mortgage Pass-Through Certificates Series 2006-4F and Nationstar Mortgage LLC d/b/a Mr. Cooper, pursuant to Rule 56, move for summary judgment on all claims in plaintiff Guirguis El-Sharawy's third amended complaint, ECF No. 100, on the grounds there is no genuine issue of material fact and U.S. Bank and Nationstar are entitled to judgment as a matter of law.

///

MOTION FOR SUMMARY JUDGMENT - 1
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

## I. INTRODUCTION

The court should grant U.S. Bank and Nationstar summary judgment on all Mr. El-Shawary's claims. The three CPA claims fail either because Mr. El-Shawary cannot prove an unfair and deceptive trade practice, causation, or both. Mr. El-Shawary cannot prevail on his FDCPA claim because he cannot prove Nationstar is a "debt collector"—a necessary element. His ECOA claim cannot withstand summary judgment because he admittedly received the valuation Nationstar used in denying his loan modification request in March 2017, and Nationstar did not utilize a valuation in denying his prior modification requests. And Mr. El-Shawary cannot produce evidence supporting all elements of a negligent misrepresentation claim, warranting summary judgment on that claim. For these reasons and the additional reasons set forth below, the court should grant U.S. Bank and Nationstar summary judgment on all pending claims.

## II. STATEMENT OF UNDISPUTED FACTS

1. Nationstar services a loan to Mr. El-Shawary evidenced by an interest-only fixed rate note dated September 1, 2005, in the original principal amount of $1,000,000 (the **loan**). (Declaration of A.J. Loll (**First Loll Decl.**)[1], ECF No. 72, ¶4 and Ex. 1.)

2. Nationstar has serviced the loan for U.S. Bank since September 1, 2013. (*Id.* ¶4.)

3. The loan is one of many in a pool of securitized loans for which U.S. Bank serves as the trustee. (Declaration of A.J. Loll (**Second Loll Decl.** ¶5.) U.S. Bank oversees the pool of loans pursuant to a series of agreements, all of which are publicly available on the SEC's website. (*Id.*) It does not control servicing in general, and in particular does not oversee or participate in foreclosure mediations or in considering individual loan modification requests related to loans in default or where default is reasonably foreseeable. (*Id.*)

4. When servicing transferred to Nationstar on September 1, 2013, the loan was current and not in default. (First Loll Decl. ¶5 and Ex. 2.)

5. Mr. El-Shawary submitted documents supporting a loan modification request to

---

[1] The record contains two declarations of A.J. Loll, and U.S. Bank and Nationstar cite to both. The first is located at ECF No. 72 and the second is filed with this motion.

MOTION FOR SUMMARY JUDGMENT - 2
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57124306;2

Nationstar on or about July 14, 2016 but did not submit all documents Nationstar required. (*Id.* ¶6 and Ex. 3.)

6. Nationstar alerted Mr. El-Shawary to the missing documents and instructed him to return them no later than August 14, 2016 by letter dated July 15, 2016. (*Id.* ¶7 and Ex. 4.)

7. Nationstar denied Mr. El-Shawary's loan modification request on or about August 20, 2016, determining his loan was ineligible for a modification under the Home Affordable Modification Program (**HAMP**) due to the unpaid principal balance of the loan exceeding program limits and that he did not provide all the documents Nationstar required to review the loan for a standard modification. (*Id.* ¶8 and Ex. 5.)

8. Nationstar did not rely on an appraisal or other valuation in making its decision to deny his modification request in August 2016. (*Id.*) The denial was based solely on the unpaid principal balance of the loan exceeding HAMP program limits and Mr. El-Shawary's failure to timely return all documents Nationstar required to review him for a standard modification. (*Id.*)

9. Mr. El-Shawary again submitted documents supporting a loan modification request to Nationstar on or about October 19, 2016, but again did not submit all the documents Nationstar required. (*Id.* ¶9 and Ex. 6.)

10. Nationstar alerted Mr. El-Shawary to the missing documents, and instructed him to return them by no later than November 19, 2016, by letter dated October 20, 2016. (*Id.* ¶10 and Ex. 7.)

11. Nationstar sent Mr. El-Shawary a second letter outlining the documents he needed to submit to complete his loan modification application on November 18, 2016, and instructed him to return them by no later than December 18, 2016. (*Id.* ¶11 and Ex. 8.)

12. Nationstar again denied Mr. El-Shawary's loan modification request on or about December 24, 2016, again determining his loan was ineligible for a HAMP modification due to the unpaid principal loan balance exceeding program limits and he did not submit all documents Nationstar required to review for a standard modification. (*Id.* ¶12 and Ex. 9.)

13. Nationstar did not rely on an appraisal or other valuation in making its decision

MOTION FOR SUMMARY JUDGMENT - 3
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57124306;2

to deny his modification request in December 2016. (*Id.*) The denial was based solely on the unpaid principal balance of the loan exceeding HAMP program limits and Mr. El-Shawary's failure to timely return all documents Nationstar required to review him for a standard modification. (*Id.*)

14. Mr. El-Shawary again submitted documents supporting a loan modification request to Nationstar on or about December 27, 2016 but again did not submit all the documents Nationstar required. (*Id.* ¶13 and Ex. 10.)

15. Nationstar alerted Mr. El-Shawary to the missing documents and instructed him to return them by no later than January 27, 2017, by letter dated December 29, 2016. (*Id.* ¶14 and Ex. 11.)

16. Nationstar again denied Mr. El-Shawary's loan modification request on or about February 3, 2017, determining his loan was ineligible for a HAMP modification due to the unpaid principal balance exceeding program limits and that he did not submit all the documents Nationstar required to review the loan for a standard modification. (*Id.* ¶15 and Ex. 12.)

17. Nationstar did not rely on an appraisal or other valuation in making its decision to deny his modification request in February 2017. (*Id.*) The denial was solely based on the unpaid principal balance of the loan exceeding HAMP program limits and Mr. El-Shawary's failure to timely return all documents Nationstar required to review him for a standard modification. (*Id.*)

18. Mr. El-Shawary again submitted documents supporting a loan modification request to Nationstar on or about March 3, 2017, but again did not submit all the documents Nationstar required. (*Id.* ¶16 and Ex. 13.)

19. Nationstar alerted Mr. El-Shawary to the missing documents and instructed him to return them no later than April 3, 2017, by letter dated March 4, 2017. (*Id.* ¶17 and Ex. 14.)

20. Mr. El-Shawary submitted additional documents to Nationstar on March 9, 2017, after which Nationstar substantively considered Mr. El-Shawary's loan modification request. (*Id.* ¶18.) Nationstar then denied the modification request because, in performing its underwriting, it determined it could not reduce his principal and interest payment through a

MOTION FOR SUMMARY JUDGMENT - 4
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

modification. (*Id.* ¶18 and Ex. 15.) In particular, Mr. El-Shawary's then-current principal and interest payment was $6,805.74 but the post-modification principal and interest payment would have been $6,830.08—a higher amount. (Second Loll Decl. ¶9 and Ex. 3.)

21. Nationstar used a $1,885,000 valuation in denying Mr. El-Shawary's request for a loan modification in March 2017. (First Loll Decl. ¶19 and Ex. 16.)

22. Mr. El-Shawary received a copy of the $1,885,000 valuation before Nationstar issued its denial. (*Id.* ¶19 and Ex. 17; Declaration of Grace Chu (**First Chu Decl.**)[2], ECF No. 73, at ¶5 and Exs. 1, 2.)

23. Mr. El-Shawary obtained an appraisal during the course of discovery, showing a $1,800,000 "as is" value. (Declaration of Taylor T. Haywood (**First Haywood Decl.**)[3], ECF No. 74, ¶3 and Ex. 1.)

24. Even if Nationstar had used a $1,800,000 valuation in considering Mr. El-Shawary's March 2017 loan modification request, the result would have been the same: a denial for insufficient monthly payment reduction. The same is true if Nationstar had used a $1,100,000 valuation. (Second Loll Decl. ¶7.) This is because in either instance, there would not have been any equity in the property, so Nationstar could not forbear any amounts. (*Id.*)

25. Mr. El-Shawary and Nationstar participated in two foreclosure mediations under the Washington Foreclosure Fairness Act, the first in 2017 (the **first foreclosure mediation**) and the second in 2018 through 2020 (the **second foreclosure mediation**). (Declaration of Arthur Ortiz, ECF No. 3, ¶3 and Ex. A; Second Declaration of Grace Chu (**Second Chu Decl.**) ¶4 and Ex. 1.)

26. Defendant McCarthy & Holthus, LLP (**McCarthy**) represented Nationstar in both foreclosure mediations. (*Id.*)

27. In connection with the second foreclosure mediation, McCarthy provided a reinstatement quote to Mr. El-Shawary through his housing counsel in November 2018, before

---

[2] The record contains two declarations of Grace Chu, and U.S. Bank and Nationstar cite to both. The first is located at ECF No. 73 and the second is filed with this motion.
[3] The record contains two declarations of Taylor Haywood, and U.S. Bank and Nationstar cite to both. The first is located at ECF No. 74 and the second is filed with this motion.

MOTION FOR SUMMARY JUDGMENT - 5
Case No. 2:18-cv-01456-JCC

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57124306;2

1  Mr. El-Shawary submitted his documents to the foreclosure mediator.  (*Id.* ¶¶5-6, Exs. 2-4.)

   28. Nationstar and Mr. El-Shawary agreed to modify the loan pursuant to a loan modification agreement prior to the conclusion of the second foreclosure mediation.  (Second Loll Decl. ¶11 and Ex. 6; Second Chu Decl. ¶1.)

   29. Nationstar has not charged Mr. El-Shawary for any of the foreclosure mediator's fees.  (Second Loll Decl. ¶10, Exs. 4-5.)

### III. LEGAL STANDARD

In evaluating a motion for summary judgment, courts must view all facts and draw all inferences in the light most favorable to the nonmoving party. *See Amerson v. Clark Cty.*, 995 F. Supp. 2d 1155, 1159 (D. Nev. 2014) (citing *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986)).  Summary judgment shall be granted if the moving party demonstrates "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  *In re Caneva*, 550 F.3d 755, 761 (9th Cir. 2008).

### IV. ARGUMENT

**A. The court should grant summary judgment on Mr. El-Sharawy's first CPA claim, count I**

Mr. El-Sharawy's CPA claim, count I, alleges U.S. Bank and Nationstar violated the CPA through their conduct in the first foreclosure mediation.  (ECF No. 100, ¶56.)  He alleges (**1**) Nationstar "induced Mr. El-Sharawy into defaulting;" (**2**) "refused to consider accurate income data . . . or factor in the subject property's damaged condition in its [property] valuation;" and (**3**) "refused to address issues with regard to the subject property's value, at first withholding disclosure of its appraisal . . . [and] then relying on an unrealistic and uninformed valuation." (*Id.*)  The court should grant U.S. Bank and Nationstar summary judgment.

**1. The court should grant U.S. Bank summary judgment**

Mr. El-Shawary's first CPA claim, count I, does not include any allegations pertaining to U.S. Bank.  (*See* ECF No. 100, ¶¶53-64.)  All allegations pertain to Nationstar.  (*See id.*)

MOTION FOR SUMMARY JUDGMENT - 6
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57124306;2

The court should dismiss Mr. El-Shawary's claim against U.S. Bank for this reason alone.

To the extent Mr. El-Shawary attempts to hold U.S. Bank liable for Nationstar's conduct under a vicarious liability theory, his argument fails. *First*, Mr. El-Shawary's claim against Nationstar cannot withstand summary judgment, as set forth in section (2) below. And *second*, a principal is only liable for the activities of its agent that the principal has the right to control. *Kroshus v. Koury*, 30 Wash. App. 258, 264, 633 P.3d 909, 912 (1981); *see also Stephens v. Omni Ins. Co.*, 138 Wash App. 151, 183, 159 P.3d 10, 27 (2007) ("The right to control is indispensable to vicarious liability.") As the Washington court of appeals explained:

> To survive summary judgment, the Reisingers must raise a genuine issue of material fact regarding Deutsche Bank's right to control AHMSI's loan modification negotiations with the Reisingers. The record shows the Reisingers submitted no evidence of control in their summary judgment materials. Because the Reisingers failed to sustain their burden, the trial court property granted summary judgment in favor of Deutsche.

*Reisinger v. Deutsche Bank Nat'l Tr. Co.*, 174 Wash. App. 1060, *5 (2013) (unpublished) (footnote omitted).

There is no record evidence permitting U.S. Bank to exercise control over Nationstar's day-to-day servicing. Nor can there be. U.S. Bank simply oversees a pool of loans pursuant to the applicable pooling and servicing agreement. (Second Loll. Decl. ¶5.) It does not control servicing in general, and in particular does not oversee or participate in foreclosure mediations or considering individual loan modification requests related to loans in default or where default is reasonably foreseeable. (*Id.*) The court should grant U.S. Bank summary judgment. *See Reisinger*, 174 Wash. App. 1060, at *5 (2013) (holding that summary judgment in favor of beneficiary was proper because the plaintiffs "submitted no evidence of control in their summary judgment materials.")

**2.     The court should grant Nationstar summary judgment**

To prove a CPA claim, Mr. El-Sharawy must establish: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; and (5) causation." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 780, 719 P.2d 531, 533 (1986). The first two elements

MOTION FOR SUMMARY JUDGMENT - 7
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

are satisfied if a party fails to participate in a FFA mediation in good faith. RCW 61.24.135. But if an act or practice is not per se unfair or deceptive, the plaintiff must prove that the conduct is "unfair" or "deceptive" under a case-specific analysis of those terms. *Mellon v. Reg'l Trs. Servs. Corp.*, 182 Wash. App. 476, 489, 334 P.3d 1120, 1126 (2014). "Failure to satisfy even one of the elements is fatal to a CPA claim." *Sorrel v. Eagle Healthcare*, 110 Wash. App. 290, 298, 38 P.3d 1024, 1028 (2002).

The CPA limits compensable injuries to "injury to [the] plaintiff in his or her business or property." *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wash.2d 412, 430, 334 P.3d 529, 538 (2014). A claimant must show the alleged injury would not have occurred "but for" the defendant's unlawful acts. *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wash.2d 260, 278, 259 P.3d 129, 137 (2011).

Mr. El-Sharawy alleges Nationstar's allegedly unfair and deceptive acts injured him by (**1**) leaving him "in prolonged limbo;" (**2**) leaving him "with a credit profile in flux;" (**3**) eliminating his "hope of moving forward pending resolution;" (**4**) creating "the real possibility of losing his home;" and (**5**) leaving him with loan arrears "would not exist but for Nationstar's delay in accurately assessing [him] for a loan modification." (ECF No. 100 at 58.) These allegations are insufficient to withstand summary judgment.

"Prolonged limbo," a "credit profile in flux," the lack of "hope of moving forward pending resolution" and the "real possibility of losing his home" are not compensable injuries. The CPA's requirement that injury be to business or property excludes personal injury, "mental distress, embarrassment and inconvenience." *Panang v. Farmers Ins. Co. of Wash.*, 166 Wash.2d 27, 57, 204 P.3d 885, 899 (2009). The financial consequences of such personal injuries are also excluded. *Ambach v. French*, 167 Wash.2d 167, 178, 216 P.3d 405, 411 (2009).

Even if the court finds a "credit profile in flux" is an injury to Mr. El-Shawary's business or property, there is no record evidence Mr. El-Sharawy actually suffered this injury, let alone that Nationstar's allegedly unfair or deceptive conduct proximately caused it. All the

MOTION FOR SUMMARY JUDGMENT - 8
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

record contains Mr. El-Sharawy's self-serving statement"[m]y credit is destroyed," ECF No. 2 at ¶18, which is insufficient to withstand summary judgment, *see e.g., Heko Servs., Inc. v. ChemtTrack Alaska, Inc.*, 418 F.Supp.3d 656, 660 (W.D. Wash. 2019) ("Uncorroborated allegations and 'self-serving testimony' will not create a genuine issue of material fact.")

Mr. El-Shawary's allegation that Nationstar's "delay in accurately assessing [him] for a loan modification" left him with "arrears that would not exist but for Nationstar's delay in accurately assessing [him] for a loan modification" cannot support his claim, either. Mr. El-Shawary claims Nationstar did not "accurately" assess him for a loan modification because it "refused to consider accurate income data . . . or factor in the subject's property's damaged value" and ultimately "refused to address issues with regard to the subject property's value[.]" (ECF No. 100, ¶56.) The only record support for Mr. El-Shawary's claim Nationstar refused to consider "accurate income data" is Mr. El-Sharawy's own self-serving, conclusory testimony, "In March 2017 I was denied a modification based on incorrect income figures." (ECF No. 2, ¶11.) This statement is insufficient. *F.T.C. v. Pub'l Clearing House, Inc.*, 104 F.3d 1168, 1171 (9th Cir. 1997) ("A conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact.") Further, as Nationstar previously explained to Mr. El-Sharawy, his "income had no effect on its decision" to deny his modification request in March 2017. (Second Loll Decl. ¶9 and Ex. 3.) Nationstar denied the request for "insufficient monthly payment reduction," meaning it could not lower the principal and interest payment to an amount lower than what he was currently paying. (*Id.* at ¶6 and Ex. 1.) Mr. El-Shawary's then-current principal and interest payment was $6,805.74 but the post-modification principal and interest payment would have been $6,830.08—a higher amount. (*Id.* ¶ 9 and Ex. 3.)

Nor can Mr. El-Shawary base his claim on Nationstar's alleged failure to "factor in the property's flood damage in its valuation." (ECF No. 110, ¶87.3.) The only record support for this allegation is—again—Mr. El-Sharawy's own self-serving, conclusory testimony that in denying his modification request in March 2017, "Nationstar ignored the fact the house was

MOTION FOR SUMMARY JUDGMENT - 9
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57124306;2

extremely flood damaged when it used [its] $1.885 million valuation." (ECF No. 2, ¶11.)  Mr. El-Shawary also cannot prove causation.  He obtained an appraisal during discovery showing a $1,800,000 value.  (First Haywood Decl. ¶3 and Ex. 1.)  Even if Nationstar had used this valuation instead of its $1,885,000 valuation it did, the result would have been exactly the same: a denial for insufficient monthly payment reduction.  (*Id.* ¶7.)

Nationstar's alleged "refus[al] to address issues with regarding to the subject property's value" also cannot support Mr. El-Sharawy's claim.  (ECF No. 100, ¶56.)  The public impact requirement is not satisfied.  "[I]t is the likelihood that additional plaintiffs have been or will be injured in exactly the same fashion that changes a factual pattern from a private dispute to one that affects the public interest." *Hangman Ridge*, 105 Wash.2d at 790, 719 P.2d at 538.  The parties' dispute concerning his flood-damaged property's valuation does not impact public interest or the public in any way, and Mr. El-Sharawy offers no evidence other borrowers have been or will be injured in the same fashion.

**B.  The court should grant U.S. Bank and Nationstar summary judgment on Mr. El-Sharawy's first CPA claim, count II**

Mr. El-Sharaway's CPA claim, count II, alleges U.S. Bank and Nationstar violated the CPA through their conduct in the second foreclosure mediation.  (ECF No. 100, ¶68.)  He makes these allegations even though he concedes the foreclosure mediator "declined to certify Nationstar's participation in bad faith."  (*Id.* ¶68.)  According to Mr. El-Sharawy, this court should substitute its judgment for the foreclosure mediator's judgment, and find U.S. Bank and Nationstar liable under the CPA, because the mediator "was biased" against him, *id.* at ¶73, and Nationstar mediated in bad faith because it (**1**) did not provide a "breakdown of expenses," (**2**) improperly charged Mr. El-Sharawy $2,800; (**3**) included a clause "wherein [he] was required to dismiss this lawsuit" in its modification offer; and (**4**) brought "pre-approved" offers to the mediation.  (*Id.* ¶75.)  The court should grant summary judgment.

**1.  The court should grant U.S. Bank summary judgment**

Mr. El-Shawary's first CPA claim, count II, does not include any allegations pertaining to U.S. Bank.  (*See* ECF No. 100, ¶¶67-81.)  Just like his first CPA claim, count I, all

MOTION FOR SUMMARY JUDGMENT - 10
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57124306;2

supporting allegations pertain to Nationstar. (*See id.*) The court should dismiss the claim for this reason alone. And to the extent Mr. El-Shawary attempts to articulate a vicarious liability theory, his argument fails, for the same reasons set forth in section IV(A)(1), above. U.S. Bank incorporates its prior argument by reference.

### 2. The court should grant Nationstar summary judgment

#### a. Mr. El-Sharawy cannot prove an unfair or deceptive act or practice

Mr. El-Sharawy cannot prove Nationstar committed an unfair or deceptive act in the second foreclosure mediation. His first supporting allegation—that Nationstar violated the statutory requirement "to provide the best estimate of any arrearage and itemized statement of arrearages, as well as an itemized list of the best estimate of fees and charges outstanding"— lacks any factual support. (ECF No. 100, ¶75.1.) RCW 61.24.163(5)(d) and (e) require the beneficiary to provide these documents "within twenty days of [its] receipt of the borrower's documents." Nationstar's counsel provided a reinstatement quote in November 2018—after the foreclosure mediation referral and *before* Mr. El-Sharawy submitted his documents. (Second Chu Decl. ¶¶5-6, Exs. 2-4.) It shows the arrearages totaled $307,701.57, consisting of past-due monthly payments ($292,987.75), late charges ($2,382.03) and corporate advances ($12,331.71). It also itemized the advances, breaking the total amount due down between title charges ($8,329), state sales tax ($812.94), posting/publication charges ($100), BPO/appraisal fees ($1,317), foreclosure fees ($1,525), mailing costs ($82.85) and recording costs ($165).

Mr. El-Sharawy cannot prove Nationstar charged Mr. El-Sharawy $2,800 "in direct violation of the [FFA's] requirement that payment of the mediator's fee be divided equally between the beneficiary and borrower." (ECF No. 100, ¶75.2.) When asked whether "he has any knowledge of [] $2,800 in foreclosure mediation fees being charged to [his] account" during his deposition, Mr. El-Sharawy responded: "I can't say yes or no because . . . I'm not sure." (Second Declaration of Taylor T. Haywood (**Second Haywood Decl.**) ¶3 and Ex. 1 at 40:8-12.) He then testified he "believed" the "foreclosure fees" listed deposition exhibit 3 represented improperly-charged mediation fees. (*Id.* at 41:14-21.) But then when asked what led him to believe the fees listed on that exhibit represent "foreclosure mediation fees as

MOTION FOR SUMMARY JUDGMENT - 11
Case No. 2:18-cv-01456-JCC

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

57124306;2

opposed to other foreclosure-related fees," he vaguely testified held that belief "from what his understanding is," and that he was "[n]ot 100 percent sure." (*Id.* at 41:22-42:5.)

The "foreclosure fees" listed on deposition exhibit 3 are not for the foreclosure mediator's fees. (Second Loll Decl. ¶10 and Exs. 4, 5.) The $450 charge on February 15, 2017, $825 charge on August 9, 2018, $450 charge on November 28, 2018, and $525 charge on December 13, 2018 are for trustee's fees. (*Id.* ¶10 and Ex. 5.) The $250 charge on February 22, 2017 and $250 charge on July 5, 2019 are trustee's fees for sale cancellations. (*Id.*) The $50 charge on February 11, 2019 is a trustee's sale postponement fee. (*Id.*)

Nor can Mr. El-Sharawy prove Nationstar, in contravention of RCW 61.24.163(1)(d), required Mr. El-Sharawy "waive future claims he . . . may have in connection with the deed of trust, as a condition of agreeing to a modification[.]" (*See* ECF No. 100, ¶75.3.) Mr. El-Sharawy claims paragraph 7(h) of Nationstar's loan modification agreement contains this requirement. It reads:

> In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred with any such action(s).

(Second Loll Decl. ¶11 and Ex. 6.) This paragraph cannot reasonably be read to require him to waive future claims, and only requires him to bear his own attorneys' fees and costs in an action "arising out of or relating to" the loan modification agreement "if permitted by applicable law." (*Id.*)

Further, during his deposition, Mr. El-Sharawy explained his allegation bases on his discontent with Nationstar's modification offers because, in his opinion, they were "not possible," for instance, because "the numbers were too high." (Second Haywood Decl. ¶3 and Ex. 1 at 51:7-15.) That Mr. El-Sharawy disagreed with Nationstar's modification offers does not demonstrate Nationstar acted unfairly, in a deceptive manner, failed to designate a proper mediation representative, or failed to "address the issues of foreclosure" as RCW 61.24.163(9) requires. Mr. El-Sharawy's complaints of "pre-approved" offers are insufficient to withstand summary judgment. *See e.g., Lisson v. Wells Fargo Bank, N.A.*, 9 Wash.App.2d 1090, 2019

MOTION FOR SUMMARY JUDGMENT - 12
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

WL 3577859, at *11 (Wash. Ct. App. 2019) (unpublished) (affirming summary judgment on CPA claim because "the mediator certified that Wells Fargo participated in the mediation with the authority to settle and in good faith.")

### b. Mr. El-Sharawy cannot prove causation

With respect to causation, Mr. El-Sharawy must establish Nationstar's unfair or deceptive acts were the proximate cause of his injury. *See Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wash.2d 59, 83, 170 P.3d 10, 22 (Wash. 2007). Under the proximate cause standard, he must establish that "but for [U.S. Bank and Nationstar's] unfair or deceptive practice, [he] would not have suffered an injury." *Id.* He describes his "injury" in his complaint as "additional loan cost" and "any recoupment or set-off." (ECF No. 100, ¶83.) When asked what "additional loan cost" meant during his deposition, he testified "I have to – I honestly have to go through all my records. I just – I have so much in my head right now," and failed to provide any insight. (Second Haywood Decl. ¶3 and Ex. 1 at 136:3-9.) And when asked what he means by "recoupment or setoff," his response was equally vague: "Again, this is just – I have to go through all my notes . . . you know, I kind of went through and I was telling [counsel] how much I feel this is what needs to be done and stuff. It's hard to remember everything right now." (*Id.* at 136:21-137:5.) None of the "unfair" or "deceptive" trade practices—with the possible exception of the $2,800 in "foreclosure fees" that were legitimately charged to his account—conceivably resulted in an "additional loan cost" or would give rise to a right to set-off or recoupment. The court should grant summary judgment because Mr. El-Sharawy cannot prove a causal link between the alleged unfair or deceptive act and his alleged injury.

### B. The court should grant U.S. Bank summary judgment on the second CPA claim

Mr. El-Sharawy's second CPA claim alleges U.S. Bank "failed to require its servicer Nationstar to have policies and procedures in place reasonably designed to ensure the provision of accurate and timely disclosures to borrowers, investigate, respond to, and make corrections in response to complaints asserted by a borrower;" "induced [h]im into default;" "did not consider accurate income data [or] factor in the property's flood damage in its valuation;" and

MOTION FOR SUMMARY JUDGMENT - 13
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

"rel[ied] on an erroneous valuation[.]" (ECF No. 100, ¶¶87.1-.4.) The court should grant U.S. Bank summary judgment.

*First*, nothing in the record supports the contention Nationstar did not have policies and procedures in place to ensure it provides timely and accurate disclosures to borrowers or to investigate, respond to, or make corrections in response to borrower complaints. (*Id.* at ¶87.1.)

*Second*, Mr. El-Shawary's vicarious liability theory fails, as set forth in section IV(A)(1), above. U.S. Bank incorporates its prior argument by reference.

*Third*, as set forth above, Mr. El-Shawary cannot base a CPA claim against U.S. Bank on Nationstar's alleged refusal to consider accurate income data, failure to factor in the property's damaged condition or "refusal to address issues with regarding to the subject property's value." Nationstar addressed these arguments in section IV(A)(2), *supra*, and U.S. Bank incorporates its argument by reference.

And *finally*, Mr. El-Shawary cannot prove the damages he claims—"costly living circumstances, an increased debt and loan cost, and damage to his credit," ECF No. 100 ¶65, were caused by the allegedly unfair and deceptive acts supporting this claim. There is no record evidence Nationstar caused Mr. El-Shawary's living expenses to increase, caused an "increased debt and loan cost" or "damaged his credit."

**C.     The court should grant Nationstar summary judgment on the FDCPA claim**

Mr. El-Shawary's fourth claim alleges Nationstar violated the FDCPA through, among other things, using "unfair and unconscionable means" to enforce his deed of trust. (ECF No. 100, ¶105.) This claim cannot withstand summary judgment because Mr. El-Shawary cannot prove Nationstar is a "debt collector."

To be held liable for FDCPA violations Nationstar must be a "debt collector." *See* 15 U.S.C. § 1692a(6); *De Dios v. Int'l Realty & Invs.*, 641 F.3d 1071, 1073 (9th Cir. 2011). The FDCPA excludes "any person or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default *at the time it was obtained* by such person." § 1692a(6)(F)(iii) (emphasis added); *see also De Dios*, 641 F.3d at 1073, 1075 n. 3 (explaining a "debt collector does not include those

MOTION FOR SUMMARY JUDGMENT - 14
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

mortgage service companies . . . who service outstanding debts for others, so long was the debts were not in default when taken for servicing.") (citation and internal quotations omitted)).

Nationstar does not meet the "debt collector" definition because the loan was current (*i.e.*, due for the September 1, 2013 payment) when Nationstar began servicing. (First Loll Decl., ¶5 and Ex. 2.) *Rich* confirms summary judgment is appropriate. There, the plaintiffs alleged their mortgage servicer, Bank of America, violated the FDCPA. *Rich v. Bank of Am., N.A.*, 666 Fed. App'x 635, 639 (9th Cir. 2016). But the evidence showed Bank of America or its subsidiaries serviced the loan since "before the Plaintiffs' default in October 2010." *Id.* The Ninth Circuit held, as a result, "the FDCPA does not apply to [Bank of America]" and affirmed the district court's summary judgment order. *Id.* (citing § 1692a(6)(F)(iii) and *Dios*, 641 F.3d at 1074)). This court should similarly grant Nationstar summary judgment.

Mr. El-Shawary's argument Nationstar "did not have meaningful servicing rights, particularly as they pertain to foreclosure, until after default," ECF No. 100, ¶102, is insufficient to withstand summary judgment. Mr. El-Shawary merely relies on an assignment of the deed of trust from Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Home Loans, Inc. to U.S. Bank executed in 2016. (*Id.*; *see also* ECF No. 37-5.) But the date the deed of trust was assigned to U.S. Bank does not matter—what matters is when *servicing transferred* to Nationstar. A.J. Loll, a Nationstar vice president, testified: "Nationstar services the loan for [U.S. Bank] and has serviced the loan for U.S. Bank since September 1, 2013." (First Loll Decl. ¶4.) The record also contains Nationstar's "welcome letter," dated September 12, 2013, advising Mr. El-Shawary of the servicing transfer. (ECF No. 69, ¶4 and Ex. 1.) Mr. El-Shawary's FDCPA claim cannot withstand summary judgment.

**D.     The court should grant Nationstar summary judgment on the ECOA claim**

ECOA requires creditors to "provide an applicant a copy of all appraisals and other written valuations developed in connection with an application for credit that is to be secured by a first lien on a dwelling." 12 C.F.R. § 1002.14; *see also* 15 U.S.C. § 1691(e)(1). Mr. El-Sharawy claims Nationstar did not provide "several valuations" and, as a result, gave "the false and misleading impression that a valuation of $1,885,000 [] [wa]s realistic, when 4 months

MOTION FOR SUMMARY JUDGMENT - 15
Case No. 2:18-cv-01456-JCC

57124306;2

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

earlier Nationstar produced a 'BPO' value of $1,310,000 through their affiliated business Xome." (ECF 100, ¶¶95-97.) The court should grant summary judgment.

Nationstar utilized a $1,885,000 valuation in denying Mr. El-Shawary's request for a loan modification in March 2017. (First Loll Decl., ¶19 and Ex. 16.) Mr. El-Shawary undisputedly received a copy of the valuation before then—in January 2017—through his housing counselor, So-Yong Song. (Chu Decl., ¶5 and Exs. 1, 2.) Mr. El-Shawary subsequently submitted a mortgage assistance request to the Washington attorney general expressly confirming receipt: "Decision letter did not contain[] income they have use or Value using for the property. *Although we did receive[] [a] copy of BPO (valuation was done which . . . valued at $1,885,000.*") (First Loll Decl., ¶19 and Ex. 17.) Mr. El-Shawary cannot base his claim on Nationstar's alleged failure to provide a copy the $1,885,000 valuation.

Nor can he base his claim on Nationstar's alleged failure to provide the $1,310,000 valuation. Nationstar did not use this valuation in connection with reviewing Mr. El-Shawary for a modification. It is merely listed as a "historical BPO," dated August 10, 2016, in the "risk profiler" section of the $1,885,000 valuation. (*See* First Loll Decl., ¶19 and Ex. 16 at 8.) Nationstar denied Mr. El-Shawary's subsequent loan modification requests on August 20, 2016, December 24, 2016 and February 3, 2017 based on its determination the loan was ineligible for a HAMP modification due to the unpaid principal balance exceeding program limits. (First Loll Decl., ¶¶8, 12, 15 and Exs. 5, 9, 12.) It did not rely on any valuations in reaching its decision. (*Id.*)

Mr. El-Shawary also exclusively relies on his expert's report to support his argument Nationstar did not properly provide copies of the valuations it used in completing its modification reviews. (*See* ECF No. 54 at ¶13.) But his expert lacks personal knowledge regarding what valuations Nationstar provided to Mr. El-Shawary and when. His testimony is not competent summary judgment evidence. *See e.g.,* FED. R. CIV. P. 56(c)(4) (stating supporting and opposing affidavits "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to the matters stated.")

MOTION FOR SUMMARY JUDGMENT - 16
Case No. 2:18-cv-01456-JCC

57124306;2

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

Mr. El-Shawary cannot prove Nationstar "gave the false and misleading impression" its $1,885,000 valuation "[wa]s realistic" in any event. (ECF No. 100, ¶97.) Nationstar's valuation accords with Mr. El-Shawary's own valuation. He obtained an appraisal during the course of discovery, showing a $1,800,000 "as is value"—less than a 5% difference. (First Haywood Decl., ¶3 and Ex. 1.)

Finally, no reasonable jury could award actual or punitive damages. Successful ECOA claimants may recover actual damages and punitive damages "in an amount not greater than $10,000." 15 U.S.C. § 1691e(a), (b). Punitive damages can be awarded (**1**) if the creditor wantonly, maliciously or oppressively discriminates against an applicant or (**2**) the creditor acts "in reckless disregard of the requirements of law." *Anderson v. United Fin. Co.*, 666 F.2d 1274, 1278 (9th Cir. 1982). This determination is made by considering all factors, particularly those listed in § 1691(b): the amount of actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional. *Id.*; 15 U.S.C. § 1691(b). Mr. El-Shawary has not produced a shred of actual damage evidence, nor anything supporting a punitive damage award.

**E.  The court should grant summary judgment on the negligent misrepresentation claim**

To prevail on the negligent misrepresentation claim, Mr. El-Sharawy must prove: (**1**) U.S. Bank and Nationstar supplied information for the guidance of others in their business transactions that was false, (**2**) U.S. Bank and Nationstar knew or should have known that the information was supplied to guide him in his business transactions, (**3**) U.S. Bank and Nationstar were negligent in obtaining or communicating the false information, (**4**) Mr. El-Sharawy relied on the false information, (**5**) Mr. El-Sharawy's reliance was reasonable, and (**6**) the false information proximately caused damages. *Merriman v. Am. Guar. & Liab. Ins. Co.*, 198 Wn. App. 594, 613, 396 P.3d 351, 360-61 (2017). The court should grant U.S. Bank and Nationstar summary judgment.

Mr. El-Sharawy claims U.S. Bank and Nationstar "negligently represented the

MOTION FOR SUMMARY JUDGMENT - 17
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

following":

> 118.1 [U.S. Bank] and Nationstar induced loan default by conditioning a loan modification on his default, when the reason for a modification was the property's landslide damage;
>
> 118.2 Through-out, [U.S. Bank and Nationstar] represented that they would review, and/or were reviewing plaintiff's application for loan modification, but instead gave only dubious excuses for not doing so.
>
> 118.3 [U.S. Bank] and Nationstar represented they could provide default mitigation through the HAMP program, however Mr. El-Shawary's loan is a non-GSE jumbo loan not covered under HAMP and HAMP finished expiring in 2017.
>
> 118.4 Mr. El-Shawary submitted numerous modification applications and defendant Nationstar . . . in foreclosure mediation, routinely denied Mr. El-Shawary's modification application by stating that certain documents were missing when [in] fact, the documents Nationstar identified as missing had been submitted with the application.
>
> 118.5 Around March 15, 2017, defendants stated they could not modify the loan and refused to acknowledge using inaccurate income data to calculate Mr. El-Shawary's qualification for loan modification[.]

(ECF No. 100, ¶118.) None of these allegations can support a valid claim.

Mr. El-Sharawy cannot base his claim on the allegation "Nationstar induced loan default." (*Id.* at ¶118.1.) "Inducing default" is not a false statement. And regardless, Mr. El-Sharawy undisputedly defaulted because he could no longer afford his home—not because of any representation Nationstar made. He informed Nationstar he could not afford the property any longer as early as October 30, 2015. (First Loll Decl., ¶20 and Ex. 18.) There is also no evidence U.S. Bank or Nationstar knew or should have known they supplied information to guide Mr. El-Sharawy in his business transactions, U.S. Bank and Nationstar were negligent in "conditioning a loan modification on his default," or U.S. Bank and Nationstar's false information proximately caused Mr. El-Sharawy's damages.

Mr. El-Sharawy cannot premise his claim on the allegation Nationstar falsely represented "it would review and/or was reviewing" his modification applications, either. He makes no allegation—and there is no evidence—U.S. Bank or Nationstar informed him "it would review and/or was reviewing" his modification applications to guide him in his business

MOTION FOR SUMMARY JUDGMENT - 18
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

transactions; U.S. Bank or Nationstar were negligent in communicating such information; Mr. El-Sharawy reasonably relied on U.S. Bank or Nationstar's representation "it would review and/or was reviewing" his applications; or that U.S. Bank or Nationstar's representation "it would review and/or was reviewing" his applications proximately caused his alleged damages. Further, the record evidence belies his claim. Nationstar consistently reviewed the materials Mr. El-Sharawy submitted and promptly informed him what documents were missing upon its review. (First Loll Decl., ¶¶7, 10, 11, 14, 17 and Exs. 4, 7, 8, 11, 14.)

The allegations U.S. Bank and Nationstar misrepresented "they could provide default mitigation through the HAMP program," "routinely denied Mr. El-Shawary's modification application by stating that certain documents were missing when [in] fact, the documents . . . had been submitted with the application," and "stated they could not modify the loan and refused to acknowledge using inaccurate income data to calculate Mr. El-Shawary's qualification for a loan modification" are likewise insufficient to support his claim. (ECF No. 100, ¶¶118.3-.5) Mr. El-Sharawy makes no allegation—and there is no evidence—U.S. Bank or Nationstar negligently communicated any of this information or that U.S. Bank or Nationstar knew or should have known they supplied such information to guide Mr. El-Sharawy in his business transactions. There is no also evidence Mr. El-Shawary relied on any of these "misrepresentations" to his detriment, let alone reasonably relied on them, in the record. The court should grant U.S. Bank and Nationstar summary judgment. *See e.g.*, *Adrian v. Wells Fargo Bank, N.A.*, 784 Fed. App'x 554, 555 (9th Cir. 2019) (holding negligent misrepresentation claim failed as a matter of law "[b]ecause the record contains no evidence that Wells Fargo ever provided [the borrower] any false information regarding his eligibility for a loan modification under HAMP[.]")

## IV. CONCLUSION

For the foregoing reasons, the court should grant U.S. Bank and Nationstar summary judgment on all Mr. El-Shawary's claims.

///

///

MOTION FOR SUMMARY JUDGMENT - 19
Case No. 2:18-cv-01456-JCC

57124306;2

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

Respectfully submitted, this the 4th day of June, 2021.

**AKERMAN LLP**

*/s/ Justin D. Balser*
Justin D. Balser, WSBA # 56577
justin.balser@akerman.com
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile:    (303) 260-7714

*Attorneys for defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Pass-Through Certificates Series 2006-4F and Nationstar Mortgage LLC*

MOTION FOR SUMMARY JUDGMENT - 20
Case No. 2:18-cv-01456-JCC

57124306;2

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712