The Honorable John C. Coughenour

**AKERMAN LLP**
JUSTIN D. BALSER (WSBA No. 56577)
Email: justin.balser@akerman.com
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone:   (303) 260-7712
Facsimile:    (303) 260-7714

*Attorneys for defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Pass-Through Certificate Series 2006-4F and Nationstar Mortgage LLC d/b/a "Mr. Cooper"*

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| GUIRGUIS, a.k.a. GEORGE, EL-SHAWARY, a Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION as TRUSTEE FOR GSR MORTGAGE LOAN TRUST 2006-4F MORTGAGE PASS-THROUGH CERTIFICATE SERIES 2006-4F; NATIONSTAR MORTGAGE L.L.C d/b/a "MR. COOPER", a foreign company; and QUALITY LOAN SERVICE CORPORATION OF WASHINGTON solely as a nominal party and Trustee under RCW 61.24.130 et seq.<br><br>Defendants. | Case No.  2:18-cv-01456-JCC<br><br>**REPLY SUPPORTING MOTION FOR SUMMARY JUDGMENT [ECF NO. 110]** |

Defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F, Mortgage Pass-Through Certificates Series 2006-4F and Nationstar Mortgage LLC d/b/a Mr. Cooper reply supporting their motion for summary judgment, ECF No. 110.

### I.   INTRODUCTION

Plaintiff Guirguis a/k/a George El-Shawary's opposition jumbles his CPA claims together, ostensibly completely ignores one CPA claim, fails to meaningfully address many of U.S. Bank and Nationstar's arguments, improperly attempts to amend his pleadings, and
REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S MOTION FOR SUMMARY JUDGMENT - 1
Case No.  2:18-cv-01456-JCC

58855996;1

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

The Honorable John C. Coughenour

attempts to introduce evidence—a credit report—he failed to disclose during the discovery process. The should grant summary judgment for the following reasons, as well as the additional reasons set forth in U.S. Bank and Nationstar's motion below:

- U.S. Bank is not vicariously liable for Nationstar's foreclosure-mediation related conduct, eliminating the first CPA claim, counts I and II;

- Mr. El-Shawary cannot prove the "unfair or deceptive" acts underlying his first CPA claim, count I, proximately caused compensable injury;

- Mr. El-Shawary cannot prove the "unfair or deceptive" acts underlying his first CPA claim, count II, and cannot prove causation with respect to his first CPA claim, count II;

- The second CPA claim is substantively the same as the first CPA claim, count I, with the exception of an additional allegation Mr. El-Shawary's opposition ignores (and which has no record support);

- The undisputed record evidence shows Nationstar began servicing Mr. El-Shawary's loan before default, precluding his FDCPA claim;

- Mr. El-Shawary does not identify a single valuation or appraisal Nationstar obtained in connection with a loan modification review but did not provide him, meriting summary judgment on the ECOA claim; and

- Mr. El-Shawary only addresses two of the six elements of his negligent misrepresentation claim, instead asking the court to allow the claim to proceed to trial because "Nationstar made misrepresentations" and its "default mitigation evasion" caused damages.

## II. REPLY TO MR. EL-SHAWARY'S "DISPUTED FACTS"

Mr. El-Shawary's opposition identifies 8 "disputed facts." (ECF No. 114 at 2.) But every sentence in his "disputed fact" section is an argument or legal conclusion. *See e.g., id.* at 114 at 2:22-23 ("Material fact questions exist as to Nationstar's status as [a] debt collector under the Fair Debt Collection Practices Act.") The court should consider all facts Nationstar and U.S. Bank set forth on pages 2 through 6 of their motion as undisputed.

///

///

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 2
Case No. 2:18-cv-01456-JCC

58855996;1

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

### III. ARGUMENT

**A.   The court should reject Mr. El-Shawary's vicarious liability theory**

Mr. El-Shawary's first CPA claim, counts I and II, makes no allegations pertaining to U.S. Bank. (*See* ECF No. 100, ¶¶53-64, 67-81.) Mr. El-Shawary instead asks the court to hold it liable for Nationstar's alleged CPA violations arising from the first and second foreclosure mediations under a vicarious liability theory, while admitting "the foreclosure mediation certifications do not mention" U.S. Bank. (ECF No. 114 at 5-8.) The court should decline.

Washington law is clear a principal is only liable for the activities of its agent that the principal has a right to control. *Kroshus v. Koury*, 30 Wash. App. 258, 264, 633 P.3d 909, 912 (1981); *see also Stephens v. Omni Ins. Co.*, 138 Wash. App. 151, 183, 159 P.3d 10, 27 (2007) ("The right to control is indispensable to vicarious liability.") While Nationstar services Mr. El-Sharawy's loan—and serviced the loan during both foreclosure mediations—there is no evidence U.S. Bank had any control over Nationstar's conduct within the foreclosure mediations. A.J. Loll provided unrebutted testimony U.S. Bank does not oversee or participate in foreclosure mediations, or in considering individual loan modification requests related to loans in default or where default is reasonably foreseeable. (ECF No. 111 at 2.) And the fact Nationstar executed a beneficiary declaration, substitution of trustee and notice of trustee's sale as U.S. Bank's "attorney in fact" is irrelevant to the critical issue—whether U.S. Bank had the right to control the foreclosure-mediation-related conduct Mr. El-Shawary complains about. (ECF No. 114 at 6-8.) Absent any evidence U.S. Bank had the ability to control Nationstar's conduct within the foreclosure mediations—and there is none—the court should grant U.S. Bank summary judgment.[1]

**B.   The court should grant summary judgment on the first CPA claim, count I**

Mr. El-Shawary's first CPA claim, count I, alleges U.S. Bank and Nationstar violated the CPA through Nationstar's conduct in the first foreclosure mediation. (ECF No. 100, ¶56.)

---

[1] The allegations in paragraph 4 of the third amended complaint are insufficient to overcome summary judgment. *MAI Sys. Corp. v. Peak Computer, Inc.*, 991 F.2d 511, 518 (9th Cir. 1993) (a party opposing summary judgment may not rest upon the mere allegations or denials in pleadings, but must set forth specific facts showing there is a genuine issue for trial.)

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 3
Case No. 2:18-cv-01456-JCC

58855996;1

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

The Honorable John C. Coughenour

1   As U.S. Bank and Nationstar argued in their motion, the court should grant summary judgment
2   because none of Mr. El-Shawary's alleged injuries[2] can support his claim.  (ECF No. 110 at 7-
3   10.)  The CPA limits compensable injuries to "injury to [the] plaintiff in his or her business or
4   property."  *Frias v. Asset Foreclosure Servs., Inc.*, 181 Wash.2d 412, 430, 334 P.3d 529, 538
5   (2014).  And to prevail, Mr. El-Shawary must show the alleged injury would not have occurred
6   "but for" the defendant's unlawful acts.  *Schnall v. AT&T Wireless Servs., Inc.*, 171 Wash.2d
7   260, 278, 259 P.3d 129, 137 (2011).

8       Rather than directly address any of U.S. Bank and Nationstar's arguments, Mr. El-
9   Shawary provides a broad background on the CPA and jumbles his multiple CPA claims and
10  "counts" together—likely to obfuscate the fact "prolonged limbo," a "credit profile in flux," the
11  lack of "hope of moving forward pending resolution," and the "real possibility of losing his
12  home" are not compensable injuries.  (ECF No. 114 at 8-18.)  Nowhere does he address U.S.
13  Bank and Nationstar's arguments these "injuries" cannot support his claim.  (*See generally, id.*)

14      Mr. El-Shawary attempts to salvage his claim by vaguely protesting he "is injured with
15  increased loan expense and loss of equity" and suffered credit damage.  (ECF No. 114 at 15-
16  16.)  The court should reject his "increased loan expense and lack of equity" argument.  (*Id.* at
17  15.)  He fails to produce any evidence he would have obtained a loan modification negating the
18  "increased loan expense" and "loss of equity" but for the alleged wrongdoing underlying his
19  claim—Nationstar's refusal "to consider accurate income data . . . or factor in the property's
20  damaged condition," as U.S. Bank and Nationstar explained in their summary judgment
21  motion.  (ECF No. 110 at 9-10; *see also* ECF No. 100 at ¶¶59.1.)

22      The court should reject Mr. El-Shawary's credit damage argument as well, for *two*
23  reasons.  *First,* the court cannot consider his credit report.  Mr. El-Shawary never disclosed the
24  credit report his counsel filed with his opposition—or any other credit report. (Declaration of

---

[2] Mr. El-Shawary alleges Nationstar's allegedly unfair or deceptive acts injured him by (**1**) leaving him in "prolonged limbo;" (**2**) leaving him "with a credit profile in flux;" (**3**) eliminating his "hope of moving forward pending resolution;" (**4**) creating "the real possibility of losing his home; and (**5**) leaving him with loan arrears that "would not exist but for Nationstar's delay in accurately assessing [him] for a loan modification."  (ECF No. 100 at 58.)

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 4
Case No.  2:18-cv-01456-JCC

58855996;1

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

The Honorable John C. Coughenour

Taylor T. Haywood, ¶3.)  And Rule 37 makes clear a party who fails to comply with its disclosure obligations cannot use any information not disclosed "to supply evidence on a motion . . . unless the failure was substantially justified or harmless."  FED. R. CIV. P. 37(c)(1).  Mr. El-Sharawy's disclosure failure is not substantially justified because he referenced a "credit profile in flux" as long ago as 2018, when he filed his original complaint.  (ECF No. 1 at ¶32.2.)  The late disclosure also harms U.S. Bank and Nationstar, because Mr. El-Shawary's deposition already took place, and discovery is closed.  (*Id.* at ¶4.)

And *second*, Mr. El-Shawary supports his argument with his counsel's speculation only: "had Nationstar avoided or mitigated [his] default in good faith back in 2016-2017, the late payments comprising 15% of [his] open-account credit reporting would either not exist or be far fewer thus reducing the negative impact on [his] credit rating."  (ECF No. 114 at 15-16.)  Arguments of counsel are not evidence, and speculation cannot create a factual dispute to overcome summary judgment.  *Carrillo-Gonzalez v. I.N.S.*, 353 F.3d 1077, 1079 (9th Cir. 2003) (arguments of counsel are not evidence); *Loomis v. Cornish*, 836 F.3d 991, 997 (9th Cir. 2016) ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.")

To the extent Mr. El-Shawary bases his claim on the allegation Nationstar "induced default," his claim cannot withstand summary judgment.  Mr. El-Shawary relies on the first foreclosure mediator's bad faith certification to satisfy the "unfair or deceptive act or practice" and "occurring in trade or commerce" elements of his claim.  (ECF No. 114 at 9:3-5.)  But according to Mr. El-Shawary, Nationstar allegedly induced default in 2015—well before the foreclosure mediation commenced.[3]  (ECF No. 114 at 2:3-5.)  Further, Mr. El-Shawary claims the public impact element is satisfied because "it is necessarily a question of fact whether an

---

[3] Absent the foreclosure mediator's certification, Mr. El-Shawary would need to establish Nationstar's unfairly or deceptively required him to default before it would consider a modification.  But he makes no argument Nationstar provided him with incorrect information, or that he would be eligible for loan modification if he remained current on his loan.  And as U.S. Bank and Nationstar explained in their summary judgment motion, Mr. El-Shawary undisputedly defaulted because he could no longer afford his home—not because of any representation Nationstar made.  (ECF No. 110 at 18.)

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 5
Case No.  2:18-cv-01456-JCC

58855996;1

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

The Honorable John C. Coughenour

unfair act has the capacity to deceive a substantial portion of the public." (ECF No. 114 at 13.) But he makes no argument—and introduces no evidence—other borrowers have or are likely be injured in exactly the same manner, as necessary. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105 Wash.2d 778, 790, 719 P.2d 531, 538 (1986). Instead he merely notes Nationstar is a business and the parties "are at a starkly unequal bargaining position." (ECF No. 114 at 14-15.) That Nationstar is a business cannot be enough or every dispute involving a business would automatically satisfy the public interest requirement. And the statement Mr. El-Shawary and Nationstar occupy "starkly unequal bargaining position[s]" is nothing but the argument of counsel, not evidence.

Finally, Mr. El-Shawary ostensibly argues a consent decree between Nationstar and the Consumer Protection Financial Bureau entered by another district court proves Nationstar's "practices in foreclosure mediation were unfair or deceptive under the CPA." (ECF No. 114 at 13.) The consent decree does not involve Mr. El-Shawary or allegations similar to Mr. El-Shawary's; makes no suggestion about what conduct violates the CPA; and has no application to the facts of this case. And Mr. El-Shawary makes no coherent argument otherwise. (*See id.* at 12-13.) The court should grant summary judgment on the first CPA claim, count I.

**C.     The court should grant summary judgment on the first CPA claim, count II**

Mr. El-Shawary's first CPA claim, count II, alleges U.S. Bank and Nationstar violated the CPA through Nationstar's conduct in the second foreclosure mediation. (ECF No. 100, ¶68.) The court should grant summary judgment for two reasons, as U.S. Bank and Nationstar explained in their summary judgment motion. (ECF No. 110 at 11-13.) *First*, Mr. El-Shawary cannot prove an unfair or deceptive act or practice. And *second*, Mr. El-Shawary cannot prove causation. (*Id.*)

U.S. Bank and Nationstar's motion discussed all allegedly "unfair or deceptive" practices Mr. El-Shawary identified in his third amended complaint, ECF No. 100, ¶75. (ECF No. 110 at 11-13.) Rather than respond, Mr. El-Shawary lodges a general protest "factual disputes exist." (ECF No. 114 at 10-13.) For instance, he claims "factual disputes exist as to [his] allegations that Nationstar asked [him] to waive future attorneys fees and costs he may

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 6
Case No. 2:18-cv-01456-JCC

58855996;1

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

have in connection with the deed of trust, as a condition to a modification." (*Id.* at 11:10-13.) But he does not address Nationstar's argument paragraph 7(h) originally included in the loan modification agreement required no such thing. (ECF No. 110 at 12:9-20.) Similarly, he claims "factual disputes exist as to [his] allegations that Nationstar failed to comply with [its] obligation[s] under RCW 61.24.163(5)(d) and (e)." (ECF No. 114 at 11:21-23.) But he ignores Nationstar's evidence showing it provided a reinstatement quote in November 2018, which itemized the arrearages and broke down the outstanding advances. (ECF No. 110 at 11:7-19.) In short, as U.S. Bank and Nationstar set forth in their motion, Mr. El-Shawary cannot prove any "unfair or deceptive" conduct described in ¶75 of the third amended complaint.

The court should ignore Mr. El-Shawary's argument there is "also a factual dispute as to whether Nationstar misrepresented the escrow related to the modified loan[.]" (ECF No. 114 at 12:7-8.) Mr. El-Shawary does not make any allegations Nationstar's escrow account handling constitutes "unfair or deceptive" conduct in his third amended complaint. (*See* ECF No. 100, ¶75.) Nor should the court grant leave to amend. Mr. El-Shawary has already amended his complaint three times—and twice since the conclusion of the second foreclosure mediation. (ECF No. 54, 100.) Amendment would also be futile. During his deposition Mr. El-Shawary conceded he had a negative $115,228.33 escrow balance in April 2020 (before the modification) and Nationstar capitalized the entire balance through the modification, resulting in a $0 escrow balance. (ECF No. 113 at 92:17-93:14.) Further, nothing in the loan modification agreement supports his vague claim the "near future escrow [would be] funded" through the modification. (ECF No. 114 at 12:10-11; *see also* ECF No. 111 at 57.) The modification agreement instead provides he must pay, beginning on June 1, 2020, $8,258.66, which includes a $2,634.36 escrow payment. (ECF No. 111 at 57 ¶5.)

Mr. El-Shawary's claim also cannot withstand summary judgment because he cannot prove causation. As U.S. Bank and Nationstar explained in their motion, Mr. El-Shawary describes his "injury" as "additional loan cost" and "any recoupment or set-off." (ECF No. 100, ¶83.) During his deposition, he could not explain what either of these "injuries" mean. (*Id.*) His opposition also does not even attempt to address U.S. Bank and Nationstar's argument he

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 7
Case No. 2:18-cv-01456-JCC

58855996;1

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

cannot prove a causal link between the allegedly unfair and deceptive practices supporting his claim and these alleged injuries. Instead Mr. El-Shawary argues Nationstar "not only failed to mitigate [his] default for years" but also "caused [him] to default," which is irrelevant to whether Nationstar's allegedly "unfair or deceptive" conduct in the second foreclosure mediation caused "additional loan cost" and "any recoupment or set-off." (ECF No. 114 at 16:19-21.) Mr. El-Shawary also cites to his expert's report, but his expert prepared and filed with the court before the parties began mediating in the second foreclosure mediation. (ECF No. 4; ECF No. 114 at 17-18.) The court should grant summary judgment on the first CPA claim, count II, either because Mr. El-Shawary cannot prove an allegedly "unfair or deceptive" act or practice or causation.

**D. The court should grant summary judgment on the second CPA claim**

Mr. El-Shawary's second CPA claim makes substantively similar allegations as his first CPA claim, count I, but adds the allegation U.S. Bank "failed to require its servicer Nationstar to have policies and procedures in place reasonably designed to ensure the provision of accurate and timely disclosures to borrowers or to investigate, respond to, and make corrections in response to complaints asserted by a borrower."[4] (ECF No. 110, ¶86.) As U.S. Bank and Nationstar's summary judgment motion explained, nothing supports this additional allegation. (ECF No. 110 at 14.) Mr. El-Shawary makes no argument otherwise in his opposition—instead appearing to forget this claim exists. The court should find his allegation insufficient to overcome summary judgment, and grant summary judgment on the second CPA claim for the same reasons as the first CPA claim, count I. *Loomis*, 836 F.3d at 997 ("[M]ere allegation and speculation do not create a factual dispute for purposes of summary judgment.")

**E. The court should grant summary judgment on the FDCPA claim**

The court should grant Nationstar summary judgment on Mr. El-Shawary's FDCPA claim because—despite Mr. El-Shawary's arguments otherwise—Nationstar is not a "debt collector." As Nationstar set forth in its motion, it does not meet the "debt collector" definition

---

[4] U.S. Bank and Nationstar incorporate their arguments in section II(B), above, by reference, since Mr. El-Shawary's first CPA claim, count I, makes substantively the same allegations.

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 8
Case No. 2:18-cv-01456-JCC

58855996;1

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

The Honorable John C. Coughenour

1  because loan was not in default when Nationstar began servicing.  (ECF No. 110 at 15.)
2  Nationstar's summary judgment evidence shows it began servicing Mr. El-Shawary's loan on
3  September 1, 2013.  (ECF No. 72 at ¶4.)  And Mr. El-Shawary admits he did not default until
4  later—on April 1, 2016.  (*See e.g.*, ECF No. 114 at 18 ("Plaintiff defaulted on his loan on April
5  1, 2016.")).  Summary judgment is appropriate.
6        Numerous cases—all of which Mr. El-Shawary ignores—support Nationstar's position.
7  In *Johnson*, for instance, the court granted Nationstar summary judgment because "The
8  Johnsons offer no evidence disputing that (1) Nationstar commenced servicing the McKinley
9  Loan in July 2012, and (2) the McKinleys did not default on their loan until more than two
10 years later, in September 2014." *Johnson v. Nationstar Mortg. LLC*, No. C16-1031-JLR, 2017
11 WL 2986296, at *5 (W.D. Wash. July 13, 2017).  "Consequently," the court continued,
12 "Nationstar does not qualify as a 'debt collector' under the FDCPA." *Id.*
13       As another example, in *Hinrichsen*, the court granted Bank of America summary
14 judgment because "the undisputed evidence shows [Bank of America] and its subsidiary have
15 serviced the loan at issue since 2010, well before Plaintiff's default in 2012." *Hinrichen v.*
16 *Bank of Am., N.A.*, No. 17-cv-0219-DMS-RBB, 2018 WL 3437075, at *4 (S.D. Cal. July 17,
17 2018).  The court concluded: "Because [Bank of America] serviced the loan before Plaintiff's
18 default, it does not qualify as a debt collector for purposes of the FDCPA." *Id.*
19       The court should reject Mr. El-Shawary's argument Nationstar "did not properly acquire
20 *meaningful or legitimate* servicing rights of [his] loan until months after default." (ECF No.
21 114 at 19.)  He offers nothing to create a trial fact issue, instead commenting the original deed
22 of trust beneficiary did not formally assign the deed of trust to U.S. Bank until after he
23 defaulted. (ECF No. 1114 at 18.)  The date the deed of trust was assigned to U.S. Bank does not
24 matter—what matters is when the loan service-transferred to Nationstar.  And A.J. Loll, a
25 Nationstar vice president, testified: "Nationstar services the loan for [U.S. Bank] and has
26 serviced the loan for U.S. Bank since September 1, 2013."  (ECF No. 72 at 2 ¶4.)  The record
27 also contains Nationstar's "welcome" letter, dated September 12, 2013, advising Mr. El-
28 Shawary of the servicing transfer.  (ECF No. 69 at ¶4 and Ex. 1.)  Mr. El-Shawary's FDCPA

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 9
Case No.  2:18-cv-01456-JCC

58855996;1

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

The Honorable John C. Coughenour

claim cannot withstand summary judgment.

None of the cases Mr. El-Shawary cites merit ruling finding a fact issue for trial. In *Titus*, the court merely found the borrower's claim sufficient to withstand Wells Fargo's motion to dismiss, taking the allegations the note and deed of trust "were not properly assigned" until after Wells Fargo initiated foreclosure as true. *Titus v. Wells Fargo Bank, N.A.*, No. 3:15-cv-05690-RJB, 2016 WL 807806, at *2 (W.D. Wash. Mar. 2, 2016). But the court later granted Wells Fargo summary judgment. *See Titus,* 2017 WL 2443696, at *4 (W.D. Wash. June 6, 2017). The *Bridge, Cochran* and *Natividad* cases Mr. El-Shawary cites similarly only address whether a borrower pled a claim sufficient to withstand a motion to dismiss. *See Bridge v. Ocwen Fed. Sav. Bank, FSB*, 681 F.3d 355, 356-57 (6th Cir. 2012); *Cochran v. Bank of N.Y. Mellon Tr. Co., N.A.*, No. CV-15-3209-GHK-JCX, 2015 WL 4573890, at *2-4 (C.D. Cal. July 29, 2015); *Natividad v. Wells Fargo Bank, N.A.*, No. 3:12-cv-03646-JSC, 2013 WL 2299601, at *3-4 (N.D. Cal. May 24, 2013).

The court should ignore Mr. El-Shawary's comment "recent authority raises the issue as to whether Nationstar is in the position of collection a deficiency." (ECF No. 114 at 19.) Not only is his argument largely unintelligible, but there is no evidence Nationstar commenced a judicial foreclosure, let alone demanded a deficient judgment. And regardless, whether Nationstar may pursue a deficiency judgment against Mr. El-Shawary in the future is irrelevant to whether a material fact issue currently exists.

**F.     The court should grant summary judgment on the ECOA claim**

Mr. El-Shawary asks this court to allow his ECOA claim to proceed to trial because Nationstar failed to provide him with appraisal copies "promptly upon their completion as directed under ECOA." (ECF No. 114 at 20.) But he fails to identify a *single appraisal or valuation* Nationstar obtained in connection with one of his modification requests but did not provide him. (*Id.* at 20-21.) Nationstar's summary judgment evidence, on the other hand, shows (**1**) Mr. El-Shawary received a copy of the $1,885,000 valuation Nationstar utilized in denying his modification request in March 2017 in January 2017, through his housing counselor, and (**2**) Nationstar did not rely on any valuations to deny his modification requests in

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 10
Case No.  2:18-cv-01456-JCC

58855996;1

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE:  303-260-7712

The Honorable John C. Coughenour

August 20, 2016, December 24, 2016 or February 3, 2017. (ECF No. 72 at ¶¶8, 12, 15; ECF No. 73 ¶5 and Exs. 1, 2.) To the extent Mr. El-Shawary claims Nationstar obtained, but did not provide, a valuation in connection with a modification review, he fails to satisfy his summary judgment burden.

Mr. El-Shawary's statement, in the declaration he filed with his complaint, "Nationstar never provided me an appraisal [during the first foreclosure mediation] and I am still left with no real understanding why my loan could not be modified," ECF No. 2 at ¶16, is not enough to overcome summary judgment. (ECF No. 114 at 20.) Two paragraphs later in his declaration, Mr. El-Shawary concedes Nationstar informed him an "an appraisal could not be done because of the property's condition." (ECF No. 2 at ¶14.) And as he argues in his opposition, the foreclosure mediator's certificate states Nationstar "failed to obtain a full appraisal." (ECF No. 114 at 21.) But ECOA does not require Nationstar to obtain an appraisal at all. *See* 12 C.F.R. § 1002.14. It requires Nationstar to provide valuations "developed in connection with an application for credit[.]" *Id.* Complaints Nationstar did not obtain an appraisal in the first place cannot support his claim.

Mr. El-Shawary's expert's report does not save his claim. His expert has no personal knowledge about what appraisals or valuations Nationstar provided to Mr. El-Shawary and when. His expert's statement "all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true" does not change that fact. (ECF No. 114 at 21.) Mr. El-Shawary admits his expert bases his report on information he told him and documents he provided him—not first-hand knowledge of what appraisals or valuations Nationstar obtained and when. (*Id.* at 21:11-12.)

### G. The court should grant summary judgment on the negligent misrepresentation claim

As U.S. Bank and Nationstar explained in their motion, to prevail on his negligent misrepresentation claim, Mr. El-Shawary must prove six elements, including that U.S. Bank and Nationstar supplied false information to him to guide him in his business transactions and that he reasonably relied on the allegedly false information to his detriment. *See Merriman v.*

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S
MOTION FOR SUMMARY JUDGMENT - 11
Case No. 2:18-cv-01456-JCC

58855996;1

AKERMAN LLP
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712

The Honorable John C. Coughenour

*Am. Guar. & Liab. Ins. Co.*, 198 Wn. App. 594, 613, 396 P.3d 351, 360-61 (2017). Mr. El-Shawary entirely ignores the arguments U.S. Bank and Nationstar raised in their motion, including that "inducing default" is not a false statement; there is no evidence U.S. Bank or Nationstar knew or should have known they supplied information to guide Mr. El-Shawary in his business transactions; and there is no evidence Mr. El-Shawary relied on any "misrepresentation" to his detriment, let alone reasonably relied on one. (ECF No. 110 at 17-18.) He instead asks the court to allow this claim to proceed to trial because (**1**) "Nationstar made misrepresentations" and (**2**) Nationstar's "default mitigation evasion" caused damages. (ECF No. 114 at 22.) The court should decline. More is required prove a negligent misrepresentation claim. *Merriman*, 198 Wn. App. at 613, 396 P.3d at 360-61.

## IV. CONCLUSION

There is no genuine material fact issue for trial. The court should grant U.S. Bank and Nationstar summary judgment on all pending claims.

Respectfully submitted, this the 2nd day of July, 2021.

**AKERMAN LLP**

*/s/ Justin D. Balser*
Justin D. Balser, WSBA No. 56577
justin.balser@akerman.com
1900 Sixteenth Street, Suite 1700
Denver, Colorado 80202
Telephone: (303) 260-7712
Facsimile: (303) 260-7714

*Attorneys for defendants U.S. Bank National Association, as Trustee for GSR Mortgage Loan Trust 2006-4F Mortgage Pass-Through Certificates Series 2006-4F and Nationstar Mortgage LLC*

REPLY IN SUPPORT OF NATIONSTAR'S AND U.S. BANK'S MOTION FOR SUMMARY JUDGMENT - 12
Case No. 2:18-cv-01456-JCC

58855996;1

**AKERMAN LLP**
1900 SIXTEENTH STREET, SUITE 1700
DENVER, COLORADO 80202
TELEPHONE: 303-260-7712