THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GUIRGUIS EL-SHAWARY,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>US BANK NATIONAL ASSOCIATION, *et al.*,<br><br>　　　　　　　Defendants. | CASE NO. C18-1456-JCC<br><br>ORDER |

　　　　Before the Court is Plaintiff's motion for reconsideration (Dkt. No. 126) of the Court's order granting Defendants' summary judgment motion (Dkt. No. 124). Having thoroughly considered Plaintiff's motion and the relevant record, the Court hereby DENIES the motion for reconsideration for the reasons described below.

　　　　Plaintiff seeks reconsideration under Local Civil Rule 7(h) and Federal Rules of Civil Procedure 59(e) and 60(b). He asks the Court to (1) let him fix his improperly certified October 3, 2018 declaration; and (2) revisit its determination that his improperly certified declaration and the allegations in his complaint are not part of the summary judgment record. (*See* Dkt. Nos. 126 at 2, 124 at 6.)

　　　　Plaintiff seeks to fix his declaration under Rule 60(b)(1) as the product of excusable

ORDER
C18-1456-JCC
PAGE - 1

neglect. (Dkt. No. 126 at 2.)[1] In considering whether neglect is excusable, the Court considers (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact, (3) the reasons for the delay, and (4) whether the movant acted in good faith. *In re Veritas Software Corp. Sec. Litig.*, 496 F.3d 962, 973 (9th Cir. 2007). Here, the error appears in a declaration that was filed over three years ago. (*See* Dkt. No. 2.) Plaintiff's counsel says the error was likely the product of an errant copy-and-paste of the declaration signature block that occurred when counsel was adjusting to a new office setup. (Dkt. No. 127 at 1.) While the Court accepts appreciates that this may have been an honest and innocent mistake, errors in reviewing a document or conducting quality control are not excusable neglect. *See* 12 MOORE'S FED. PRAC. § 60.41[1][c][ii] (2021) (footnoting cases). Even if the Court were to consider Plaintiff's October 2018 declaration, it would not alter the Court's decision on summary judgment because, as stated in that order, a party's "own uncorroborated testimony . . . . is insufficient to create a fact issue precluding summary judgment." (Dkt. No. 124 at 9 (citing *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002); *Gomes v. Bank of America*, N.A., 2013 WL 2149743, slip op. at 1, (D. Haw. 2013), *aff'd*, 637 F. App'x 346, 346 (9th Cir. 2016)).) Plaintiff is thus not entitled to relief under Rule 60(b).

Plaintiff also seeks reconsideration under Local Rule 7(h) and Federal Rule 59(e). "Motions for reconsideration are disfavored. The [C]ourt will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or . . . of new facts or legal authority which could not have been brought to its attention earlier without reasonable diligence." Local Civ. R. 7(h)(1). The standard under Rule 59(e) is much the same. *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (relief under Rule 59(e) is proper if it is

---

[1] Although Plaintiff describes the deficient certification as a "clerical error," he invokes Rule 60(b) and not Rule 60(a). (*See generally* Dkt. No. 126 at 2.) Nor could he use Rule 60(a), because it is a mechanism for correcting an error that failed to reflect the Court's actual intention, not for the Court to change its mind on a prior decision. *See Garamendi v. Henin*, 683 F.3d 1069, 1077–79 (9th Cir. 2012).

ORDER
C18-1456-JCC
PAGE - 2

necessary to (1) prevent manifest errors of law or fact on which the judgment rests; (2) present newly discovered or previously unavailable evidence; (3) prevent manifest injustice; or (4) account for an intervening change in controlling law).

In seeking reconsideration, Plaintiff asserts that the Court "erred by excluding plaintiff's summary judgment material at Dkt. Nos. 114–123." (Dkt. No. 126 at 4.) This overstates what the Court declined to consider and understates what the Court did consider. (*See* Dkt. No. 124 at 6.) The Court considered *all* the materials that Plaintiff filed in opposing summary judgment, including his opposition brief, both declarations from his lawyer (with exhibits), and his own June 21, 2021 declaration. (Dkt. Nos. 114–118, 123.) The *only* things the Court did not consider were Plaintiff's October 2018 declaration and his superseded prior complaints. (Dkt. Nos. 1–2, 16, 54.) While Plaintiff's first complaint purports[2] to be verified under penalty of perjury, (*see* Dkt. No. 1 at 19), his third amended complaint is signed only by counsel, (*see* Dkt. No. 100 at 33–34), and he cites no authority for departing from the rule "well established in our circuit that" a superseded complaint is "treated thereafter as nonexistant." (Dkt. No. 124 at 6 (citing *Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).) Plaintiff's argument that he could present as admissible trial testimony all of the allegations in his superseded pleadings, (*see* Dkt. No. 126 at 4–5), is beside the point. Testing that assertion is what depositions are for, and the Court carefully reviewed Plaintiff's deposition transcript, (Dkt. No. 113), and concluded that it failed to create any factual issues precluding summary judgment, (*see generally* Dkt. No. 124).

---

[2] Plaintiff's verification on his original complaint is signed "*s/ George El-Shawary*" rather than with an actual signature. (Dkt. No. 1 at 19.) Under Federal Rule of Civil Procedure 5(d)(3)(C), a person's name on a signature block constitutes an actual signature if it appears on a "filing made through a person's electronic filing account and authorized by that person." But this document was filed through Plaintiff's counsel's ECF account, not Plaintiffs. (*See* ECF entry for Dkt. No. 1.) Moreover, except for *pro se* parties, "non-attorneys may not use the 's/Name convention[.]' If the original document requires the signature of a non-attorney, the filing party may (a) scan the entire document, including the signature page, (b) attach the scanned signature page to an electronic version of the filing, and/or (c) utilize an electronic signature that is recognized as valid under federal law." U.S. Dist. Ct., W.D. Wash. Elec. Filing Procedures at 9 (Apr. 22, 2021), https://www.wawd.uscourts.gov/sites/wawd/files/ECFFilingProcedures.pdf.

ORDER
C18-1456-JCC
PAGE - 3

The rest of Plaintiff's request for reconsideration consists of arguments and legal theories that already were, or could have been, presented in the summary judgment briefing. (*See* Dkt. No. 126 at 5–7 (arguing that increased arrears due to bad faith mediation delays constitutes an injury under the CPA and that Plaintiff establishes causation). "A motion for reconsideration is not a vehicle to reconsider the motion or present evidence which should have been raised before." *See, e.g.*, *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1120 (W.D. Wash. 2010) (citation omitted).

In sum, Plaintiff fails to establish the requirements for reconsideration under the Local Rules, for altering or amending a judgment under Rule 59(e), or for relief from a judgment or order under 60(b). Even if Plaintiff could establish these requirements, none of the arguments or evidence presented in his motion for reconsideration would lead the Court to a different result in deciding the summary judgment motion. Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 126) is DENIED.

DATED this 29th day of November 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE